

# SEALED

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

11

FEDERAL TRADE COMMISSION,

12

Plaintiff,

13

vs.

14

JEREMY JOHNSON, individually, as officer
of Defendants I Works, Inc., Cloud Nine, Inc.,

15

CPA Upsell, Inc., Elite Debit, Inc., Internet
Economy, Inc., Market Funding, Inc., and

16

Success Marketing, Inc.; as a member of
Defendant Network Agenda LLC; and as the

17

*de facto* principal of numerous Defendant Shell
Companies identified below;

18

19

DUANE FIELDING, individually, as an officer
of Anthon Holdings, Inc., and as a member of
Defendant Network Agenda LLC;

20

21

ANDY JOHNSON, individually, as a manager
of I Works, Inc., and as titular principal of
numerous Defendant Shell Companies

22

identified below;

23

LOYD JOHNSTON, individually, as a
manager of I Works, Inc., and as titular

24

principal of numerous Defendant Shell
Companies identified below;

25

26

SCOTT LEAVITT, individually, as a manager
of I Works, Inc., and as a principal of

Case No.: 2:10-cv-02203-RLH-GWF

**O R D E R**

(Emergency Motion for Temporary
Restraining Order–#17; Motion to
Appoint Receiver–#19)

1 | Defendant Employee Plus, Inc.; )
)
2 | SCOTT MUIR, individually and as titular )
principal of numerous Defendant Shell )
3 | Companies identified below; )
)
4 | BRYCE PAYNE, individually, as a manager )
of I Works, Inc., and as titular principal of )
5 | Defendant JRB Media, Inc., a Shell Company; )
)
6 | KEVIN PILON, individually and as titular )
principal of numerous Defendant Shell )
7 | Companies identified below; )
)
8 | RYAN RIDDLE, individually, as a former )
manager of I Works, Inc., and as titular )
9 | principal of Defendant Diamond J Media, Inc., )
a Shell Company; )
10 | )
TERRASON SPINKS, individually and as )
11 | principal of Defendant Jet Processing, Inc., a )
Shell Company; and )
12 | )
I WORKS, INC., et al., )
13 | )
Defendants. )
14 | _____ )

15 | **TEMPORARY RESTRAINING ORDER**

16 | Plaintiff, the Federal Trade Commission ("FTC" or "Commission") has filed its

17 | Complaint pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b),

18 | alleging that Defendants Jeremy Johnson, Duane Fielding, Andy Johnson, Loyd Johnston, Scott

19 | Leavitt, Scott Muir, Bryce Payne, Kevin Pilon, Ryan Riddle, Terrason Spinks, I Works, Inc.,

20 | Anthon Holdings Corp., Cloud Nine Marketing, Inc., CPA Upsell, Inc., Elite Debit, Inc.,

21 | Employee Plus, Inc., Internet Economy, Inc., Market Funding Solutions, Inc., Network Agenda,

22 | LLC, Success Marketing, Inc., Big Bucks Pro, Inc., Blue Net Progress, Inc., Blue Streak

23 | Processing, Inc., Bolt Marketing, Inc., Bottom Dollar, Inc., Bumble Marketing, Inc., Business First

24 | Inc., Business Loan Success, Inc., Cold Bay Media, Inc., Costnet Discounts, Inc., CS Processing,

25 | Inc., Cutting Edge Processing, Inc., Diamond J Media, Inc., Ebusiness First, Inc., Ebusiness

26 | Success, Inc., Ecom Success, Inc., Excess Net Success, Inc., Fiscal Fidelity, Inc., Fitness

AO 72
(Rev. 8/82)

1  Processing, Inc., Funding Search Success, Inc., Funding Success, Inc., GG Processing, Inc., GGL

2  Rewards, Inc., Highlight Marketing, Inc., Hooper Processing, Inc., Internet Business Source, Inc.,

3  Internet Fitness, Inc., Jet Processing, Inc., JRB Media, Inc., LifeStyles for Fitness, Inc., Mist

4  Marketing, Inc., Money Harvest, Inc., Monroe Processing, Inc., Net Business Success, Inc., Net

5  Commerce, Inc., Net Discounts, Inc., Net Fit Trends, Inc., Optimum Assistance, Inc., Power

6  Processing, Inc., Premier Performance, Inc., Pro Internet Services, Inc., Razor Processing, Inc.,

7  Rebate Deals, Inc., Revive Marketing, Inc., Simcor Marketing, Inc., Summit Processing, Inc., The

8  Net Success, Inc., Tranfirst, Inc., Tran Voyage, Inc., Unlimited Processing, Inc., and xCel

9  Processing, Inc. (collectively, "Defendants"), have engaged in violations of:  Section 5(a) of the

10  FTC Act, 15 U.S.C. § 45; Section 917(c) of the Electronic Fund Transfer Act, 15 U.S.C. §

11  1693o(a) ("EFTA"); and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) ("Regulation

12  E").

13         The Commission has moved for a temporary restraining order with asset freeze on

14  certain Defendants and appointment of a Receiver pursuant to Rule 65(b) of the Federal Rules of

15  Civil Procedure, Fed. R. Civ. P. 65(a) and Local Rule 66-2.

16         The Court, having considered the Complaint, the motion for a Temporary

17  Restraining Order, and the declarations, exhibits, and the memorandum of points and authorities in

18  support of the motion, and being otherwise advised, makes the following findings of fact and

19  conclusions of law:

20                                          **FINDINGS**

21  1.     This is an action by the Commission instituted under Section 13(b) of the FTC Act, 15

22  U.S.C. § 53(b) and EFTA, 15 U.S.C. § 1693o(c).  The Commission has authority to seek the relief

23  contained herein.

24  2.     The Commission's Complaint states a claim upon which relief may be granted under

25  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 907(a) of EFTA, 15 U.S.C. § 1693e(a),

26  and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

3.     This Court has jurisdiction of the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

4.     There is good cause to believe that irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, or other disposition or concealment by Jeremy Johnson and the Corporate Defendants of assets or records unless Jeremy Johnson and the Corporate Defendants are immediately restrained and enjoined by Order of this Court.

5.     Good cause exists for the (a) the appointment of a Temporary Receiver for the Corporate Defendants and the assets of Jeremy Johnson, (b) the freezing of the assets of Jeremy Johnson and the Corporate Defendants, and (c) ancillary equitable relief.

6.     In accordance with Fed. R. Civ. P. 65(a), good cause and the interests of justice require that this Order be entered.

