# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff(s), | 2:10-cv-2203-RLH-GWF |
| vs. | **O R D E R** |
| | (Motion to Continue Hearing–#68) |
| JEREMY JOHNSON, individually, as officer of Defendants I Works, Inc.; Cloud Nine, Inc.; CPA Upsell, Inc.; Elite Debit, Inc.; Internet Economy, Inc.: Market Funding, Inc.; and Success Marketing, Inc.; as a member of Defendant Network Agenda, LLC; and as the *de facto* principal of numerous Defendant Shell Companies identified below: | (Motion for Clarification–#80) |
| DUANE FIELDING, individually, as an officer of Anthon Holdings, Inc., and as a member of Defendant Network Agenda, LLC; | |
| ANDY JOHNSON, individually, as a manager of I Work, Inc., and as titular principal of numerous Defendant Shell Companies identified below; | |
| LOYD JOHNSTON, individually, as a manager of I Works, Inc., and as titular principal of numerous Defendant Shell Companies Identified below; | |
| SCOTT LEAVITT, individually, as a manager of I Works, Inc., and as principal of Defendant Employee Plus, Inc.; | |
| SCOTT MUIR, and as titular principal of numerous Defendant Shell Companies Identified below; | |

1

| | |
|---|---|
| 1 | BRYCE PAYNE, individually, as a ) |
|  | manage of I Works, Inc., and as titular ) |
| 2 | principal of Defendant JRB Media, Inc., ) |
|  | a Shell Company; ) |
| 3 |  ) |
|  | KEVIN PILON, individually, as a former ) |
| 4 | manager of 1 Works, Inc., and as titular ) |
|  | principal of numerous Defendant Shell ) |
| 5 | companies identified below; ) |
|  |  ) |
| 6 | RYAN RIDDLE, individually, as a former ) |
|  | manager of I Works, Inc., and as titular ) |
| 7 | principal of Defendant Diamond J. Media, ) |
|  | Inc., a Shell Company; ) |
| 8 |  ) |
|  | TERRASON SPINKS, individually, and as ) |
| 9 | principal of Defendant Jet Processing, Inc., ) |
|  | a Shell Company; ) |
| 10 |  ) |
|  | I WORKS, INC., et al. ) |
| 11 |  ) |
|  | Defendants. ) |
| 12 | _____ ) |

Before the Court is an **Emergency Motion to Continue Hearing on Preliminary Injunction Motion** (#68, filed February 3, 2011), brought by all but two of the Defendants. The Federal Trade Commission (FTC) filed its Opposition (#69) on February 4, 2011. Because of the emergency request, the Court will not permit a reply.

Also before the Court is a **Motion by SunFirst Bank for Clarification of the Court's January 13, 2011 Temporary Restraining Order** (#80, filed February 4, 2011), which does not require a response by any of the parties.

**I.    EMERGENCY MOTION TO CONTINUE HEARING**

The motion will be denied. The Temporary Restraining Order (TRO) expires by rule on February 10. The Emergency Motion makes no request, nor provides any stipulation, that the TRO may be extended for the month delay requested in the motion. The Emergency Motion is not brought by all Defendants so the moving Defendants cannot agree on behalf of non-movants that the TRO may be extended. The claimed bases for the Emergency Motion are not legitimate bases and, in some cases, misrepresent the relevant facts.

If a Preliminary Injunction issues, the FTC and the public will be protected and the Defendants are not precluded, later on if circumstances warrant, from moving to lift the Preliminary Injunction.

The hearing will proceed as scheduled.

## II.     MOTION FOR CLARIFICATION

SunFirst Bank requests the opportunity to be heard at the hearing.  That request is granted.  Furthermore, the FTC is directed to address the motion, at the hearing, and be prepared to suggest any necessary clarification or modification of the requested Preliminary Injunction as it applies to SunFirst Bank,  to ensure that SunFirst Bank's obligations under the TRO can be met without jeopardizing SunFirst Bank's obligations to the FDIC.

IT IS THEREFORE ORDERED that the **Emergency Motion to Continue Hearing on Preliminary Injunction Motion** (#68) is DENIED.

IT IS FURTHER ORDERED that the **Motion by SunFirst Bank for Clarification of the Court's January 13, 2011 Temporary Restraining Order** (#80) is GRANTED to the extent that it will be permitted to be heard and the FTC is directed to address the motion, at the hearing, and be prepared to suggest any necessary clarification or modification of the requested Preliminary Injunction as it applies to SunFirst Bank,  to ensure that SunFirst Bank's obligations under the TRO can be met without jeopardizing SunFirst Bank's obligations to the FDIC.

Dated: February 4, 2011.

_____
Roger L. Hunt
**Chief United States District Judge**