1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **DISTRICT OF NEVADA**

9 **\* \* \***

10
| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | Case No.: 2:10-cv-02203-RLH-GWF |

11 )

Plaintiff, )               **O R D E R**

12 )

vs. )    (Motion for Relief from Temporary

13 )     Restraining Order and Preliminary

JEREMY JOHNSON, individually, as officer )          Injunction–#135)

14 of Defendants I Works, Inc., Cloud Nine, Inc., )

CPA Upsell, Inc., Elite Debit, Inc., Internet )

15 Economy, Inc., Market Funding, Inc., and )

Success Marketing, Inc.; as a member of )

16 Defendant Network Agenda LLC; and as the )

*de facto* principal of numerous Defendant Shell )

17 Companies identified below; )

)

18 DUANE FIELDING, individually, as an officer )

of Anthon Holdings, Inc., and as a member of )

19 Defendant Network Agenda LLC; )

)

20 ANDY JOHNSON, individually, as a manager )

of I Works, Inc., and as titular principal of )

21 numerous Defendant Shell Companies )

identified below; )

22 )

LOYD JOHNSTON, individually, as a )

23 manager of I Works, Inc., and as titular )

principal of numerous Defendant Shell )

24 Companies identified below; )

)

25 SCOTT LEAVITT, individually, as a manager )

of I Works, Inc., and as a principal of )

26 Defendant Employee Plus, Inc.; )

1

1  SCOTT MUIR, individually and as titular )
   principal of numerous Defendant Shell )
2  Companies identified below; )
                                             )
3  BRYCE PAYNE, individually, as a manager )
   of I Works, Inc., and as titular principal of )
4  Defendant JRB Media, Inc., a Shell Company; )
                                             )
5  KEVIN PILON, individually and as titular )
   principal of numerous Defendant Shell )
6  Companies identified below; )
                                             )
7  RYAN RIDDLE, individually, as a former )
   manager of I Works, Inc., and as titular )
8  principal of Defendant Diamond J Media, Inc., )
   a Shell Company; )
9                                             )
   TERRASON SPINKS, individually and as )
10 principal of Defendant Jet Processing, Inc., a )
   Shell Company; and )
11                                             )
   I WORKS, INC., et al., )
12                                             )
                   Defendants. )
13 _____ )

14       Before the Court is Claimant 249 Investors, LLC's ("Claimant") **Motion for Relief**

15 **from Temporary Restraining Order and Preliminary Injunction** (#135), filed March 11, 2011.

16       Defendant Jeremy Johnson is listed as a manger and registered agent for Tabernacle

17 Towers, LLC, ("Tabernacle") a Utah business entity.  According to Claimant, Tabernacle owns an

18 office building in St. George, Utah, to which Claimant holds a promissory note and deed of trust.

19 Claimant asserts that Tabernacle has defaulted on its mortgage obligation and the office building is

20 now worth far less than the amount due under the note.  Thus, Claimant started the process of non-

21 judicial foreclosure pursuant to Utah law.

22       On January 13 and February 10, 2011, the Court appointed a receiver and enjoined

23 the sale of any property owned by Johnson or his affiliated entities.  (Dkt. #44, TRO Order; Dkt.

24 #130, Prelim. Inj. Order.)  The injunction therefore prohibits Claimant from selling the property as

25 Claimant had scheduled for Friday, March 11.  As a result, Claimant has now asked the Court for

26 ///

AO 72
(Rev. 8/82)

1    relief from the injunction to conduct the foreclosure sale primarily because the sale would not

2    yield any equity to contribute towards any receivership estate.

3           The Court notes that Claimant filed the instant motion on the same day the trustee's

4    sale was scheduled to occur.  (Dkt. #138-2, Mot. Ex. 7, Notice of Trustee's Sale.)  Such ill-timed

5    motions simply do not afford the Court sufficient time to review supporting memoranda,

6    affidavits, or exhibits, nor do they provide the other litigants or the receiver with time to respond

7    to Claimants' assertions.  Although time-sensitive motions will receive expedited consideration,

8    Claimant cannot expect that the Court will be able to clear its hearing calendar to review

9    Claimant's motion instantaneously.  Consequently, the Court was unable to consider the motion

10   until after the scheduled time for the trustee's sale had passed.  The motion is now moot and the

11   Court denies the motion accordingly.

## CONCLUSION

13          Accordingly, and for good cause appearing,

14          IT IS HEREBY ORDERED that Claimant 249 Investors, LLC's Motion for Relief

15   from Temporary Restraining Order and Preliminary Injunction (#135) is DENIED as moot.

16          Dated: March 14, 2011.

18   _____
     **ROGER L. HUNT**
19   **Chief United States District Judge**

AO 72
(Rev. 8/82)