UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Federal Trade Commission, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEREMY JOHNSON, individually, as officer of )<br>Defendants I Works, Inc.; Cloud Nine, Inc.; )<br>CPA Upsell, Inc.; Elite Debit, Inc.; Internet )<br>Economy, Inc.; Market Funding Solutions, Inc.; )<br>and Success Marketing, Inc.; as a member of )<br>Defendant Network Agenda LLC; and as the *de* )<br>*facto* principal of numerous Defendant Shell )<br>Companies; I WORKS, INC., *et al*., )<br>)<br>Defendants. )<br>_____ ) | Case No.: 2:11-cv-02203-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Strike–#173;<br>Motion for Leave to<br>Amend–#192) |

Before the Court is Plaintiff Federal Trade Commission's ("FTC") **Motion to Strike** (#173, filed Apr. 8, 2011). The Court has also considered Defendants Jeremy Johnson, I Works, Inc., Cloud Nine Marketing, Inc., CPA Upsell, Inc., Elite Debit, Inc., Market Funding Solutions, Inc., and Success Marketing, Inc.'s ("Johnson Defendants") Opposition (#191, filed Apr. 25, 2011), and the FTC's Reply (#201, filed May 5, 2011).

/

Also before the Court is the Johnson Defendants' **Motion for Leave to Amend** (#192, filed Apr. 25, 2011) seeking leave to file a second amended complaint. The Court has also considered the FTC's Opposition (#202, filed May 6, 2011), and the Johnson Defendants' Reply (#209, filed May 16, 2011).

## BACKGROUND

This case arises out of Jeremy Johnson and multiple related business operations' marketing of various products in a way the FTC alleges violates the law, particularly the Federal Trade Commission Act (the "FTC Act"). For the purpose of ruling on these motions, the Court need not discuss the background of this case in any great detail. Nonetheless, the Court will review a few particular matters relevant to these motions.

The FTC filed suit against all Defendants on December 21, 2010, alleging violations of various federal statutes including the FTC Act and others administered by the FTC. The Court issued a Temporary Restraining Order (Dkt. #44, Jan. 13, 2011), and appointed a receiver over the corporate defendants and Jeremy Johnson's assets and subsequently a Preliminary Injunction (Dkt. #130, Order, Feb. 10, 2011), which is still in effect. At that time, all Defendants, except for Scott Leavitt and Employee Plus, were represented by the same counsel. The FTC met and conferred with that counsel, who agreed and stipulated to file an amended answer withdrawing all but one of their affirmative defenses. (Dkt. #144, Stip., Mar. 14, 2011.) Since that stipulation was filed, multiple Defendants, including Jeremy Johnson, obtained separate counsel so as to avoid potential conflicts of interest. These Defendants, the so called "Johnson Defendants," have opposed the FTC's motion to strike their good faith defense and moved for leave to amend their answer. In their proposed Second Amended Answer, they reassert many of the affirmative defenses they previously stipulated to withdraw and add new affirmative defenses. For the reasons discussed below, the Court denies the FTC's motion and grants the Johnson Defendants' motion.

/

## DISCUSSION

**I.     FTC's Motion to Strike**

    **A.     Legal Standard**

Under Rule 12(f) a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no bearing on the controversy before the court. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence. *Id.*

An affirmative defense is legally insufficient "if it is impossible for the defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint." *IBM v. Comdisco, Inc.*, 834 F. Supp. 264, 266 (N.D. Ill. 1993). This means that to strike an affirmative defense, a plaintiff must demonstrate (1) "that there are no questions of fact, [(2)] that any questions of law are clear and not in dispute, and [(3)] that under no set of circumstances could the defense succeed." *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

    **B.     Analysis**

The FTC is correct in its argument that good faith is not a defense to relief sought under section 13(b) for violation of section 5 of the FTC Act. *See FTC v. Medicor LLC*, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001). Nonetheless, the Johnson Defendants are also correct in asserting that the Court may take this defense into account when determining the extent of relief. *Id.* Therefore, the Court need not strike the Johnson Defendants' affirmative defense even though the defense is insufficient to do away with liability because it is not immaterial or impertinent as it may affect the relief granted if liability is established. *See id.*

**II.    Johnson Defendants' Motion for Leave to Amend**

    **A.     Legal Standard**

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleadings only by leave of the court once responsive pleadings have been filed and in the absence

1  of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789,
2  799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice
3  so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R.
4  Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2)
5  undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has
6  repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v.
7  BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

8      **B.**    **Analysis**

9      When the Johnson Defendants were represented by prior counsel with multiple
10 other defendants in this case, they stipulated to amended their answer and omit multiple
11 affirmative defenses which they now wish to reassert along with new affirmative defenses. The
12 FTC contends that this would make a mockery of the meet and confer process under which the
13 FTC obtained this stipulation. The Court disagrees with the FTC. In theory, the FTC may have a
14 point if the Johnson Defendants' original counsel stipulated to withdraw these defenses and then
15 sought to re-add them. However, that is not the case here. As the Johnson Defendants point out,
16 there are multiple reasons why their prior counsel may have thought it beneficial to omit the
17 defenses when defending these and other defendants in this case, and why the Johnson
18 Defendants' current counsel may now disagree with those reasons. Also, the Court notes that a
19 party which fails to assert an affirmative defense waives that defense. *See* Fed. R. Civ. P. 8(c)(1);
20 *see also Simmons v. Navaho Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("Although Rule 8
21 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the
22 plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a
23 subsequent motion."). This shows a strong preference towards allowing a defendant to assert and
24 possible affirmative defenses. Therefore, the Court grants the Johnson Defendants' motion.
25 /
26 /

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the FTC's Motion to Strike (#173) is DENIED.

IT IS FURTHER ORDERED that the Johnson Defendants' Motion for Leave to Amend is GRANTED. The Clerk of the Court is directed to file the Johnson Defendants' attached proposed second amended answer, which will now act as the operative answer for these Defendants.

Dated: May 26, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**