# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:10-cv-02203-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Amended Motion to Dissolve Preliminary Injunction–#170) |
| JEREMY JOHNSON, individually, as officer of Defendants I Works, Inc., Cloud Nine, Inc., CPA Upsell, Inc., Elite Debit, Inc., Internet Economy, Inc., Market Funding, Inc., and Success Marketing, Inc.; as a member of Defendant Network Agenda LLC; and as the *de facto* principal of numerous Defendant Shell Companies identified below; | |
| DUANE FIELDING, individually, as an officer of Anthon Holdings, Inc., and as a member of Defendant Network Agenda LLC; | |
| ANDY JOHNSON, individually, as a manager of I Works, Inc., and as titular principal of numerous Defendant Shell Companies identified below; | |
| LOYD JOHNSTON, individually, as a manager of I Works, Inc., and as titular principal of numerous Defendant Shell Companies identified below; | |
| SCOTT LEAVITT, individually, as a manager of I Works, Inc., and as a principal of Defendant Employee Plus, Inc.; | |

| | |
|---|---|
| SCOTT MUIR, individually and as titular principal of numerous Defendant Shell Companies identified below; | ) ) ) ) |
| BRYCE PAYNE, individually, as a manager of I Works, Inc., and as titular principal of Defendant JRB Media, Inc., a Shell Company; | ) ) ) ) |
| KEVIN PILON, individually and as titular principal of numerous Defendant Shell Companies identified below; | ) ) ) ) |
| RYAN RIDDLE, individually, as a former manager of I Works, Inc., and as titular principal of Defendant Diamond J Media, Inc., a Shell Company; | ) ) ) ) ) |
| TERRASON SPINKS, individually and as principal of Defendant Jet Processing, Inc., a Shell Company; and | ) ) ) ) |
| I WORKS, INC., et al., | ) ) |
| Defendants. | ) ) |

Before the Court is Defendants Duane Fielding, Network Agenda, LLC, and Anthon Holdings Corp.'s (collectively, the "Fielding Defendants") **Amended Motion to Dissolve Preliminary Injunction** (#170, filed Apr. 6, 2011). The Court has also considered Plaintiff Federal Trade Commission's ("FTC") Opposition (#190, filed Apr. 22, 2011), and the Fielding Defendants' Reply (#210, filed May 16, 2011).

## BACKGROUND

As the parties are familiar with the facts of this case, the Court will not recount them further except as necessary for disposition of the current motion. This dispute arises from the FTC's investigation of Defendant Jeremy Johnson and numerous affiliated individuals and corporations who allegedly defrauded the public via internet scams. On December 21, 2010, the FTC filed its complaint pursuant to the Federal Trade Commission Act ("the Act"), and the Electronic Fund Transfer Act ("EFTA"), to obtain permanent injunctive relief, restitution, disgorgement, and other equitable relief. (Dkt. #1, Compl.)

On January 13, 2011, the Court froze the assets of Johnson and the corporate Defendants, which included Network Agenda and Anthon Holdings. (Dkt. #44, TRO Order.) On February 10, 2011, the Court granted the FTC's Motion for Preliminary injunction. (Dkt. #130, Prelim. Inj. Order.) Individual Defendant Duane Fielding was the sole owner and officer of Anthon Holdings and was a member and manager of Network Agenda along with Johnson.[1] The Fielding Defendants now ask the Court to dissolve the preliminary injunction as it relates to them. For the reasons discussed below, the Court denies the motion.

**DISCUSSION**

**I.     Motion to Dissolve a Preliminary Injunction**

    **A.     Untimeliness of the Motion**

Rule 54(b) of the Federal Rules of Civil Procedure states that a district court can modify an interlocutory order "at any time" before entry of a final judgment. The Ninth Circuit has long recognized "the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Rule 59(e) applies to any motion seeking "to alter or amend a judgment," and under Rule 54(a), a *judgment* is defined to include "any order from which an appeal lies." Because 28 U.S.C. § 1292(a)(1) establishes appellate jurisdiction over its appeal, a preliminary injunction order is a "judgment" and is therefore subject to Rule 59(e)'s 28-day time limit on motions for reconsideration. *Credit Suisse*, 400 F.3d at 1124 n.6. Thus, under the Federal Rules, a motion for *reconsideration* of a preliminary injunction order is subject to Rule 59(e)'s 28-day time limit, while there is no time limit on a motion to *vacate or dissolve* a preliminary injunction. *Id.* at 1124. (emphasis added).

