# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:10-cv-02203-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Order Authorizing Receiver to Abandon Real Property from the Estate–#217) |
| JEREMY JOHNSON, individually, as officer of Defendants I Works, Inc., Cloud Nine, Inc., CPA Upsell, Inc., Elite Debit, Inc., Internet Economy, Inc., Market Funding, Inc., and Success Marketing, Inc.; as a member of Defendant Network Agenda LLC; and as the *de facto* principal of numerous Defendant Shell Companies identified below; | |
| DUANE FIELDING, individually, as an officer of Anthon Holdings, Inc., and as a member of Defendant Network Agenda LLC; | |
| ANDY JOHNSON, individually, as a manager of I Works, Inc., and as titular principal of numerous Defendant Shell Companies identified below; | |
| LOYD JOHNSTON, individually, as a manager of I Works, Inc., and as titular principal of numerous Defendant Shell Companies identified below; | |
| SCOTT LEAVITT, individually, as a manager of I Works, Inc., and as a principal of Defendant Employee Plus, Inc.; | |

1

AO 72
(Rev. 8/82)

| | |
|---|---|
| 1 | SCOTT MUIR, individually and as titular principal of numerous Defendant Shell Companies identified below; |
| 2 | |
| 3 | BRYCE PAYNE, individually, as a manager of I Works, Inc., and as titular principal of Defendant JRB Media, Inc., a Shell Company; |
| 4 | |
| 5 | KEVIN PILON, individually and as titular principal of numerous Defendant Shell Companies identified below; |
| 6 | |
| 7 | RYAN RIDDLE, individually, as a former manager of I Works, Inc., and as titular principal of Defendant Diamond J Media, Inc., a Shell Company; |
| 8 | |
| 9 | |
| 10 | TERRASON SPINKS, individually and as principal of Defendant Jet Processing, Inc., a Shell Company; and |
| 11 | |
| 12 | I WORKS, INC., et al., |
| 13 | Defendants. |

Before the Court is Receiver Robb Evans of Robb Evans and Associates' ("Receiver") **Motion for Order Authorizing Receiver to Abandon Real Property from the Estate** (#217, filed May 20, 2011). The parties did not submit opposition to this Motion.

The Court having reviewed and considered the Motion and all pleadings and papers filed in support thereof, and for good cause appearing,

IT IS HEREBY ORDERED that:

1. The Motion and all relief sought therein is granted in its entirety; and

2. Without limiting the generality of the foregoing:

    A. The Receiver is authorized to abandon and not administer the following personal property: (1) an American Eurocopter Model EC130B-4 helicopter, Tail No. N232WT, title to which is held by Zibby Flight Service, LLC, (2) a 1985 Piper Cheyenne Model 400LS, Tail No. N46FD, title to which is held by Zibby Flight Service, LLC, and (3) a 2004 Honda Civic automobile title to which is held by IWorks, Inc.;

      B.      The Receiver is authorized to abandon and not administer the following real property to the extent such property constitutes property of the receivership estate: (1) 43 North 100 West, Ephraim, Utah; (2) 1861 Paragon Drive, St. George, Utah; (3) 1626 Chateau Circle, St. George, Utah 84770; (4) 2356 East River Drive, Beaver, Utah 84713; (5) 260 N. Main Street, St. George, Utah; (6) 1673 S. Cliff Rose Drive, St. George, Utah 84790; (7) 1140 East Fort Pierce Drive #36, St. George, Utah; and (8) an airplane hangar located at the Old St. George airport, title to which is held in the name of Zibby Flight Service, LLC and such other aircraft hangars, if any, that may be assets of the Receivership Defendants;

      C.      The Receiver is authorized to transfer the estate's right, title and interest to that certain 1960 Cessna 210, Tail No. N321E, title to which is held by Zibby Flight Service, LLC to Eric Hustead in lieu of payment for and in satisfaction of all debts for services rendered to the estate in connection with the maintenance, transportation, and related services pertaining to certain aircraft of the receivership estate; the Preliminary Injunction Order (Dkt. #130, Feb. 10, 2011) shall be deemed terminated to permit creditors with liens, claims or security interests in and against the foregoing assets abandoned from the receivership estate under paragraphs 2.B. and 2.C. of this Order ("Abandoned Assets") only to take any steps necessary or appropriate under applicable state law to seek or obtain possession, custody, and control of such Abandoned Assets and to enforce and/or foreclose upon their liens, claims, and security interests in and against such Abandoned Assets in accordance with applicable state law;

      D.      Notice of the Motion is deemed sufficient under Local Civil Rule 66-5 based on the service of the notice of the filing of the Motion and the Motion on all parties and service of the notice of the filing of the Motion on all known nonconsumer creditors of the estate.

Dated: August 11, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**