UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:10-cv-02203-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Relief From Certain Obligations Under the Preliminary Injunction–#187) |
| JEREMY JOHNSON, individually, as officer of Defendants I Works, Inc., Cloud Nine, Inc., CPA Upsell, Inc., Elite Debit, Inc., Internet Economy, Inc., Market Funding, Inc., and Success Marketing, Inc.; as a member of Defendant Network Agenda LLC; and as the *de facto* principal of numerous Defendant Shell Companies; I WORKS, INC., *et al.*, | |
| Defendants. | |

    Before the Court is Defendants Jeremy D. Johnson; I Works, Inc.; Cloud Nine Marketing, Inc.; CPA Upsell, Inc.; Elite Debit, Inc.; Internet Economy, Inc.; Market Funding Solutions, Inc.; Success Marketing, Inc.; Fitness for Life, Inc.'s (collectively, the "Johnson Defendants") **Motion for Relief From Certain Obligations Under the Preliminary Injunction** (#187, filed Apr. 15, 2011). The Court has also considered Plaintiff Federal Trade Commission's ("FTC") Opposition (#194, filed Apr. 29, 2011) and Notice of Errata (#211, filed May 17, 2011), and the Johnson Defendants' Reply (#208, filed May 16, 2011).

AO 72
(Rev. 8/82)

## BACKGROUND

As the parties are familiar with the facts of this case, the Court will not recount them further except as necessary for disposition of the motion. This dispute arises from the FTC's investigation of Johnson and numerous affiliated individuals and corporations who allegedly defrauded the public via internet scams. On December 21, 2010, the FTC filed its complaint pursuant to the Federal Trade Commission Act, and the Electronic Fund Transfer Act, to obtain permanent injunctive relief, restitution, disgorgement, and other equitable relief. On February 10, 2011, the Court issued a Preliminary Injunction Order (#130) ("PI Order") that among other things ordered Defendants to serve certain individuals and entities with a copy of the PI Order:

> Defendants shall immediately provide a copy of the [PI] Order to each Marketing Affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client company, marketing partner, servant, attorney, spouse, subsidiary, division, and Representative of any Defendant, and to each Payment Processor, independent sales organization, and Financial Institution with which Defendants have conducted business ...."

(Dkt. #130, PI Order 33–34, Section XXIII.) The PI Order also required Defendants to submit financial statements "for each business entity under which they conduct business or of which they are an officer...." (*Id.* 19, Section VIII.)

The Johnson Defendants now ask the Court to grant them relief from their obligation under the PI Order to provide copies to Defendants' former employees. They also ask for relief from the language requiring them to provide financial statements for corporate entities that, although affiliated with Defendants, are not named parties in this case. For the reasons discussed below, the Court denies the Motion.

## DISCUSSION

**I.      Motion for Relief From Certain Obligations Under the Preliminary Injunction**

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

### A.     Untimeliness of the Motion

As a preliminary matter, the Court must address the FTC's argument that the requested relief is unwarranted because the Johnson Defendants waited over two months to challenge their obligations.[1] The Johnson Defendants have been aware of the disputed obligations for several months. In particular, they were aware of—and apparently understood—the provision requiring them to submit financial statements for corporate entities that are not named parties in this case. Thus, their request to relieve them of this obligation is properly viewed as an attempt to relitigate the issue and is, therefore, subject to the 28-day limitation set forth in Rule 59(e). (*See* Dkt. #275, Order 3–4, Aug. 10, 2011 (denying Mot. to Dissolve Prelim. Inj.).) Because the current motion was filed on April 15, 2011, over two months after the Court issued the PI Order, the Court finds this request untimely. For this reason alone, the Court has reason to deny the request. However, even if the request were timely, the Johnson Defendants still fail to carry their burden of establishing that a significant change warrants revision of this provision.

With respect to the Johnson Defendants' request concerning former employees, the Court cannot conclude that the request is simply relitigating an underlying issue. Instead, it seems they are seeking clarification or an interpretation of the PI Order. As such, the 28-day time limitation does not apply, and Court cannot deny the request on such grounds.

### B.     Former Employees

The Johnson Defendants assert that the PI Order does not require that Defendants provide copies to former employees. The Court disagrees. The disputed language states, "Defendants shall immediately provide a copy of the Order to each ... employee ... with which Defendants *have conducted business*...." (Dkt. #130, PI Order 33:24–34:3, Section XXIII

---

[1] (Dkt. #194, Opp'n 3 (citing *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (finding that a motion merely seeking to relitigate the issues underlying the original preliminary injunction order is subject to Rule 59(e)'s time limitation, "while a motion that in substance is based on new circumstances that have arisen after the district court grant[s] the injunction may be filed at any time before entry of a final judgment").)

3

1  (emphasis added).) Although the word "former" is not included with "employee" in this sentence,
2  when read as a whole, the past-tense phrase "have conducted" indicates that Defendants must
3  serve the PI Order on any individual that Defendants have previously employed. The same is true
4  for the additional types of individuals and entities in this section. This interpretation makes sense
5  because Defendants had ceased business operations by the time the PI Order was issued, meaning
6  they no longer had employees. As a result, *all* employees referenced in this section were *former*
7  employees. To interpret this section as the Johnson Defendants suggest would render the section
8  completely ineffective. Accordingly, the Court denies this request.

### C. Financial Statements

As the Court previously indicated, the Johnson Defendants fail to carry their burden of establishing that a significant change warrants revision the language requiring them to submit financial statements for corporate entities that are not named parties in this case. Contrary to their assertions, this requirement does not invade the legal rights and interests of unassociated third-parties because the financial statements are only required for business entities "under which [Defendants] conduct business or of which they are an officer...." (*Id.* 19, Section VIII.) Although the FTC did not name such entities in this case, they are certainly associated with the case by way of their business ties to Defendants. Further, the nature of their business is irrelevant because the FTC has alleged that Johnson orchestrated a multitude of shell companies to accomplish his bidding. Under that scenario, entities without apparent ties to the internet marketing business are certainly germane to the FTC's ongoing investigation. Because the Johnson Defendants have not shown any significant change in facts or law, the Court denies this request.

### D. Compliance with Court Orders

Despite its refusal to deny this Motion as untimely, the Court did not overlook the fact that Defendants did not fully comply with the PI Order within the prescribed ten-day period. Defendants are therefore cautioned that future non-compliance may prompt the Court to issue and order to show cause as to why the Court should not find the party in contempt. *In re Crystal*

*Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (holding that a court may adjudge the party in contempt when a party disobeys a specific and definite court order); *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Johnson Defendants' Motion for Relief From Certain Obligations Under the Preliminary Injunction (#187) is DENIED.

IT IS FURTHER ORDERED that Defendants fully comply with the PI Order (#130) and its requirements for notice and financial statements within two weeks of the date of this order, if they have not already done so.

Dated: August 15, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**