**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| Plaintiff, ) | Case No. 2:10-cv-02203-RLH-GWF |
| vs. ) | **ORDER** |
| JEREMY JOHNSON, *et al.*, ) | Emergency Motion to Relocate Aircraft (#340) |
| Defendants. ) | |

  This matter comes before the Court on Defendant Jeremy Johnson's Emergency Motion to Relocate Aircraft (#340), filed on October 14, 2011; Plaintiff FTC's Opposition to Defendant Johnson's Emergency Motion to relocate Aircraft (#366), filed on October 31, 2011; Receiver's Opposition to Emergency Motion to Relocate Aircraft (#367), filed on October 31, 2011; Defendant's Reply to Receiver's Opposition to Relocate Aircraft (#378), filed on November 10, 2011; and Defendant Johnson's Reply to FTC's Opposition to Relocate Aircraft and Request for Evidentiary Hearing (#379), filed on November 10, 2011.

  Defendant Johnson requests the Court order the receiver to store his aircraft in a hanger, rather than outside, to prevent harmful exposure and damage from the elements. Defendant claims that since the receiver has taken control of the aircraft, the aircraft have deteriorated from exposure to the elements. Defendant requests the Court order the aircraft to be stored in Kerry Johnson's (Defendant's father) hanger at no charge to the receiver.

  Both the FTC and the receiver oppose the Defendant's motion. The receiver explains to the Court that the aircraft at issue are four airplanes and two helicopters. Further, the receiver states that, at this point, Defendant's motion is moot because both of Defendant's helicopters are in the process of being relocated to a hangar at Quantum Helicopters' facility in Chandler, Arizona,

and Defendant's four fixed wing aircraft are being relocated to Southwest Aircraft Sales' facilities in North Las Vegas, Nevada during the week of October 31, 2011.  The receiver further disputes the credibility of the affidavits submitted by Defendant Johnson and informs the Court that the current placement of the aircraft at Quantum Helicopters and Southwest Aircraft Sales is the most prudent course of action in this case.  Plaintiff FTC also opposes Defendant's motion claiming that Defendant Johnson has a history of interfering with the receivership assets, and therefore the aircraft should not be stored in a hanger owned by Defendant Johnson's father.  The FTC further argues that storing the aircraft in Kerry Johnson's hanger underscores the receiver's position that the aircraft should be liquidated to conserve the assets of the receivership's estate.

Upon review and consideration of the arguments submitted, the Court finds that Defendant Johnson's motion is moot.  At this point, based on the receiver's representations, all six aircraft have been relocated to hangers in Nevada and Arizona.  Defendant Johnson's concerns about the aircraft's care and maintenance have been addressed by the relocation of the aircraft to reputable aircraft dealers.  The Court therefore denies Defendant's motion.  Defendant Johnson further requests the Court grant him an evidentiary hearing, so he can present evidence in support of his motion.  In light of the Court's ruling, an evidentiary hearing in this matter is not warranted.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jeremy Johnson's Emergency Motion to Relocate Aircraft (#340) is **denied** as moot.

**IT IS FURTHER ORDERED** that Defendant Jeremy Johnson's request for an evidentiary hearing is **denied**.

DATED this 16th day of November, 2011.

GEORGE FOLEY, JR.
United States Magistrate Judge