# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:10-cv-02203-RLH-GWF |
| Plaintiff(s), | **O R D E R** |
| vs. | (Motion for Attorney's Fees–#329; Motion to Change Venue–#348; |
| JEREMY JOHNSON, individually, as officer of Defendants I Works, Inc.; Cloud Nine, Inc.; CPA Upsell, Inc.; Elite Debit, Inc.; Internet Economy, Inc.; Market Funding Solutions, Inc.; and Success Marketing, Inc.; as a member of Defendant Network Agenda, LLC; and as the *de facto* principal of numerous Defendant Shell Companies; I WORKS, INC., a Utah Corporation, *et al.*, | Motion to Sever Fielding Defendants–#350; Motion for Appointment of an Auditor–#356; Redacted Motion for Appointment of an Auditor–#357; Emergency Motion to Compel–#377) |
| Defendants. | |

Before the Court is Defendant Jeremy Johnson's **Motion for Attorney's Fees** (#329, filed Oct. 7, 2011), **Motion for Appointment of an Auditor** (#356, filed Oct. 18), **Redacted Motion for Appointment of an Auditor** (#357, filed Oct. 19). Also before the Court is Defendants Anthon Holdings Corp., Duane Fielding, and Network Agenda, LLC's ("Fielding Defendants") **Motion to Change Venue to Federal District Court for the District of Utah** (#348, filed Oct. 18), and **Motion to Sever Fielding Defendants** (#350, filed Oct. 18). Also before the Court is Receiver Robb Evans' **Motion to Compel** (#377, filed Nov. 10). The Court has also considered all the oppositions and replies to these motions.

**BACKGROUND**

As the parties are familiar with the facts of this case, the Court will not recount them further except as necessary for the disposition of the current motions. This dispute arises from the FTC's investigation of Defendant Jeremy Johnson and numerous affiliated individuals and corporations who allegedly defrauded the public via internet scams. The FTC filed its complaint in December 2010 and the Court subsequently granted the FTC's motion for preliminary injunction (#130) and appointed Robb Evans as Receiver for the Defendants' assets. The Court later authorized the auction of many of the Receivership assets (#288, 345). After the Receiver conducted one of the auctions Johnson filed a complaint against both the Receiver and the auctioneer in Utah state court, alleging breach of fiduciary duty (the "Utah Action"). The Receiver has now filed a motion to compel, asking the Court to order Johnson to dismiss the Utah Action. Johnson has also filed a motion for attorney's fees and two motions for the appointment of an auditor. The Fielding Defendants filed a motion to change venue to Utah federal district court and a motion to sever the Fielding Defendants from this case. For the reasons discussed below, the Court grants the Receiver's motion and denies all other motions.

**DISCUSSION**

**I.     Fielding Defendants' Motion to Change Venue**

   **A.     Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[T]he court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel

///

attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th 2000).

The Fielding Defendants ask the Court to transfer this case to the District of Utah because, they argue, it is a more convenient forum.

### B. Analysis

Having considered the foregoing factors, the Court denies the Fielding Defendants' motion for transfer of venue. The Fielding Defendants claim they have no tie to Nevada, yet Network Agenda is a Nevada LLC and at least 26 I Works companies are incorporated or organized in Nevada. Additionally, I Works allegedly enrolled at least 56,751 Nevada consumers during the period of time at issue in this case. They also claim that Utah is a more convenient forum because their witnesses are "overwhelmingly" from Utah. However, the Fielding Defendants have also identified witnesses outside of Utah, and the witnesses that are in Utah apparently live in St. George, Utah, which is closer to Las Vegas than Salt Lake City, where the District of Utah proceedings would take place.

Furthermore, this case involves the FTC Act, which is applicable in both this District and the District of Utah, and the Fielding Defendants make no argument that Utah is more familiar with this Act. Also, transfer to Utah does not serve judicial economy as this litigation has been going on for nearly a year, and this Court has already issued numerous motions and reviewed numerous documents in connection with these motions. The Fielding Defendants do not argue that litigation in Utah would be less costly and the ease of access to proof is no greater in Utah. Therefore, the Court finds that transfer of venue would not be in the interest of justice and denies the motion.

## II. Fielding Defendants' Motion to Sever

### A. Legal Standard

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-

3

1  party claims." Fed. R. Civ. P. 42(b). The Court may consider: "complexity of issues, factual
2  proof, risk of jury confusion, difference between the separated issues, the chance that separation
3  will lead to economy in discovery and, the possibility that the first trial may be dispositive of the
4  case." *See Calmar, Inc. v. Emson Research*, 850 F. Supp. 861, 866 (C.D. Cal. 1994).
5  The Fielding Defendants seek a separate trial from Jeremy Johnson and any
6  corporate Defendants related to Mr. Johnson.

