# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:10-cv-02203-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Order of Sale–#469; Emergency Motion to Expedite–#483) |
| JEREMY JOHNSON, individually, as officer of Defendants I Works, Inc.; Cloud Nine, Inc.; CPA Upsell, Inc.; Elite Debit, Inc.; Internet Economy, Inc.; Market Funding Solutions, Inc.; and Success Marketing, Inc.; as a member of Defendant Network Agenda, LLC; and as the *de facto* principal of numerous Defendant Shell Companies; I WORKS, INC., a Utah Corporation, *et al.*, | |
| Defendants. | |

Before the Court is the Receiver's **Motion for Order of Sale** (#469, filed Feb. 3, 2012) ("First Omnibus Motion") and **Emergency Motion to Expedite Determination of the First Omnibus Motion** (#483, filed Feb. 17, 2012), in which the Receiver requests permission, among other things, to sale the real property located at 545 and 561 South Main, Richfield, Utah ("Richfield Property"). The Court has also considered Defendant Jeremy Johnson's Opposition to the Emergency Motion (#489, filed Feb. 23, 2012).

The Court finds that the best interests of the estate will be conserved by the sale of the Richfield Property as proposed by the Receiver.  Accordingly, the Court grants the Receiver's First Omnibus Motion (#469) but only with respect to the sale of the Richfield Property.  The Court will consider the Receiver's other requests in the First Omnibus Motion once it is fully briefed.

The Court notes that neither the Receiver nor Johnson has presented an appraisal of the Richfield Property, though they have both submitted recommended sales prices from real estate brokerages.  Apparently, neither side has provided an appraisal because, the Court presumes, it is difficult to get three separate appraisals in Richfield, Utah.

The Court also notes that one of the recommended sales prices submitted by Johnson (#489, Opposition, Ex. B) is from the same brokerage that provided a different, much lower recommended price to the Receiver (#469, First Omnibus Motion, Ex. 6).  However, the Court cannot know if the document submitted by Johnson still reflects the recommended sales price from that brokerage because the document is not dated.

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Receiver's First Omnibus Motion (#469) is GRANTED but only with respect to the sale of the Richfield Property.

IT IS FURTHER ORDERED that the Receiver's Motion to Expedite (#483) is GRANTED.

Dated: February 24, 2012

_____
**ROGER L. HUNT**
**United States District Judge**