# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 2:10-cv-02203-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Order of Sale–#469) |
| JEREMY JOHNSON, *et al.*, | |
| Defendants. | |

     Before the Court is the Receiver's **First Omnibus Motion for Order (1) Approving and Confirming Sales of Real and Personal Property and for Related Relief; and (2) Granting Relief from Local Rule 66-5 Pertaining to Notice to Creditors** (#469, filed Feb. 3, 2012). The Court has also considered Defendant Jeremy Johnson's Opposition (#499, filed Mar. 19), the Receiver's Reply (#501, filed Mar. 21), and the Corporate Defendants' Non-Opposition (#513, filed Apr. 2).

     The Receiver seeks an order approving and confirming the sale of various forms of property. The Receiver argues that liquidation of these assets is in the best interests of the Receivership Estate because they are declining in value, subject to volatile market forces, and, in the case of three parcels of real property, subject to an imminent taking by the Utah Department of

1  Transportation.  Johnson's "opposition" fails to address the terms and conditions of the proposed
2  sales and, in fact, he only vaguely contests the liquidation of the property at all.  In short,
3  Johnson's Opposition does not address the substance of the Receiver's motion.  Rather, Johnson
4  seeks to relitigate the Court's preliminary injunction order, and he seems to request a protective
5  order as well.  However, neither of these issues are before the Court at this time, and an opposition
6  to the Receiver's motion is not the proper vehicle in which to raise them.  In any event, Johnson
7  has previously had an opportunity to address the propriety of the preliminary injunction and the
8  Court rejected his position.
9  	The Court, therefore, grants the Receiver's Omnibus motion.  The Court finds that
10 the requirements of notice, a hearing, and the obtaining of three appraisals set forth in 28 U.S.C. §
11 2001 have been adequately complied with under the circumstances.  Strict adherence to these
12 requirements would create an unnecessary financial burden on the Receivership Estate.
13 However, the Court orders that in the future the Receiver needs to obtain three appraisals or
14 provide good cause for failure to do so.  Finally, the Court deems notice of this motion to be
15 sufficient under Local Rule 66-5.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

AO 72
(Rev. 8/82)

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Receiver's Motion for Order of Sale (#469) is GRANTED.  The Court approves and confirms the Receiver's sale of the following property, pursuant to the terms and conditions set forth in the Receiver's motion (#469): (1) two vehicles, consisting of a 2010 Toyota Tundra, VIN No. 5TFUM5F13AX001154 and a 2009 Subaru Forrester, VIN No. JF2SH63609H748915; (2) coins and precious metals of the Corporate Defendants, as identified in the Receiver's motion; (3) certain parcels of undeveloped land located in Washington County, Utah, as identified in the Right of Way Contract attached to the Receiver's motion; and (4) two other parcels of undeveloped land also located in Washington County, Utah totaling approximately 103.17 acres, as identified in the Receiver's motion.

Dated: April 3, 2012

_____
**ROGER L. HUNT**
**United States District Judge**