# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | Case No.: 2:10-cv-02203-RLH-GWF |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Emergency Motion to Stay–#532) |
| JEREMY D. JOHNSON, *et al*., | ) | |
| Defendants. | ) | |

Before the Court is Defendant Jeremy D. Johnson's **Emergency Motion for Stay Pending Appeal** (#532, filed Apr. 11, 2012).  The Court has also considered Receiver Robb Evans of Robb Evans & Associates, LLC's Opposition (#534, filed Apr. 12).  Johnson did not file a Reply.

On April 3, 2012, the Court issued an order (#516) authorizing the Receiver to sell various forms of property, including two vehicles, coins and precious metals, and a number of parcels of undeveloped land.  Johnson appealed this order to the Ninth Circuit Court of Appeals. (#528).  He appears to argue that the Court's order was inappropriate because the coins and precious metals were seized from his home by the Receiver in violation of Section XV.S of the Preliminary Injunction (#130).  He now seeks a stay of the enforcement of the Court's order pending the resolution of his appeal.

1

1    The Court denies Johnson's motion as moot because the Receiver has already sold

2  the coins and precious metals at issue.  However, even if the motion were not moot the Court

3  would deny it on its merits.  The factors the courts consider on a motion to stay pending appeal are

4  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

5  (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the

6  stay will substantially injure the other parties interested in the proceeding; and (4) where the public

7  interest lies.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

8    First, Johnson's motion fails because he has not made a *strong* showing of success

9  on appeal.  Johnson's motion is based on a misinterpretation of Section XV.S of the Preliminary

10  Injunction, which prohibits the Receiver from accessing Johnson's home for the purpose of

11  inspecting documents, records, books, etc.  It does not prohibit the Receiver from ever accessing

12  Johnson's home.  In fact, Section XV.B of the Preliminary Injunction requires the Receiver to take

13  possession of all assets of the Corporate Defendants, such as the coins and precious metals,

14  "wherever situated."  In any event, Johnson consented to the Receiver accessing his home for the

15  purpose of seizing the coins and precious metals.  (See #469, Receiver's First Omnibus Motion,

16  Exs. 2,3,4).  Therefore, Johnson has not made a strong showing that he is likely to succeed on the

17  merits of his appeal.  Second, Johnson will not suffer irreparable injury if enforcement of the

18  Court's order is not stayed because if Johnson succeeds on appeal monetary damages will

19  adequately compensate his loss of the coins and precious metals.

20    Because Johnson fails to meet the first two factors above the Court sees no need to

21  address the other factors, even though they will also weigh against a stay.  Finally, the Court denies

22  the stay because it would defeat the entire purpose of authorizing the coins and precious metals to

23  be sold immediately—to ensure they are not subject to volatile market forces.

24  ///

25  ///

26  ///

AO 72
(Rev. 8/82)

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Johnson's Emergency Motion for Stay Pending Appeal (#532) is DENIED.

Dated: April 30, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)