UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | Case No.: 2:10-cv-02203-RLH-GWF |
| Plaintiff, | ) ) | **O R D E R** |
| vs. | ) ) | (Second Omnibus Motion–#526) |
| JEREMY JOHNSON, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Before the Court is the Receiver's **Second Omnibus Motion for Order (1) Approving and Confirming Sales of Aircraft and for Related Relief, Including Sale Free and Clear of Liens and (2) Approving Compromise of Controversy with Far West Regarding EC135 Litigation** (#526, filed April, 6, 2012). Johnson did not file an Opposition.

The Court grants this motion but only with respect to the Receiver's proposed sale of the 1978 Beech Sierra fixed-winged aircraft. The Court reserves its decision with respect to the other requests in the Motion.

IT IS ORDERED that:

The Receiver's proposed sale of that certain 1978 Beech Sierra fixed-wing aircraft, Registration/Tail No. N20135 MC 604 and all associated avionics and other related equipment

("Beech") to an arms' length, third-party buyer, Brad Smith ("Beech Buyer"), for a cash payment in the sum of $30,000 "as is, where is, with all faults" pursuant to that certain Aircraft Purchase Agreement dated as of March 9, 2012 ("Beech Purchase Contract"), attached as Exhibit 2 to the Declaration of Kenton Johnson filed in support of the Motion, is hereby approved and confirmed. In connection therewith:

(1) The Receiver is authorized to pay at the closing of the sale of the Beech from the gross sales proceeds a commission of $6,000 to Southwest Aircraft in connection with the Beech sale pursuant to the Exclusive Agreement to Locate Buyer for Aircraft between the Receiver and Southwest Aircraft Sales ("Broker") dated as of November 10, 2011, and the Sale Authorization Order entered by the Court on August 26, 2011 (Dkt. # 288), and any other ordinary and customary closing costs, taxes, and/or fees for which the seller is responsible;

(2) The Receiver is authorized to complete the sale of the Beech without further notice, hearing, order or overbidding under the circumstances, and

(3) The Receiver is authorized to execute all documents and instruments necessary or convenient to complete, implement, and effectuate the sale of the Beech, including without limitation any documents necessary or convenient to transfer title thereto.

Additionally, notice of the Motion with respect to the proposed sale of the Beech is hereby deemed to be sufficient under Local Civil Rule 66-5 based on the Receiver's service of the notice of the filing of the Motion and the Motion on all parties and service of the notice of the filing of the Motion on all known non-consumer creditors of the estate and parties in interest asserting liens on the Aircraft, and on all known taxing authorities with a potential claim in the receivership estate concurrent with the filing of the Motion with the Court.

///

///

///

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Receiver's Second Omnibus Motion (#526) is GRANTED, but only with respect to the proposed sale of that certain 1978 Beech Sierra fixed-wing aircraft, Registration/Tail No. N20135 MC 604.

Dated: May 7, 2012

_____
ROGER L. HUNT
United States District Judge