1
2
3
4  **UNITED STATES DISTRICT COURT**
5  **DISTRICT OF NEVADA**
6
7  FEDERAL TRADE COMMISSION,                )
                                            )
8                  Plaintiff,               )        Case No.  2:10-cv-02203-RLH-GWF
                                            )
9  vs.                                      )        **ORDER**
                                            )
10  JEREMY JOHNSON, *et al.*,               )        Motion to Compel (#533)
                                            )        Motion for Leave to Amend (#548)
11                  Defendants.             )        Motion to Quash (#561)
   ─────────────────────────────────────── )
12
13          This matter comes before the Court on Defendant Johnson's Motion to Compel (#533),

14  filed on April 12, 2012 and the FTC's Opposition to Defendant's Motion to Compel (#547);

15  Defendant Johnson's Motion for Leave to File Second Amended Answer (#548), filed on May 1,

16  2012 and FTC's Response to Motion (#572), filed on May 18, 2012; and the Receiver's Motion to

17  Quash Subpoena to Produce Documents (#561), filed on May 10, 2012.

18  **I.      Motion to Compel (#533)**

19          On October 4th, 2011, Defendant Johnson served a Request for Production on Plaintiff.

20  Because of the large number of documents requested, the parties agreed to a rolling production.

21  The first set of documents was produced on December 2, 2011 and included an index. After

22  Defendant Johnson expressed confusion about the organization of the documents, Plaintiff

23  provided Defendant with a revised index.  On January 19, 2012, Defendant Johnson again

24  requested a more clear production from Plaintiff.  Plaintiff responded stating that they were not

25  required to make the production more clear, but offered to sort some of the documents by the

26  request number.  The second production of documents occurred on March 2, 2012, and included a

27  fully searchable concordance and an index, itemizing all the documents by their source, description

28  and bates-range.  The third production occurred on March 29, 2012, and again included a

1  searchable concordance and an index of the documents.  On April 12, 2012, Defendant Johnson

2  filed this motion, arguing that Plaintiff's production was a "data dump" leaving "Defendant to sift

3  through thousands of documents with no identification or correlation matching the specific

4  requests." (*See Motion (#533)*, p. 1-2.)  Defendant Johnson moves the Court to compel Plaintiff to

5  "respond to the requests for production of documents with organized and related responses." (*Id.* at

6  p.3.)

7          Fed.R.Civ.Pro. 34(b) provides that a party who produces documents for inspection shall

8  produce them as they are kept in the usual course of business or shall organize and label them to

9  correspond with the categories in the request. "The provision that a party may produce records in

10  the manner they are kept in the usual course of business was intended primarily for the protection

11  of the discovering party to prevent deliberate 'shifting of the materials from the sequence in which

12  they were originally kept to somewhere else.' " *Koninklijke Philips Electronics N.V. v. KXD*

13  *Technology, Inc.*,  2007 WL 879683, 3 (D.Nev.,2007) (internal citation omitted)  This Court has

14  previously required parties producing large numbers of documents to provide "a table of contents

15  or index for the documents." *Residential Constructors, LLC v. ACE Prop. & Cas. Ins. Co.*, 2006

16  WL 1582122 at *3 (D. Nev. 2006).  In *Residential Contractors*, the Plaintiff turned over 41 large

17  boxes worth of documents in discovery, but did not include an index. *Id*. at *1.  The Court held this

18  production insufficient under Fed. R. Civ. Pro. 34(b)(2)(E)(i), stating that

19          some form of table of contents or index of the materials produced
20      should be provided... Such a table of contents or index is reasonably
        necessary to determine, for example, from which entity or department
21      the documents have been produced or the type of file in which they
        are contained. The Court, therefore, directs the Plaintiff to prepare
22      and provide to Defendant a table of contents or index for the
        documents contained on CDs. In so doing, Plaintiff is not required to
23      index each document in each file. Plaintiff, however, is required to
        identify the files it has produced and in which boxes or group of
24      document numbers the files are located.

25  *Id.* at *2-3.  Here, the Court finds that Plaintiff's production of documents is sufficient under Rule

26  34.  Plaintiff produced the documents as they are kept in the usual course of business and further

27  labeled some of the documents to correspond with Defendant Johnson's requests.  Plaintiff has

28  included a searchable concordance and an index that identifies the documents' source, description

1   and bates-range.  Plaintiff has sufficiently complied with Rule 34, and therefore Defendant

2   Johnson's motion is denied.

3   **II.     Motion to Amend (#548)**

4          Defendant Johnson further requests the Court grant him leave to file an amended answer.

5   Defendant Johnson has previously filed three different answers and now requests the Court allow

6   him to file his fourth.  The FTC does not oppose Defendant Johnson's request, but reserves the

7   right to file a motion to strike the answer based on several perceived deficiencies.

8          Upon review, the Court finds the proposed answer (#548-2) improper.  Defendant Johnson,

9   appearing pro se, filed his answer on behalf of all Defendants except Scott Leavitt and Employee

10  Plus.  Although the amended answer includes a signature block for the other Defendants,  there are

11  no signatures demonstrating the other Defendants consented to the filing of this answer.  Further,

12  the answer is not dated.  The Court also notes that the corporate Defendants in this matter are

13  represented by counsel;  Defendant Johnson cannot file an amended answer on behalf of those

14  corporations.  In light of the deficiencies outlined above, the Court will deny without prejudice

15  Defendant Johnson's request to amend his answer.

16  **III.    Motion to Quash (#561)**

17         On May 10, 2012, the Receiver brought a motion to quash subpoena issued by Defendant

18  Johnson on April 19, 2012.  The subpoena sought two categories of documents: (1) e-mail

19  communications, written letter or correspondence between the FTC and the Receiver from January

20  1, 2009 to present and (2) any and all communication referenced in the January 26, 2012 hearing

21  identified in the attached transcripts.  The Receiver argues that the Court should quash this

22  subpoena as it is overbroad, unduly burdensome and seeks protected material.  To date, no party

23  has filed an opposition to this motion and the time for opposition has expired.  "Failure of an

24  opposing party to file points and authorities in response to any motion shall constitute a consent to

25  the granting of the motion."  LR 7-2(d).  The Court will therefore grant the Receiver's request and

26  quash the subpoena dated April 19, 2012.  Accordingly,

27         **IT IS HEREBY ORDERED** that Defendant Johnson's Motion to Compel (#533) is

28  **denied**.

3

**IT IS FURTHER ORDERED** that Defendant Johnson's Motion for Leave to File Second Amended Answer (#548) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that the Receiver's Motion to Quash Subpoena to Produce Documents (#561) is **granted**.

DATED this 12th day of June, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

4