UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:10-cv-02203-MMD-GWF |
| Plaintiff, | ORDER |
| v. | (Motion to Modify Stay, dkt. no. 558) |
| JEREMY D. JOHNSON, | |
| Defendant. | |

Before the Court is Defendant Jeremy D. Johnson's **Motion to Modify Stipulation and Order for Limited Stay** (dkt. no. 558). The Court has also considered Plaintiff Federal Trade Commission's Opposition (dkt. no. 579) and Johnson's Reply (dkt. no. 587).

I.   BACKGROUND

On July 14, 2011, the Court entered a limited stay of discovery for 180 days, staying certain types of discovery until January 10, 2012. The Court subsequently extended the limited stay for an additional 180 days—to July 8, 2012. The limited stay is therefore currently set to expire in just over two weeks. Johnson has now filed a motion requesting a modification of the limited stay, or, in the alternative, clarification of the Court's previous rulings regarding the extent of the limited stay. For the reasons discussed below, the Court denies Johnson's request to modify the limited stay, but the Court will clarify its previous rulings.

## II.   DISCUSSION

Johnson asks the Court to modify the limited stay (dkt. no. 263) to permit him to conduct discovery to the same extent as the FTC and Receiver.  However, the limited stay already permits Johnson to do so.  Specifically, the limited stay precludes *all* parties from conducting non-asset-related discovery, or, in other words, discovery going to the merits of the case.  (Dkt. no. 263, Stipulation and Order for a Limited Stay, 1:22-23).  However, there are exceptions to this restriction.  First, *any* party may conduct discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure, which deals with subpoenas.  (*Id.* at 1:24-26).  This exception permits any party to obtain documents pursuant to a subpoena and to depose custodians of record pursuant to a subpoena duces tecum.  (*Id.*; *see also* Dkt. no. 475, Transcripts of Motion Hearing, Jan. 26, 2012, 10:7-9).  The documents sought under such a subpoena must be specifically identified in the subpoena. (Dkt. no. 475, Transcripts of Motion Hearing, Jan. 26, 2012, 10:13-17).  A party cannot simply ask for *all* the documents the person responding to the subpoena has in their possession.  (*Id.*).  Finally, any time a subpoena is issued, the party requesting the subpoena is required to notify all other parties with a copy of the subpoena.  (*Id.* at 18-21).[1]

The second exception to the limited stay permits any party to conduct document discovery.  (Dkt. no. 263, Stipulation and Order for a Limited Stay, 2:1-4.)   This exception initially contained a provision precluding document discovery against any Defendants who had also been indicted in the case *United States v. Jeremy David Johnson*, 2:11-cr-11-00501 (D. UT), (*see id.*), but the Court has since removed that provision (dkt. no. 474, Transcripts of Motions Hearing, Jan 5, 2012, 41:8-21, 44:19-21).

---

[1] The Court has further ruled that the Receiver (in conducting *asset* discovery) is excluded from this requirement to give notice of the issuance of a subpoena. However, once the Receiver receives documents pursuant to such a subpoena, the Receiver is required to notify the parties of the identification of the documents received (*e.g.*, whether it is a deed of trust, bank statement, etc.), and the identity of the person or entity responding to the subpoena.

Thus, any party may conduct discovery to obtain documents going to the merits of the case, and all parties are required to respond to such discovery.

The third exception permits the Receiver and the FTC to conduct asset discovery. The purpose of this exception is to allow the Receiver and the FTC to locate and preserve the Defendants' assets so as to secure a source of recovery for the victims of the Defendants' alleged fraud. This exception does not specifically permit the Defendants to engage in asset discovery because the Court presumes they already know the location of their own assets and therefore have access to the information the Receiver and FTC may seek through discovery. For this reason, the Court has previously ordered the Defendants to identify and turn over their assets to the Receiver. (Dkt. no. 130, Preliminary Injunction, Section XVI, Transfer of Receivership Property to Receiver).[2]

Accordingly, the limited stay deals with two separate types of discovery: merits discovery and asset discovery. It is unclear from Johnson's motion exactly what type of discovery he is requesting permission to conduct. If Johnson is requesting permission to conduct *merits* discovery to the same extent as other parties, the request is denied because contrary to his belief, he is already permitted to engage in merits discovery to the same extent as all other parties. If Johnson is requesting permission to engage in *asset* discovery to the same extent as the FTC and Receiver, the request is also denied because, as stated above, Johnson has no need to engage in such discovery as he should already know the location of his assets. The Court reminds Johnson that the current discovery boundaries were drawn up, and agreed to, by the Defendants themselves. (Dkt. no. 263, Stipulation and Order, 1:14-15). The Court's subsequent bench rulings did not alter those boundaries. It therefore seems awkward for him to now argue that those boundaries are "unjust" and "defeat everything our constitution represents." The Court denies the motion.

---

[2] There are other exceptions to the stay, however these exceptions are not at issue and are clearly set forth in the limited stay order (#263).

### III. CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Johnson's Motion to Modify the Limited Stay (dkt. no. 558) is DENIED.

IT IS FURTHER ORDERED that a STATUS CONFERENCE is set for July 23, 2012 at 9:00 a.m. in LV Courtroom 4A, before Judge Miranda M. Du, at which time the Court will hear arguments regarding whether the limited stay should be further extended. The Court further orders all interested parties to submit any briefing in connection with this hearing no later than July 16, 2012.  The limited stay, which is currently set to expire on July 8, 2012, shall remain in effect until this status conference is held.

DATED THIS 22nd day of June 2012.

_____
UNITED STATES DISTRICT JUDGE

4