7.     Weighing the equities and considering the FTC's likelihood of ultimate success, the Court finds that a Temporary Restraining Order including a freeze on the assets of Jeremy Johnson and the Corporate Defendants, appointment of a Temporary Receiver, and other equitable relief is in the public interest; and

8.     As an agency of the United States, no security is required of the Commission for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

9.     The Court also finds that the Commission has properly submitted a certification in accordance with Fed. R. Civ. P. 65(b).

## ORDER
## DEFINITIONS

For the purpose of this Temporary Restraining Order, the following definitions shall apply:

1.     **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes,

AO 72
(Rev. 8/82)

1  accounts, credits, contracts, receivables, shares of stock, and cash, wherever any such asset is

2  located, whether in the United States or abroad.

3  2.  **"Corporate Defendants"** means I Works, Inc., Anthon Holdings Corp., Cloud Nine

4  Marketing, Inc., CPA Upsell, Inc., Elite Debit, Inc., Employee Plus, Inc., Internet Economy, Inc.,

5  Market Funding Solutions, Inc., Network Agenda, LLC, Success Marketing, Inc., Big Bucks Pro,

6  Inc., Blue Net Progress, Inc., Blue Streak Processing, Inc., Bolt Marketing, Inc., Bottom Dollar,

7  Inc., Bumble Marketing, Inc., Business First Inc., Business Loan Success, Inc., Cold Bay Media,

8  Inc., Costnet Discounts, Inc., CS Processing, Inc., Cutting Edge Processing, Inc., Diamond J

9  Media, Inc., Ebusiness First, Inc., Ebusiness Success, Inc., eCom Success, Inc., Excess Net

10  Success, Inc., Fiscal Fidelity, Inc., Fitness Processing, Inc., Funding Search Success, Inc., Funding

11  Success, Inc., GG Processing, Inc., GGL Rewards, Inc., Highlight Marketing, Inc., Hooper

12  Processing, Inc., Internet Business Source, Inc., Internet Fitness, Inc., Jet Processing, Inc., JRB

13  Media, Inc., LifeStyles for Fitness, Inc., Mist Marketing, Inc., Money Harvest, Inc., Monroe

14  Processing, Inc., Net Business Success, Inc., Net Commerce, Inc., Net Discounts, Inc., Net Fit

15  Trends, Inc., Optimum Assistance, Inc., Power Processing, Inc., Premier Performance, Inc., Pro

16  Internet Services, Inc., Razor Processing, Inc., Rebate Deals, Inc., Revive Marketing, Inc., Simcor

17  Marketing, Inc., Summit Processing, Inc., The Net Success, Inc., Tranfirst, Inc., Tran Voyage, Inc.,

18  Unlimited Processing, Inc., and xCel Processing, Inc. and by whatever other names each may be

19  known, and any subsidiaries, affiliates, any fictitious business entities or business names created or

20  used by these entities, or any of them, and their successors and assigns, individually, collectively,

21  or in any combination.

22  3.  **"Defendants"** means the Corporate Defendants and the Individual Defendants,

23  individually, collectively, or in any combination.

24  4.  **"Document"** is synonymous in meaning and equal in scope to the usage of the term in

25  Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet

26  sites, Webpages, Websites, electronic correspondence, including e-mail and instant messages,

AO 72
(Rev. 8/82)

1   photographs, audio and video recordings, contracts, accounting data, advertisements (including,

2   but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access

3   Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records,

4   handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business

5   canceled checks and check registers, bank statements, appointment books, computer records, and

6   other data compilations from which information can be obtained and translated.  A draft or

7   non-identical copy is a separate document within the meaning of the term.

8   5.   "**Financial Institution**" means any bank, savings and loan institution, credit union,

9   merchant bank, or any financial depository of any kind including but not limited to, any brokerage

10  house, trustee, broker-dealer, casinos or online casino gaming services, escrow agent, title

11  company, commodity trading company, or precious metal dealer.

12  6.   **Individual Defendants**" means Jeremy Johnson, Duane Fielding, Andy Johnson, Loyd

13  Johnston, Scott Leavitt, Scott Muir, Bryce Payne, Kevin Pilon, Ryan Riddle, and Terrason Spinks,

14  individually, collectively, or in any combination.

15  7.   "**Payment Processor**" means any person providing any payment processing services in

16  connection with the sale or purchase of Products, including, but not limited to, merchant banks,

17  depository financial institutions, third-party processors, independent sales organizations, data

18  processing service bureaus, and any others who provide services to verify, correct, transmit, or

19  update account or bank routing data or formats.

20  8.   "**Person**" means a natural person, organization, or other legal entity, including a

21  corporation, partnership, proprietorship, association, cooperative, government or governmental

22  subdivision or agency, or any other group or combination acting as an entity.

23  9.   "**Plaintiff**" or "**Commission**" or "**FTC**" means the Federal Trade Commission.

24  10.  "**Product**" means products, goods, and services, and includes online memberships.

25  11.  "**Temporary Receiver**" means the person appointed pursuant to Section VIII of this Order.

26

6

12.     "**Receivership Defendants**" means the Corporate Defendants and the assets of Jeremy Johnson.

13.     "**Representatives**" mean Defendants' officers, agents, servants, employees, salespersons, independent contractors, attorneys, and any other person in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise.

14.     The words "**and**" and "**or**" shall be understood to have both conjunctive and disjunctive meanings.

## I.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Jeremy Johnson, the Corporate Defendants, and all other Persons who receive notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, whether within the United States or within a jurisdiction outside the United States, that are:

   1.     owned or controlled by Jeremy Johnson or any Corporate Defendant, in whole or in part;

   2.     held for the benefit of Jeremy Johnson or any Corporate Defendant, in whole or in part;

   3.     in the actual or constructive possession of Jeremy Johnson or any Corporate Defendant, in whole or in part;

   4.     held by an agent of Jeremy Johnson or any Corporate Defendant as a retainer for the agent's provision of services to Defendants;

7

5.   held in any account for which Jeremy Johnson is an authorized signer; or

6.   owned, controlled by, or in the actual or constructive possession of any corporation, partnership, Trust, or other entity directly or indirectly owned, managed, or controlled by Jeremy Johnson or any Corporate Defendant, or of which Jeremy Johnson or any Corporate Defendant is an Officer, Director, Member, or Manager, including, but not limited to, any assets held by or for, or subject to access by, Jeremy Johnson or any Corporate Defendant, at any Financial Institution, or with any other Person including Payment Processors, broker-dealers, escrow agents, title companies, commodity trading companies, precious metals dealers, or other depositories of any kind;