---

[1] The Court notes that as an individual defendant, Duane Fielding's personal assets are not subject to the preliminary injunction; however, as corporate Defendants identified in the injunction, both Anthon Holdings and Network Agenda's assets are. The motion appears to asks for relief as to all Fielding Defendants—without distinction to Fielding's status as an individual or an owner, member, manager of the two corporate entities. Nevertheless, the lack of distinction does not affect the Court's analysis.

In determining whether a motion asking a district court to modify its preliminary injunction should be treated as a motion for reconsideration under Rule 59 or a motion for dissolution or modification under Rule 54, the court "must look beyond the motion's caption to its substance." *Id.* (citing *Favia v. Indiana Univ. of Pennsylvania*, 7 F.3d 332, 337 (3d Cir. 1993)). Although the purpose of a motion for reconsideration under Rule 59(e) is to "relitigate the original issue," a motion requesting "to modify a preliminary injunction is meant only to relieve inequities that arise after the original order." *Id.* (internal citation and quotation omitted). "Thus, a motion that merely seeks to relitigate the issues underlying the original preliminary injunction order is subject to Rule 59(e)'s [time limitation]"—28 days[2]—"while a motion that in substance is based on new circumstances that have arisen after the district court grant[s] the injunction may be filed at any time before entry of a final judgment." *Id.*

The Fielding Defendants ask the Court to dissolve the preliminary injunction as it relates to them because they argue that the FTC has shown no legal basis for the injunction. To the contrary, the Court found good cause to show:

> "Defendants have engaged and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R.§ 205.10(b), and that the Commission is therefore likely to prevail on the merits of this action."

(Dkt. #130, Prelim. Inj. Order ¶ 4.) The current motion also states that Fielding did not engage in any actions that violated the Act, participate in the alleged shell company scheme, or make any alleged misrepresentations or omissions to consumers as the FTC alleges. None of these assertions are new, rather the Fielding Defendants made representations of the same nature in their opposition to the FTC's motion for preliminary injunction. The Court considered those representations, yet it still granted the FTC's motion. The Court, therefore, concludes that the Fielding Defendants' current motion merely seeks to relitigate the issues underlying the original

---

[2] The 2009 Amendments to Rule 59 increased the time to appeal after the entry of judgment from 10 days to 28 days. Rule 6(b) prohibits expansion of the 28-day period.

preliminary injunction order and is subject to the 28-day limitation set forth in Rule 59(e). Because the Fielding Defendants' current motion was filed on April 6, 2011—almost two months after the Court entered the preliminary injunction order on February 10—the Court finds the motion untimely. For this reason alone, the Court has ample ground to deny the motion. However, even if the motion were timely, the Fielding Defendants still fail to carry their burden of showing that their circumstances warrant dissolution of the asset freeze.

### B.     Absence of New Facts or Changed Circumstances

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

As the Court previously explained, the Fielding Defendants fail to show any new facts or changed circumstances that would refute the Court's previous finding that the FTC is likely to succeed on the merits of this action. Instead, Fielding provides a declaration stating that he has done nothing wrong. (Dkt. #171, Am. Mem., Ex. A.) This self-serving declaration does little to refute the numerous documents and records supporting the FTC's claims, much less establish a significant change in facts or law warranting a revision or dissolution of the injunction. Because the Fielding Defendants have failed to show any change in facts or law, the Court denies the motion.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Fielding Defendants' Amended Motion to Dissolve Preliminary Injunction (#170) is DENIED.

Dated: August 10, 2011.

_____
ROGER L. HUNT
United States District Judge