7  **B.    Analysis**

8  Having considered the foregoing factors, the Court also denies the Fielding
9  Defendants' motion to severe. First, the evidence that Plaintiff's will use to prove its case against
10 Jeremy Johnson are applicable to, and the same as, those the Plaintiff will use to prove its case
11 against the Fielding Defendants. It will, therefore, serve judicial economy to keep the parties
12 together for trial. In addition, if the trial is bifurcated the witnesses may need to be deposed twice,
13 as well as appear twice to testify at each trial. Not to mention the fact that two trials will take
14 roughly twice as much of this Court's time as a single trial. Also, Defendants raise the valid point
15 that two trials will increase the cost of the receivership and correspondingly decrease the assets in
16 the receivership estate. Finally, the Court finds there is no risk of confusion of the issues because
17 this will be a bench trial and the Court understands the facts and issues of this case. Therefore, the
18 Court denies the Fielding Defendants motion to sever.

19 **III.   Johnson's Motion for Attorney's Fees**

20 Johnson asks the Court to order the FTC to pay attorneys fees for the representation
21 of his corporate Defendants.[1] However, Johnson points to no legal authority to support his request
22 and the Court is not aware of any. Additionally, there is no right to counsel in civil proceedings
23 for any party, let alone a corporation. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363–64

---

[1] Johnson provided the Court with a courtesy copy of exhibits to his reply that are not the same as those he attached to the reply he filed on CM/ECF. The Court advises Johnson that courtesy copies to the Court must be the same as the copy filed on CM/ECF for the Court to consider the courtesy copy.

1  (9th Cir. 1994). More importantly, however, "[a] corporation may appear in federal court only
2  through licensed counsel." *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245
3  (9th Cir. 1993); *see also* LR 9010 ("Any corporation, partnership, or other business entity . . . must
4  be represented by an attorney"). Therefore, Johnson may not appear on behalf of any corporation
5  in this matter as he did with this motion for attorney's fees. Accordingly, the Court strikes
6  Johnson's motion for attorney's fees.

**IV.    Johnson's Motions for Appointment of an Auditor**

Johnson has filed two motions for appointment of an auditor (##356, 357). He filed both sealed. However, Johnson has not requested nor received permission to file these motions under seal. The Court therefore dismisses these motions on that basis alone.

Additionally, Johnson points to no authority allowing the Court to appoint an auditor, and the Court is not aware of any. Furthermore, even if the Court did have such authority it would not appoint an auditor to monitor a court-appointed Receiver because the Court itself "audits" the conduct of the Receiver. As the Court stated in its Preliminary Injunction Order (#130), "[t]he Receiver shall be accountable directly to this Court." What Johnson is really requesting is a protective order, which is a discovery-related issue he may or may not have standing to raise, depending upon the circumstances. If Johnson wishes to request permission to hire an auditor he may, but that is not the issue before this Court. In any event, the Court finds Johnson's motion entirely inadequate and improper, and denies it.

**V.     The Receiver's Emergency Motion to Compel**

The Receiver asks the Court to compel Johnson to dismiss the Utah Action he commenced against the Receiver and the auctioneer. The Utah Action is based on Johnson's claim that the Receiver violated this Court's preliminary injunction order. However, it is for this Court to decide whether the Receiver violated the preliminary injunction order. If Johnson feels such a violation has occurred he should file a motion for a protective order with this Court, not a separate lawsuit.

1  More importantly, however, Johnson did not seek leave of the Court before he
2  commenced the Utah Action. Under 28 U.S.C. § 959(a), the receiver may only be sued without
3  prior leave of the Court where the Receiver is carrying on the business of the Receivership
4  Defendants. Because the Receiver is not carrying on the business of the Defendants but merely
5  administering, and in some cases, liquidating the assets of said business, Johnson was required to
6  seek leave of the Court before it commenced the Utah Action. In addition, the preliminary
7  injunction itself prohibits Johnson from interfering with the Receiver's administration of the
8  Receivership assets. (#130, Preliminary Injunction, §§ XIX, XX). Pursuing the Utah Action is
9  therefore a violation of the preliminary injunction and is sanctionable. Accordingly, the Court
10 orders that the Utah Action be dismissed.
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Johnson's Motion for Attorney's Fees (#329) is STRICKEN.

IT IS FURTHER ORDERED that the Fielding Defendants' Motion to Change Venue (#348) is DENIED.

IT IS FURTHER ORDERED that the Fielding Defendants' Motion to Sever (#350) is DENIED.

IT IS FURTHER ORDERED that Johnson's Motion for Appointment of an Auditor (#356) is DENIED.

IT IS FURTHER ORDERED that Johnson's Redacted Motion for Appointment of an Auditor (#357) is DENIED.

IT IS FURTHER ORDERED that the Receiver's Motion to Compel (#377) is GRANTED.  The Court orders the Utah Action to be dismissed.

Dated: December 7, 2011

_____
**ROGER L. HUNT**
**United States District Judge**