B.   Opening or causing to be opened any safe deposit boxes titled in the name of Jeremy Johnson or any Corporate Defendant, or subject to access by Jeremy Johnson or any Corporate Defendant;

C.   Incurring charges or cash advances on any credit or bank card issued in the name, individually, jointly, or severally, of Jeremy Johnson or any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Jeremy Johnson or any Corporate Defendant or of which Jeremy Johnson or any Corporate Defendant is an Officer, Director, Member or Manager. This includes, but is not limited to any corporate credit or bank card account for which Jeremy Johnson is an authorized signer;

D.   Obtaining a personal or secured loan encumbering the assets of Jeremy Johnson or any Corporate Defendant; and

E.   Incurring liens or other encumbrances on real property, personal property, or other assets titled in the name, individually, jointly, or severally, of Jeremy Johnson or any Corporate Defendant or titled in the name of any corporation, partnership, or

8

AO 72
(Rev. 8/82)

1        other entity directly or indirectly owned, managed, or controlled by Jeremy Johnson

2        or any Corporate Defendant, or of which Jeremy Johnson or any Corporate

3        Defendant is an Officer, Director, Member or Manager.

4       *Provided that* the assets affected by this Section shall include:  (1) all assets of Jeremy

5    Johnson and each Corporate Defendant as of the time this Order was entered; and (2) assets

6    obtained after the time this Order was entered if the assets are derived from the conduct alleged in

7    the Commission's Complaint.

8                      **II.**

9           **DUTIES OF ASSET HOLDERS**

10       **IT IS FURTHER ORDERED** that, pending determination of the Commission's request

11    for a permanent injunction, any Financial Institution or brokerage institution, credit card

12    processing company, Payment Processor, merchant bank, acquiring bank, independent sales

13    organization, business entity, or Person served with a copy of this Order that:  (a) holds, controls

14    or maintains custody of any account or asset held in the name of or for the benefit of Jeremy

15    Johnson or any Corporate Defendant; (b) holds, controls, or maintains custody of any asset

16    associated with credit or debit card charges made by or on behalf of Jeremy Johnson or any

17    Corporate Defendant, including but not limited to, reserve funds held by Payment Processors; (c)

18    has held, controlled, or maintained custody of any such account or asset at any time since the date

19    of entry of this Order; or (d) holds an account or asset over which Jeremy Johnson or any

20    Corporate Defendant is authorized to assert access to or control over, shall:

21        A.    hold and retain within its control and prohibit the withdrawal, removal, assignment,

22             transfer, pledge, hypothecation, encumbrance, disbursement, dissipation,

23             conversion, sale, or other disposal of any such asset, including through

24             chargebacks, except by further order of the Court;

25        B.    Deny any Person, except the Temporary Receiver acting pursuant to Section IX of

26             this Order access to any safe deposit box that is:

AO 72
(Rev. 8/82)

1.    titled in the name, individually, jointly, or severally, of Jeremy Johnson or any Corporate Defendant, or

2.    is otherwise subject to access by Jeremy Johnson or any Corporate Defendant;

C.    Provide the FTC's counsel and the Temporary Receiver, within ten (10) days of receiving a copy of this Order, a sworn statement setting forth:

    1.    the identification number of each such account or asset

        a.    titled in the name, individually, jointly, or severally, of Jeremy Johnson or any Corporate Defendant,

        b.    held on behalf of, or for the benefit of, Jeremy Johnson or any Corporate Defendant, or

        c.    associated with credit or debit card charges made by or on behalf of Jeremy Johnson or any Corporate Defendant;

    2.    the balance of each such account, or a description of the nature and value of each such asset, as of the close of business on the day on which this Order is served, and, if the account or other has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person to whom such account or asset was remitted; and

    3.    the identification of any safe deposit box that is either titled in the name, individually, jointly, or severally, of Jeremy Johnson or any Corporate Defendant, or is otherwise subject to access by Jeremy Johnson or any Corporate Defendant; and

D.    Upon request by the FTC and/or the Temporary Receiver, promptly provide the FTC and the Temporary Receiver with copies of all records or other documentation pertaining to each such account or asset, including but not limited to, originals or

AO 72
(Rev. 8/82)

1   copies of account applications, account statements, signature cards, checks, drafts,

2   deposit tickets, transfers to and from the accounts, including wire transfers and wire

3   transfer instructions, all other debit and credit instruments or slips, currency

4   transaction reports, 1099 forms, and safe deposit box logs.

### III.

### FINANCIAL STATEMENTS

7   **IT IS FURTHER ORDERED** that each Corporate Defendant and Individual Defendant

8   Jeremy Johnson shall, within ten (10) days of service of this Order upon them, prepare and deliver

9   to counsel for the FTC and to the Temporary Receiver completed financial statements on the forms

10  attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for

11  Individual Defendant Jeremy Johnson, and **Attachment B** (Financial Statement of Corporate

12  Defendant), for each business entity under which such Corporate Defendants or Individual

13  Defendant Jeremy Johnson conduct business or of which they are an officer, and for each trust for

14  which such Defendant is a trustee or co-trustee.  The financial statements shall be accurate as of

15  February 18, 2010, (the date on which the FTC informed Defendants I Works and Jeremy Johnson

16  that they were likely to be targets of a law enforcement action and admonished them not to transfer

17  or expend assets outside of the ordinary course of business) and further, shall include clearly

18  designated supplementary information accounting for all changes in such Defendant's assets and

19  liabilities between February 18, 2010 and the date of entry of this Order.  Each such Defendant

20  shall include in the financial statements a full accounting of all funds and assets, whether located

21  inside or outside of the United States, that are:  (a) titled in the name of such Defendant

22  individually, jointly, or severally; (b) held by any person or entity for the benefit of such

23  Defendant; or (c) under the direct or indirect control of such Defendant.

24  ///

25  ///

26  ///

11

## IV.

## REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within ten (10) days of service of this Order, Jeremy Johnson and each Corporate Defendant shall:

A.  Provide the Commission and the Temporary Receiver with a full accounting of all funds, documents, and assets outside of the United States that are: (1) titled in the name, individually, jointly, or severally, of Jeremy Johnson or any Corporate Defendant; (2) held by any Person for the benefit of Jeremy Johnson or any Corporate Defendant; or (3) under the direct or indirect control, whether individually, jointly, or severally, of Jeremy Johnson or any Corporate Defendant;

B.  Transfer to the territory of the United States and deliver to the Temporary Receiver all funds, documents, and assets located in foreign countries that are: (1) titled in the name individually, jointly, or severally, of Jeremy Johnson or any Corporate Defendant; (2) held by any person for the benefit of Jeremy Johnson or any Corporate Defendant; or (3) under the direct or indirect control, whether individually, jointly, or severally of Jeremy Johnson or any Corporate Defendant; and

C.  Provide the FTC and Temporary Receiver access to all records of accounts or assets of Jeremy Johnson or any Corporate Defendant held by Financial Institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as **Attachment C**.

## V.

## NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Jeremy Johnson, the Corporate Defendants, and their Representatives, whether acting directly or through any corporation, partnership, limited liability company, subsidiary, branch, division, sole proprietorship, or other entity, are hereby preliminarily

12

restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section IV of this Order, including but not limited to:

A.     Sending any statement, letter, fax, e-mail, text message, instant message, or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section IV of this Order;

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section IV of this Order.

## VI.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency shall promptly furnish consumer reports as requested concerning any Corporate Defendant or Individual Defendant Jeremy Johnson to the counsel for the Commission.

## VII.

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Corporate Defendants, Individual Defendant Jeremy Johnson, and their Representatives, whether acting directly or through any corporation, partnership, limited liability company, subsidiary, branch, division, sole proprietorship, or other entity, are hereby preliminarily restrained and enjoined from:

A.     Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, documents that relate to the

AO 72
(Rev. 8/82)

1   business, business practices, assets, or business or personal finances of any

2   Defendant; and

3   B.   Failing to create and maintain documents that, in reasonable detail, accurately,

4   fairly, and completely reflect Defendants' incomes, disbursements, transactions,

5   and use of money.

### VIII.

### APPOINTMENT OF A TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that ROBB EVANS of ROBB EVANS and

ASSOCIATES, LLC, is appointed as Temporary Receiver for the Corporate Defendants and the

assets of Jeremy Johnson (the "Receivership Defendants"). The Temporary Receiver shall be the

agent of this Court, and solely the agent of this Court, in acting as Temporary Receiver under this

Order. The Temporary Receiver shall be accountable directly to this Court.

### IX.

### TEMPORARY RECEIVER'S DUTIES

**IT IS FURTHER ORDERED** that the Temporary Receiver is authorized and directed to

accomplish the following:

A.   Assume full control of the Receivership Defendants by removing, as the Temporary

Receiver deems necessary or advisable, any director, officer, independent

contractor, employee, or agent of the Receivership Defendants, including any

Defendant, from control of, management of, or participation in, the affairs of the

Receivership Defendants;

B.   Take exclusive custody, control, and possession of all assets and documents of, or

in the possession, custody, or under the control of, the Corporate Defendants,

wherever situated, including an inventory of all property of Individual Defendant

Jeremy Johnson, wherever situated. The Temporary Receiver shall have full power

to divert mail, control the phone numbers, control and/or take down websites, and

AO 72
(Rev. 8/82)

1    to sue for, collect, receive, take in possession, hold, and manage all assets and

2    documents of the Corporate Defendants and other Persons or entities whose

3    interests are now under the direction, possession, custody, or control of, the

4    Corporate Defendants.  The Temporary Receiver shall assume control over the

5    income and profits therefrom and all sums of money now or hereafter due or owing

6    to the Corporate Defendants;

7    C.   Take exclusive custody, control, and possession of the assets and income of

8    Individual Defendant Jeremy Johnson. *Provided that* the Temporary Receiver shall

9    not use such assets or income to pay any obligations incurred by Individual

10   Defendant Jeremy Johnson or others prior to or after the date of entry of this Order,

11   and shall not otherwise be liable to pay such obligations. *Provided, however*, that

12   the Temporary Receiver may authorize, in writing, Individual Defendant Jeremy

13   Johnson to maintain possession of particular assets of Individual Defendant Jeremy

14   Johnson.  The Temporary Receiver may revoke such authorization at any time.

15   *Provided, further*, that the Receiver is not obligated to pay the rent, mortgage, or

16   other obligations of the Individual Defendant Jeremy Johnson. *Notwithstanding the*

17   *authority of this paragraph*, the Temporary Receiver shall not, without further

18   order of this Court:  (1) take physical possession of or sell Individual Defendant

19   Jeremy Johnson's residence located at **1673 Cliff Rose Dr., St. George, UT 84790**,

20   personal property located at such residence, or vehicles registered in Johnson's

21   name; (2) divert mail addressed to Johnson at such residence; or (3) take control of

22   any bank account opened after the entry of this Order into which Johnson has only

23   deposited monies earned after the date of this Order and that are not derived from

24   an activity alleged in the FTC's complaint;

25   ///

26   ///

15

AO 72
(Rev. 8/82)

D.   Take all steps necessary to secure each location from which the Receivership Defendants operate.  Such steps may include, but are not limited to, any of the following, as the Temporary Receiver deems necessary or advisable:

    1.   serving this Order;

    2.   completing a written inventory of all Receivership assets;

    3.   obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent;

    4.   photographing and video taping any or all portions of the location;

    5.   securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and

    6.   requiring any Persons present on the premises at the time this Order is served to leave the premises, to provide the Temporary Receiver with proof of identification, or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants.

*Provided that* law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Temporary Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Temporary Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so.

E.   Conserve, hold, and manage all assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those assets in order to

16

1    prevent any irreparable loss, damage, or injury to consumers or creditors of the

2    Receivership Defendants, including, but not limited to, obtaining an accounting of

3    the assets and preventing the unauthorized transfer, withdrawal, or misapplication

4    of assets;

5  F.    As to the Corporate Defendants, enter into and cancel contracts, and purchase

6    insurance as advisable or necessary;

7  G.    Prevent the inequitable distribution of assets and determine, adjust, and protect the

8    interests of consumers and creditors who have transacted business with the

9    Receivership Defendants;

10  H.    Manage and administer the business of the Receivership Defendants, except any

11    business that Individual Defendant Jeremy Johnson enters into after the entry of this

12    Order, until further order of this Court by performing all incidental acts that the

13    Temporary Receiver deems to be advisable or necessary, which includes but is not

14    limited to:  retaining, hiring, or dismissing any employees, independent contractors,

15    or agents;

16  I.    Prevent the destruction or erasure of any web page or website registered to or

17    operated, in whole or in part, by Receivership Defendants;

18  J.    Take all steps necessary to ensure that any of Receivership Defendants' web pages

19    or websites for any Grant Product or Investment Opportunity:  (1) cannot be

20    accessed by the public, or (2) are modified for consumer education and/or

21    informational purposes;

22  K.    Choose, engage, and employ attorneys, accountants, appraisers, and other

23    independent contractors and technical specialists, as the Temporary Receiver deems

24    advisable or necessary in the performance of duties and responsibilities under the

25    authority granted by this Order;

26  ///

L.   Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Temporary Receiver deems necessary or advisable to secure assets of the Receivership Defendants;

M.   Suspend business operations of any or all Corporate Defendants if in the judgment of the Temporary Receiver such operations cannot be continued legally and profitably;

N.   Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Temporary Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

O.   Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Temporary Receiver in his role as Temporary Receiver, or against the Receivership Defendants, as the Temporary Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or as the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

P.   Issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate;

///

18

AO 72
(Rev. 8/82)

Q.  Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Temporary Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from such an account.  The Temporary Receiver shall serve copies of monthly account statements on all parties;

R.  Maintain accurate records of all receipts and expenditures that he makes as Temporary Receiver;

S.  Allow the FTC's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Corporate Defendants, or any premises where the Corporate Defendants conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Defendants or their agents.  The Temporary Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.  *However*, absent further order of this Court, the Temporary Receiver shall not have access to, nor the authority to grant the FTC's representatives, agents, and assistants, as well as Defendants' representatives and Defendants access to Individual Defendant Jeremy Johnson's residence located at **1673 Cliff Rose Dr., St. George, UT 84790**.  Provided, further, nothing in this paragraph shall be construed as allowing the Temporary Receiver to, absent further order of this Court, restrict the access of Individual Defendant Jeremy Johnson to his residence located at **1673 Cliff Rose Dr., St. George, UT 84790**;

T.  Allow the Commission's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to Documents in the possession, custody, or control of the Receivership Defendants,

AO 72
(Rev. 8/82)

1    including but not limited to, books, records, tapes, discs, accounting data, checks,

2    correspondence, forms, advertisements, brochures, manuals, electronically-stored

3    data, banking records, customer lists, customer files, invoices, telephone records,

4    ledgers, payroll records, and any other Document or record that relates to the

5    business practices or finances of the Receivership Defendants, including

6    electronically-stored information (such as electronic mail and instant messages);

7    and

8    U.    Cooperate with reasonable requests for information or assistance from any state or

9    federal law enforcement agency.

10    **X.**

11    **TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

12    **IT IS FURTHER ORDERED** that Defendants and any other Person with possession,

13    custody or control of property of or records relating to the Receivership Defendants shall, upon

14    notice of this Order by personal service or otherwise, immediately notify the Temporary Receiver

15    of, and, upon receiving a request from the Temporary Receiver, immediately transfer or deliver to

16    the Temporary Receiver possession, custody, and control of, the following:

17    A.    all assets of the Receivership Defendants;

18    B.    all documents of the Receivership Defendants, including, but not limited to, books

19    and records of accounts, all financial and accounting records, balance sheets,

20    income statements, bank records (including monthly statements, canceled checks,

21    records of wire transfers, and check registers), client lists, title documents, and

22    other papers;

23    C.    all computers, mobile phones, and other devices and data in whatever form used to

24    conduct the business of the Receivership Defendants;

25    D.    all assets belonging to other Persons whose interests are now under the direction,

26    possession, custody, or control of, the Receivership Defendants;

20

AO 72
(Rev. 8/82)

E.    all keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

F.    all information and documentation necessary to access and modify the content on any web page or website that Receivership Defendants own and control, operate, or host, in whole or in part.

*Provided that* in the event that any Person fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Temporary Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the Affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Temporary Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other item covered by this Section and to deliver it to the Temporary Receiver.

## XI.

### PROVISION OF INFORMATION TO TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall provide to the Temporary Receiver, immediately upon request, the following:

A.    a list of all assets and property, including accounts, of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or by any Person other than a Receivership Defendant; and

B.    a list of all agents, employees, officers, servants or those persons in active concert and participation with the Defendants who have been associated or done business with the Receivership Defendants since 2006.

///

21

## XII.

### COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their Representatives, and all other Persons who receive notice of this Order by personal service or otherwise, shall fully cooperate with and assist the Temporary Receiver in taking and maintaining possession, custody, or control of the assets of the Receivership Defendants.  This cooperation and assistance shall include, but not be limited to:   (a) providing information to the Temporary Receiver that the Temporary Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Temporary Receiver under this Order; (b) providing any password required to access any computer, electronic file, or telephonic data in any medium; (c) providing the Temporary Receiver all information and documentation necessary to access and modify the content on any web page or website that the Receivership Defendants or any of their successors or assigns, in whole or in part, own and control, operate, or host; (d) advising all Persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver; and (e) transferring funds at the Temporary Receiver's direction and producing records related to the assets and sales of the Receivership Defendants.  The Persons obligated to cooperate with the Temporary Receiver under this provision include, but are not limited to, Financial Institutions, broker-dealers, savings and loans, escrow agents, casinos or online casino gaming services, title companies, commodity trading companies, precious metals dealers, and depositories of any kind; third-party billing agents, including but not limited to Payment Processors and independent sales organizations; and telecommunications companies, including all common carriers, that have transacted business with the Receivership Defendants since 2006.

## XIII.

### INTERFERENCE WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants and their Representatives,  whether acting directly or through any corporation, partnership, limited liability company, subsidiary, branch,

22

division, sole proprietorship, or other entity, and all other persons are hereby preliminarily restrained and enjoined from directly or indirectly:

A.   interfering with the Temporary Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this Receivership;

B.   transacting any of the business of the Receivership Defendants;

C.   transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Temporary Receiver;

D.   refusing to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court; and

E.   failing to provide the Temporary Receiver all information and documentation necessary to access and modify the content on any web page or website that the Receivership Defendants, or any of their successors or assigns, in whole or in part, own and control, operate, or host.

## XIV.

## STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during pendency of the receivership ordered herein, Defendants and their Representatives, whether acting directly or through any corporation, partnership, limited liability company, subsidiary, branch, division, sole proprietorship, or other entity, and all investors, creditors, stockholders, lessors, customers and other Persons seeking to establish or enforce any claim, right, or interest against or on behalf of any Receivership Defendant, and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants, including, but not limited to:

AO 72
(Rev. 8/82)

A.  petitioning, or assisting in the filing of a petition, that would cause any Corporate Defendant to be placed in bankruptcy;

B.  commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against any Receivership Defendant, including the issuance or employment of process against any Receivership Defendant, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.  filing or enforcing any lien or attachment on any asset of any Receivership Defendant, taking or attempting to take possession, custody, or control of any asset of any Receivership Defendant; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of any Receivership Defendant, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

D.  initiating any other process or proceeding that would interfere with the Temporary Receiver managing or taking custody, control, or possession of, the assets or documents subject to this Receivership. *Provided that* this Order does not stay: (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XV.

## COMPENSATION OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held

24

by, in the possession or control of, or which may be received by, the Receivership Defendants. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XVI.

### TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of **$10,000** with sureties to be approved by the Court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754.

## XVII.

### DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of the Order to each Marketing Affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client company, marketing partner, servant, attorney, spouse, subsidiary, division, and Representative of any Defendant, and to each Payment Processor, independent sales organization, and Financial Institution with which the Corporate Defendants or Individual Defendant Jeremy Johnson have conducted business, and shall, within ten (10) days from the date of entry of this Order, provide the FTC with a sworn statement that Defendants have complied with provision of the Order, which statement shall include the names and addresses of each such Person who received a copy of this Order. Furthermore, Corporate Defendants and Individual Defendant Jeremy Johnson shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other Persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

AO 72
(Rev. 8/82)

## XVIII.

### SERVICE BY FACSIMILE AND EMAIL AUTHORIZED

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and email, upon any Financial Institution, Payment Processor, or other Person that may have possession, custody, or control of any documents or assets of any Corporate Defendants or Individual Defendant Jeremy Johnson Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any Financial Institution shall effect service upon the entire Financial Institution.

## XIX.

### SERVICE UPON PLAINTIFF

**IT IS FURTHER ORDERED** that the Corporate Defendants, Individual Defendant Jeremy Johnson, and all other interested Persons shall serve all pleadings, memoranda, correspondence, affidavits, declarations, or other documents related to this Order by ECF, E-mail, facsimile transmission to (202) 326-3395, by hand delivery, or by overnight shipment through a third-party commercial carrier to the offices of the Federal Trade Commission, at 600 Pennsylvania Avenue, NW, Room H-286, Washington, DC 20580, and addressed to the attention of Collot Guerard, unless the parties agree to an alternate means of service.

## XX.

### EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, pursuant to Federal Rules of Civil Procedure Rules 30(a), 31(a), 33(a), 34(a), and 45, the Commission and the Temporary Receiver are granted leave, at any time after entry of this Order:

    A.    to take the deposition (including depositions upon written notice), on forty-eight (48) hours' notice, of any Person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of the Receivership Defendants and the nature and location of documents reflecting the business

transactions of Defendants.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Paragraph.  Any such depositions taken pursuant to this Paragraph shall not be counted toward the ten-deposition limit set forth in Fed. R. Civ. P.30(a)(2)(A)and 31(a)(2)(A);

B.  to demand the production of documents, on seventy-two (72) hours' notice, from any Person, whether or not a party, relating to the nature, location, status, or extent of the assets of the Receivership Defendants, and the location of documents reflecting the business transactions of Defendants; *provided, however*, that twenty four (24) hours' notice shall be sufficient for the production of any such documents that are maintained or stored as electronically-stored information;

C.  to demand from any party, on seventy-two (72) hours' notice, responses to up to fifteen (15) interrogatories (including all discrete subparts that require answers), relating to the nature, location, status, or extent of the assets of the Receivership Defendants, and the location of documents reflecting the business transactions of Defendants.  Any such interrogatories taken pursuant to this Paragraph shall not count toward the limit of twenty-five interrogatories (including all discrete subparts) set forth in Fed. R. Civ. P. 33(a)(1);

D.  service of a discovery request upon a Person, whether a party or nonparty, taken pursuant to this Paragraph, shall be sufficient if made by facsimile or by overnight delivery; such service may instead be effectuated by alternate means as agreed upon by the FTC or the Temporary Receiver and the person to whom the discovery request is made; and

E.  service by a Person, whether a party or nonparty, of a response to a discovery request issued pursuant to this Paragraph shall be made by facsimile or overnight delivery; such service may instead be effectuated by alternate means as agreed upon

27

by the FTC or the Temporary Receiver and the person to whom the discovery request is made.

## XXI.

### ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that each Defendant shall appear before this Court on the **25th day of January, 2011, at 1:30 p.m. at the Lloyd D. George United States Courthouse, United States District Court for Nevada, 333 Las Vegas Blvd. S., Las Vegas, Nevada, 89101, Courtroom 6C**, to show cause, if any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint, against said Defendants enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the TSR, 16 C.F.R. Part 310, continuing the freeze of the Corporate Defendants' and Jeremy Johnson's Assets, permanently continuing the Receivership, and imposing such additional relief as may be appropriate.

## XXII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 13th day of January, at 5:00 p.m., Pacific Daylight Time.

Kent J. Dawson
United States District Judge

# Attachment A

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.  "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5.  Type or print legibly.

6.  Initial each page in the space provided in the lower right corner.

7.  Sign and date the completed financial statement on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

> (1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

> (2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

> (3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.        Information About You

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

### Item 2.        Information About Your Spouse or Live-In Companion

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

### Item 3.        Information About Your Previous Spouse

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

### Item 4.        Contact Information

Page 2                                                                    Initials _____

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

## Item 5.       Information About Dependents Who Live With You

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

## Item 6.       Information About Dependents Who Do Not Live With You

‣Name & Address _____

Date of Birth _____ Relationship _____ Social Security No. _____

‣Name Address _____

Date of Birth _____ Relationship _____ Social Security No. _____

‣Name & Address _____

Date of Birth _____ Relationship _____ Social Security No. _____

## Item 7.       Employment Information

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

‣Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

## Item 7. continued

Income Received: This year-to-date: $_____     _____: $_____

    20____: $_____     _____: $_____

    _____: $_____     _____: $_____

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received: This year-to-date: $_____     _____: $_____

    20____: $_____     _____: $_____

    _____: $_____     _____: $_____

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received: This year-to-date: $_____     _____: $_____

    20____: $_____     _____: $_____

    _____: $_____     _____: $_____

## Item 8.    Pending Lawsuits Filed by You or Your Spouse

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

## Item 9.    Pending Lawsuits Filed Against You or Your Spouse

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

Initials _____

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

<u>**Item 10.**</u>             **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| <u>Owner's Name</u> | <u>Name & Address of Depository Institution</u> | <u>Box No.</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

<u>**Item 11.**</u>       **Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

‣Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

‣Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

‣Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER:** "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

<u>**Item 12.**</u>　　　　**Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand  $ _____  Cash Held For Your Benefit  $ _____

| <u>Name on Account</u> | <u>Name & Address of Financial Institution</u> | <u>Account No.</u> | <u>Current Balance</u> |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

<u>**Item 13.**</u>　　　　**U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| <u>Name on Account</u> | <u>Type of Obligation</u> | <u>Security Amount</u> | <u>Maturity Date</u> |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |

<u>**Item 14.**</u>　　**Publicly Traded Securities and Loans Secured by Them**

Page 6　　　　　　　　　　　　　　　　　　　　Initials _____

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

## Item 15.        Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

## Item 16.        Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

## Item 17.        Other Amounts Owed to You, Your Spouse, or Your Dependents

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.**     **Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

**Item 19.**     **Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

**Item 20.**     **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 21.**      **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 21. Continued**

▸Vehicle Type _____ Make _____ Model _____ Year _____

       Initials _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 22.        Real Property

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 23.        Credit Cards

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

## Item 24.     Taxes Payable

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

## Item 25.     Judgments or Settlements Owed

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party`s Name & Address _____

Court`s Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date _____ Amount $ _____

**Item 26.**    **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____


## OTHER FINANCIAL INFORMATION


**Item 27.**    **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |


**Item 28.**    **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |


**Item 29.**    **Trusts and Escrows**

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

### Item 30.     Transfers of Assets

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 31.**    **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | Other Liabilities (Itemize) | |
| Deferred Income Arrangements (Item 19) | $_____ | _____ | $_____ |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| Other Assets (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Initials _____

**Item 32.** **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $ _____ | Mortgage Payments for Residence(s) | $ _____ |
| Fees, Commissions, and Royalties | $ _____ | Property Taxes for Residence(s) | $ _____ |
| Interest | $ _____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ _____ |
| Dividends and Capital Gains | $ _____ | Car or Other Vehicle Lease or Loan Payments | $ _____ |
| Gross Rental Income | $ _____ | Food Expenses | $ _____ |
| Profits from Sole Proprietorships | $ _____ | Clothing Expenses | $ _____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $ _____ | Utilities | $ _____ |
| Distributions from Trusts and Estates | $ _____ | Medical Expenses, Including Insurance | $ _____ |
| Distributions from Deferred Income Arrangements | $ _____ | Other Insurance Premiums | $ _____ |
| Social Security Payments | $ _____ | Other Transportation Expenses | $ _____ |
| Alimony/Child Support Received | $ _____ | Other Household Expenses | $ _____ |
| Gambling Income | $ _____ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ |
| Total Income | $ _____ | Total Expenses | $ _____ |

Initials _____

## ATTACHMENTS

**Item 33.**       **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

Item No. Document                                    Description of Document
     Relates To

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


     I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:


_____          _____
(Date)                                    Signature

# Attachment B

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5.  Type or print legibly.

6.  An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

__Item 1.__        __General Information__

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page _____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

▸Name & Address _____

Form (C Corp., LLC, Sole Proprietorship, etc.) _____

From/Until _____

▸Name & Address _____

Form (C Corp., LLC, Sole Proprietorship, etc.) _____

From/Until _____

▸Name & Address _____

Form (C Corp., LLC, Sole Proprietorship, etc.) _____

From/Until _____

__Item 2.__        __Legal Information__

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

Type of Corporation for the Purposes of Tax Reporting (C, S, 501C3): _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**     **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**     **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | Type of Stock (Voting, Non-Voting) | % Owned |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**Item 5.**     **Board Members**

List all members of the corporation's Board of Directors.

▸ Name & Address _____ % Owned _____

Term (From/Until) _____ Remuneration _____

▸ Name & Address _____ % Owned _____

Term (From/Until) _____ Remuneration _____

▸ Name & Address _____ % Owned _____

Term (From/Until) _____ Remuneration _____

▸ Name & Address _____ % Owned _____.

<u>Item 6.</u>        **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect they are an officer). Please provide all employment contracts for the officers or note if none exist.

►Name & Address _____ % Owned _____

Title and Duties _____

Amount of Time devoted to Official Corporate Activities (e.g. Full-Time, Part-Time) _____

►Name & Address _____ % Owned _____

Title and Duties _____

Amount of Time devoted to Official Corporate Activities (e.g. Full-Time, Part-Time) _____

►Name & Address _____ % Owned _____

Title and Duties _____

Amount of Time devoted to Official Corporate Activities (e.g. Full-Time, Part-Time) _____

►Name & Address _____ % Owned _____

Title and Duties _____

Amount of Time devoted to Official Corporate Activities (e.g. Full-Time, Part-Time) _____

►Name & Address _____ % Owned _____

Title and Duties _____

Amount of Time devoted to Official Corporate Activities (e.g. Full-Time, Part-Time) _____

►Name & Address _____ % Owned _____

Title and Duties _____

Amount of Time devoted to Official Corporate Activities (e.g. Full-Time, Part-Time) _____

<u>Item 7.</u>        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest or an interest providing for the sharing of income or profits. Please attach all documents detailing such agreements or describing the duties or rights of the Corporation and/or related business entity.

|  Name & Address | Business Activities | % Owned |
| --- | --- | --- |
|  | | |
|  | | |
|  | | |
|  | | |
|  | | |
|  | | |
|  | | |
|  | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

_____

_____

_____

## Item 8.  Businesses Related to Individuals (e.g., Stockholders, Board Members, Officers)

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest or an interest providing for the sharing of income or profits (without an ownership interest). Please attach all documents detailing the income or profit-sharing interest.

|  Individual's Name | Business Name & Address | Business Activities | % Owned |
| --- | --- | --- | --- |
|  | | | |
|  | | | |
|  | | | |
|  | | | |

Initials _____

_____

_____

_____

_____

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

_____

_____

<u>Item 9.</u>        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, child, nephew, niece, in-law, etc., of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| <u>Name and Address</u> | <u>Relationship</u> | <u>Business Activities</u> |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

<u>Item 10.</u>        **Outside Accountants**

List all outside accountants retained by the corporation during the three previous fiscal years and current fiscal year-to-date. Provide all engagement letters for all retained accounting firms or personnel.

| <u>Name</u> | <u>Firm Name</u> | <u>Address</u> | <u>CPA/PA?</u> |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Case 2:12-cv-00203-RMD-GWF Document 34 Filed 01/12/15 Page 52 of 65

<u>**Item 11.**</u>      **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records during the three previous fiscal years and current fiscal year-to-date.

▸Name _____ Work Address _____

Work Telephone Number _____     Position(s) Held _____

Duties _____

▸Name _____ Work Address _____

Work Telephone Number _____     Position(s) Held _____

Duties _____

▸Name _____ Work Address _____

Work Telephone Number _____     Position(s) Held _____

Duties _____

<u>**Item 12.**</u>      **Attorneys**

List all attorneys retained by the corporation  during the three previous fiscal years and current fiscal year-to-date, including outside law firm and law firm employees.

| <u>Attorney Name</u> | <u>Firm Name</u> | <u>Address</u> |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

<u>**Item 13.**</u>      **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

▸Name or Style of Lawsuit _____

Opposing Party's Name & Address_____

Court's Name & Address _____

Docket No._____ Nature of Lawsuit_____ _____

Relief Requested (Dollar Amount Requested, Injunctive Relief, etc.)_____

_____

Status_____ _____

‣Name or Style of Lawsuit _____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Nature of Lawsuit_____

Relief Requested (Dollar Amount Requested, Injunctive Relief, etc.)_____

_____

Status _____

### Item 14.        Current Lawsuits Filed Against the Corporation

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

‣Name or Style of Lawsuit _____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Nature of Lawsuit_____

Relief Requested (Dollar Amount Requested, Injunctive Relief, etc.) _____

_____

Status_____

### Item 15.        Bankruptcy Information

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**_____        **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box and list all persons authorized to access such safe deposit boxes.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## FINANCIAL INFORMATION

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

<u>Item 17.</u>     **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years (FY 2007 through FY 2009). *Attach copies of all returns, including any amended returns.*

| Federal/<br>State/Both | Tax Year | Tax Due<br>Federal | Tax Paid<br>Federal | Tax Due<br>State | Tax Paid<br>State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

<u>Item 18.</u>     **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available, and include all other documents related to the audit, including any accountant's opinion letter with notes.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

<u>**Item 19.**</u>      **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

|  | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

<u>**Item 20.**</u>      **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including, but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 21. Government Obligations and Publicly Traded Securities

List all U.S. Government obligations, including, but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

### Item 22. Amounts Owed to the Corporation

List all other amounts owed to the corporation, or one of the corporation's affiliated companies. Include in this list any amounts the corporation expects to receive, or become entitled to receive, within the next 18 months from Trusts, or any other source. Attach all agreements evidencing the terms of any loans.

▸Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

▸Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

▸Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

### Item 23. Real Estate

List all real estate, including leaseholds in excess of five years, held by the corporation. Furthermore, provide all information for any real property that the corporation rents, or offers to rent, to other persons or entities.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

‣Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment S_____ Rental Unit?_____ Monthly Rent Received $_____

‣Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment S_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 24.        Other Assets

List all other property, by category, with an estimated value of $10,000 or more, held by the corporation, including, but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property. For all assets listed below, please attach all documents evidencing the valuations listed, including, if the asset has been appraised, the appraisal documents. Furthermore, if any of the asset listed below is insured, please identify with whom it is insured and at what value it is insured.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Page 13 Corporate Financial Statement                    Initials _____

| | | $ | $ |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

### Item 25.     Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation, including amounts held in reserve by merchant banks or payment processors. Attach copies of all executed trust documents, all documents relating to the operation of the Trusts, all documents relating to transfers or other changes to the Trusts from January 1, 2006, to the present, and all documents showing the valuation of the assets of the Trusts.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

### Item 26.       Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

▸Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

▸Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.** **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit _____ Date_____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

O ▸pposing Party's Name & Address _____

Court's Name & Address _____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 28.** **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entity.

▸Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

▸Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

Page 15 Corporate Financial Statement                    Initials _____

▸Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

### Item 29. _____ Credit or Debit Cards

List all of the corporation's credit and debit cards and store charge accounts and the individuals authorized to use them. For each credit or debit card, attach the last twelve months of statements and any limitations on the use of such cards, including any monetary restrictions.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

### Item 30. _____ Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and the payment of any insurance policies covering corporation employees, including, but not limited to, payment of premiums for errors and omissions policies, personal liability policies, health insurance policies, and life insurance policies, whether paid directly to the individuals, or paid to others on their behalf.

|  |  | Compensation |  |  |
|---|---|---|---|---|
| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Other Types of Benefits |
| 1. _____ | $_____ | $_____ | $_____ | _____ |
| Duties _____ |  |  |  |  |
| 2. _____ | $_____ | $_____ | $_____ | _____ |
| Duties _____ |  |  |  |  |
| 3. _____ | $_____ | $_____ | $_____ | _____ |
| Duties _____ |  |  |  |  |

4. _____ $_____ $_____ $_____ _____ _____ _____

Duties ___ _____

5. _____ $_____ $_____ $_____ _____ _____ _____

Duties _____

<u>Item 31.</u> _____ **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and the payment of any insurance policies covering Board Members, including, but not limited to, payment of premiums for errors and omissions policies, personal liability policies, health insurance policies, and life insurance policies, whether paid directly to the individuals, or paid to others on their behalf..

|  |  | Compensation |  |  |
|---|---|---|---|---|
| <u>Name/Position/Duties</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Other Types of Benefits</u> |
| _____ | $_____ | $_____ | $_____ _____ _____ _____ | |
| _____ | $_____ | $_____ | $_____ _____ ___ _____ | |
| _____ | $_____ | $_____ | $_____ _____ _____ _____ | |
| _____ | $_____ | $_____ | $_____ _____ _____ _____ | |
| _____ | $_____ | $_____ | $_____ _____ _____ _____ | |
| _____ | $_____ | $_____ | $_____ _____ _____ _____ | |
| _____ | $_____ | $_____ | $_____ _____ ___ _____ | |
| _____ | $_____ | $_____ | $_____ _____ _____ _____ | |
| _____ | $_____ | $_____ | $_____ _____ _____ _____ | |

Initials _____

<u>Item 32.</u>          **Transfers of Assets Including Cash and Property**

List all transfers of assets over $5,000 made by the corporation, other than in the ordinary course of business, during the three previous fiscal years and current fiscal year-to-date, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) and Reason for Transfer |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

**Item 33.** _____ **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document   Description of Document
Relates To

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                               Signature

                                     _____
                                     Corporate Position

# Attachment C

## ATTACHMENT C

### CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, do hereby direct any bank, savings and loan association, credit union, depository institution, finance company, commercial lending company, credit card processor, credit card processing entity, automated clearing house, network transaction processor, bank debit processing entity, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, trustee, or person that holds, controls or maintains custody of assets, wherever located that are owned or controlled by me or at which I have an account of any kind, or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of *Federal Trade Commission v. Group One Networks, Inc.*, *et al.*. Civ. No._____, now pending in the United States District Court for the Middle District of Florida, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit the disclosure of bank or other financial information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the accounts for which I may be a relevant principal.

Dated: _____     _____
                                                              [Signature]

                                                      _____
                                                              [Print Name]