Michael D. Stanger, Esq.
*mstanger@cnmlaw.com*
Nevada Bar No. 8272
CALLISTER NEBEKER & McCULLOUGH
Zions Bank Building
10 East South Temple, Suite 900
Salt Lake City, Utah 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127

John P. Aldrich, Esq.
*jaldrich@johnaldrichlawfirm.com*
Nevada Bar No. 6877
ALDRICH LAW FIRM, LTD.
1601 S. Rainbow Blvd., Ste. 160
Las Vegas, Nevada 89146
Telephone: (702) 853-5490
Facsimile: (702) 227-1975

Attorneys for Non-Party New Horizons Finance, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY JOHNSON, etc., et al.<br><br>Defendants. | Case No. 2:10-CV-02203-MMD-GWF<br><br>**OBJECTION TO JURISDICTION AND AUTHORITY OF COURT TO GRANT RELIEF REQUESTED IN MOTION FOR ORDER CLARIFYING PRELIMINARY INJUNCTION** |

Non-party New Horizons Finance, Inc. ("New Horizons"), through counsel, the law firms of Callister Nebeker & McCullough and Aldrich Law Firm, Ltd., hereby appears for the limited purpose of contesting the Court's jurisdiction over New Horizons and its authority to grant the relief requested by the Receiver in his Motion to Clarify Preliminary Injunction Order and for Further Instructions . . . (the "Motion to Clarify") [DE 580], as follows:

581700.1

## LEGAL STANDARD

As recognized by the Receiver in this case,[1] the question whether a receivership court has power to reach the assets of a non-party is governed by the Ninth Circuit Court's opinion in <u>In re San Vicente Medical Partners, Ltd.</u>, 962 F.2d 1402 (9th Cir. 1992). There, the Court found that a receiver's attempt to reach the assets of a non-party "raise[s] serious questions concerning the limits of the court's power" (*id.* at 1406), which requires the court to make a determination as to whether the court's assertion of jurisdiction is in accordance with due process of law. (*Id.*). The Court explained that "the normal procedure is to name the owners of property as party defendants before seeking quasi in rem jurisdiction over property," (*id.* at 1408), but that, under certain circumstances, the court may reach the assets of an entity not named as a party if the entity is controlled by the named party and has minimum contacts with the forum state so as to be subject to jurisdiction therein. The Court explained that a receivership court has power to reach the assets of a non-party under the control of a named party "as long as the non-party meets the minimum contacts standard set out in *International Shoe* and receives actual notice and an opportunity for a hearing." (*Id.*; *see also id.* at 1406-07 (*citing* <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945))).

In <u>SEC v. Private Equity Management Group, Inc.</u>, 2009 WL 1941400 (C. D. Cal. 2009),[2] the court applied <u>San Vicente</u> and explained that a receiver's attempt to reach a non-party involves two separate inquiries: (1) whether the non-party is "separate and distinct" from the named receivership defendants?; and (2) whether the court has power to include the non-party in the receivership estate? (*See id.* at *1). The court explained the limitation on the court's power over non-parties as follows:

> [D]espite enjoying "wide discretion" when fashioning relief and protective measures, this Court may only include the property of a non-party entity in its receivership order if "the nonparty meets the minimum contacts standard set out in *International Shoe* and receives actual notice and an opportunity for a hearing."

*Id.* at *4 (*quoting* <u>San Vicente</u>, 962 F.2d at 1406-08).

---

[1] *See* Motion to Clarify, at p. 42.

[2] This case is cited in the Receiver's Motion to Clarify, at p. 42.

- 2 -

Thus, in the present case, the Receiver must show two things in order to establish jurisdiction over New Horizons. First, he must show that New Horizons is not separate and distinct from the named Receivership Defendants such that it is included within this Court's Receivership Order. Next, he must show that New Horizons has the necessary "minimum contacts" with Nevada; that it received actual notice; and that it has received an opportunity for a hearing to defend against the Receiver's claims.

## STATEMENT OF BACKGROUND FACTS

*New Horizons*

1. New Horizons is a Utah corporation which is domiciled in Utah and doing business in Utah. (True and correct copies of the New Horizon corporate documents on file with the Utah Department of Commerce are attached hereto as Exhibit "A" and incorporated herein by reference).

2. Andy Johnson is presently the sole president, director, registered agent, and shareholder of New Horizons. (*See* Exhibit "A").

3. Andy Johnson has been the only president, director and owner of New Horizons from the time of its incorporation in 2003 to the present. (*See* Exhibit "A").

4. Jeremy Johnson has never been an officer, director, registered agent, or shareholder of New Horizons. (*See* Exhibit "A").

*The Receivership Action*

5. On December 21, 2010, the Federal Trade Commission (the "FTC") initiated the above-captioned civil action (the "Receivership Action"), by filing a Complaint against Jeremy Johnson, I Works, Inc., and various other persons and entities – including Andy Johnson. [DE 1].

6. The Complaint did not name New Horizons as a party to the Receivership Action. [DE 1].

7. On February 10, 2011, the Court in the Receivership Action entered its Preliminary Injunction Order (the "Receivership Order") [DE 130].

8. In the Receivership Order, the Court enjoined all of the named defendants from engaging in certain business transactions. [DE 130 at pp. 11-15].

9. In the Receivership Order, the Court entered an asset freeze and appointed a receiver with respect to the assets of some of the named defendants: specifically, Jeremy Johnson and certain named corporate defendants – who are jointly defined in the Receivership Order as the "Receivership Defendants". [DE 130 at pp. 15-17, 22-23].

10. New Horizons is not named in the Receivership Order. [DE 130].

11. Andy Johnson is named in the Receivership Order as one of the individual defendants subject to the Court's injunction, but he is not included in the "Receivership Defendants" and his assets are not frozen, nor are they a part of the receivership estate. [DE 130 at pp. 9, 15 & 22].

*The Motion to Clarify*

12. On May 30, 2012, the Receiver file the present Motion to Clarify Preliminary Injunction Order and for Further Instructions . . . (the "Motion to Clarify") [DE 580].

13. Although the title of the Motion to Clarify indicates that the Receiver is seeking clarification of the Court's prior Receivership Order, in fact the Receivers is seeking to greatly expand the Receivership Order to include an additional 87 non-party entities as "Receivership Defendants" and to include the assets of such non-parties as assets of the Receivership Estate. [DE 580 at p. 1 & Exh. A]

14. In addition to the 87 non-parties identified by name, the Motion to Clarify also seeks to expand the definition of "Receivership Defendants" and "Receivership Property" to include:

> [A]ll other entities and assets owned or controlled, directly or indirectly, by Jeremy Johnson ("Johnson"), including but not limited to (i) all assets and entities held in the name of a third party for the benefit of Johnson and/or (ii) all assets the source of funding of which came in whole or in part from funds or assets of the Receivership Defendants . . . .

[DE 580 at p. 1].

15. The Motion to Clarify lists New Horizons as one of the 87 named entities which the Receiver seeks to include on the expanded list of "Receivership Defendants." (*Id.*).

16. Although the Memorandum supporting the Motion to Clarify is 46 pages long, the Receiver devotes only 1 paragraph to discussing the basis for his attempt to include New Horizons

- 4 -

1  as a Receivership Defendant. [DE 580, Memorandum at p. 39 (page 47 of 54)]. Such paragraph
2  contains a number of allegations about New Horizons. (*Id.*).

3    17.  The Receiver has never communicated with New Horizons or Andy Johnson about
4  the allegations in the Motion to Clarify.

5    18.  The Motion to Clarify contains no allegations, argument or evidence that New
6  Horizons has any contacts with Nevada. [DE 580]

7    19.  The Motion to Clarify was mailed to Andy Johnson, as a named defendant in the
8  Receivership Action, but it was not mailed to or otherwise served upon New Horizons.

## DISCUSSION

In applying San Vicente to the circumstances of the present case, it is readily apparent that this Court does not have power to assert jurisdiction over New Horizons – a non-party.

First and foremost, is the Receiver's glaring failure to make the required showing of "minimum contacts" under the *International Shoe* standard. The Receiver has not shown, or even alleged, that New Horizons had any contacts with Nevada whatsoever. Absent such a showing, this Court has no power over New Horizons and the Motion to Clarify must be denied with respect to New Horizons. (*See* San Vicente, 962 F.2d at 1406-08).[3]

Next, even if New Horizons had minimum contacts with Nevada, the Motion to Clarify fails because New Horizons is not owned or controlled by Jeremy Johnson (or any named Receivership

---

[3] The Receiver has furthermore failed to comply with the other requirements of due process under *San Vicente* and *International Shoe*. The Receiver did not attempt to provide notice to New Horizons, as it did not include New Horizons on the certificate of service for the Motion to Clarify. Indeed, but for the fact that New Horizon's owner is on the service list in his individual capacity, New Horizons may never have received notice of the Receiver's attempt to seize its assets. Moreover, it is not readily apparent from the face of the Motion to Clarify – which indicates that the Receiver is merely seeking clarification – that the Receiver is actually seeking to seize outright control over New Horizons (and 86 other) entities without the filing of a complaint or the service of a summons.

Similarly, the Receiver has not provided the non-parties with adequate opportunity for a hearing. Before being deprived of their property, the non-parties should be entitled to a full evidentiary trial on the merits after appropriate discovery. Yet, the Motion to Clarify does not appear to provide any such protections, but apparently seeks to seize the property in a wholesale manner without an appropriate evidentiary trial.

581700.1

Defendant), but is a wholly separate and distinct entity and is owned and controlled by a separate and distinct individual.

The Receiver has wholly failed to meet his burden to show that New Horizons is a subsidiary or affiliate of Jeremy Johnson or any other Receivership Defendant – or otherwise controlled by them. Indeed, the Receiver's attempt to seize the property of New Horizons is based on nothing more than incomplete information, speculation, and erroneous facts and assumptions. With only scant, partial evidence and information as to the operations of New Horizons – and without ever seeking the true and complete story from New Horizons itself[4] – the Receiver has jumped to a number of unfounded and inaccurate conclusions.

A review of each of the allegations against New Horizons in the Motion to Clarify (at pp. 39-40) shows that there is no basis for seizing control of its assets:

The Receiver first asserts that New Horizons is "nominally owned" by Andy Johnson. (*Id.* at p. 39). Such assertion does not help the Receiver's case, but harms it. It is an admission that New Horizons is not owned by any Receivership Defendant, but is owned by a separate individual. Moreover, the Receiver has provided no evidence to support his allegation that Andy Johnson's ownership is merely "nominal." Having been the sole owner, officer, and director from the date of its incorporation (*see* Exhibit "A"), he is the true and actual owner of the New Horizons.

Next, the Receiver asserts that New Horizons was managed by Kevin Pilon. (Motion to Clarify, at p. 39). While New Horizons does not dispute that it employed Kevin Pilon to manage its operations for a number of years, this does not help the Receiver's case. It is not uncommon for a corporation to hire a manager to oversee its business operations. This does not provide a basis for the Receiver to assert control over the company – especially given the fact that Kevin Pilon is not even a Receivership Defendant.

Next, the Receiver (at pp. 39-40) makes a number of irrelevant and erroneous assertions regarding New Horizons's financial statements (attached as Tab 11 to the Receiver's First Report).

---

[4] The Receiver has never given Andy Johnson the opportunity to explain the facts or to otherwise respond to the Receiver's allegations.

1  These documents do not support the Receiver's arguments, but further confirm that New Horizons
2  is a separate and distinct entity, with separate and distinct financial records.

3  The Receiver notes (at p. 40) that over 80% of New Horizon's income was categorized as
4  "contract processing income." (*See* First Report, at Tab 11). It is difficult to see how this supports
5  the Receiver's case. The Receiver has not tied any of this to the Receivership Defendants or
6  shown how this would give the Receiver a basis for asserting control over New Horizons. The fact
7  that New Horizons may have done business in the same industry as the Receivership Defendants
8  does not mean that it was owned or controlled by them.

9  The Receiver next asserts (at p. 40) that a portion of New Horizon's expenses ("outside
10 service" and "payroll" expenses) were paid to Receivership Defendants. Again, this does not
11 provide a basis for seizing New Horizons. As shown by the financial statements, New Horizons
12 had many different types of expenses payable to many different providers. The fact that New
13 Horizons did business with some of the Receivership Defendants does not mean that it was a
14 subsidiary or affiliate of them. Does the Receiver intend to claim ownership over every entity that
15 did business with the Receivership Defendants?  What is the legal basis for such a claim?

16 Next, the Receiver (at p. 40) notes that the financial statements indicate that New Horizons
17 is obligated on two loans payable to Jeremy Johnson (in the amount of $319,500) and I Works (in
18 the amount of $245,000). (*See* First Report, at Tab 11). This, however, only confirms that New
19 Horizons is a separate and distinct entity from the Receivership Defendants. It shows that the
20 money of New Horizons was not commingled with that of the Receivership Defendants, and that
21 the transactions between the entities was appropriately recorded and accounted for. The fact that
22 New Horizons borrowed money from some of the Receivership Defendants does not mean that it
23 was owned or controlled by them. Does the Receiver intend to claim ownership of all entities who
24 owe money to the Receivership Defendants?

25 Next, the Receiver makes the false and erroneous assertion that the loans of Jeremy Johnson
26 and I Works were "classified as capital contributions" and that "[t]hose capital contributions are
27 the only sources of capital or equity interests listed on the New Horizons balance sheet." (Motion
28

- 7 -

581700.1

to Clarify, at p. 40).  Such assertion is without evidentiary support and is patently wrong.[5]  A review of the balance sheet shows that the loans were not classified as capital contributions, but as *loans* – listed under the "Liabilities" section of the balance sheet.  (*See* First Report, at Tab 11).  Furthermore, the "Equity" section confirms that neither Jeremy Johnson nor I Works made a capital contribution.  (*Id.*)  Rather, it indicates that the entire portion of equity is attributable to "Net Income," which means that there was no capital contribution by anybody.

Finally, the Receiver asserts (at p. 40) that New Horizons owns a trailer park.  While this is not disputed, it does nothing to support the Receiver's attempt to seize ownership of New Horizons.

The sum total of the Receiver's "evidence" show that New Horizons: (i) has done business with some of the Receivership Defendants; (ii) has borrowed money from some of the Receivership Defendants; (iii) hired a manager who was not a Receivership Defendant; and (iv) owns a trailer park.  This "evidence" further shows that New Horizons is a separate and distinct entity, with separate and distinct ownership, and separate and distinct financial records.  Such evidence is wholly inadequate to show that New Horizons was owned or controlled by any of the Receivership Defendants.[6]

---

[5] It is puzzling why the Receiver would misrepresent the contents of the balance sheet in such a manner, when the Receiver's statements are so easily disproven by a review of the balance sheet itself.

[6] Shortly before the filing of this Objection, New Horizons received a copy of the PLAINTIFF FTC'S RESPONSE SUPPORTING THE RECEIVER'S MOTION FOR ORDER CLARIFYING PRELIMINARY INJUNCTION ORDER . . . [DE 620] (the "FTC Response").  Such document raises two new allegations regarding New Horizons which were not raised in the Receiver's Motion to Clarify:  (i) that Jeremy Johnson represented to third parties that he was the owner of the trailer park; and (ii) that lease payments on a helicopter were deposited into New Horizon's bank account.  (*See* FTC Response, at pp. 6-8).

While counsel for New Horizons has not yet had the opportunity to conduct full inquiry into these new allegations, it is apparent that they are not sufficient to establish that Jeremy Johnson owned or controlled New Horizons:

As to the first allegation, regardless what Jeremy Johnson may have stated to third parties, he did not own or control New Horizons or its property.  A non-owner cannot obtain ownership of property merely by telling others that he owns it.  New Horizons should not be prejudiced by anything Jeremy may have said with respect to its property.  Moreover, given the familial relationship between Andy Johnson and Jeremy Johnson, and given that New Horizons owed more than $300,000 to Jeremy Johnson, it would be perfectly appropriate for New Horizons to authorize

The facts of the present case are very different from the facts of those cases cited by the Receiver wherein the court exercised jurisdiction over non-party entities. (*See* Motion to Clarify, at pp. 42-44).

In <u>San Vicente</u>, 962 F.2d at 1402, the non-party entity was clearly controlled by the named receivership defendant (as the non-party's general partner was a subsidiary of the receivership defendant), and it clearly had the necessary minimum contacts with the forum state of California (as it was a California limited partnership with its principal place of business in California). In contrast, in the present case New Horizons is not owned or controlled by any Receivership Defendant, or any subsidiary thereof, and it has no contacts with the forum state of Nevada.

In <u>Private Equity Management Group</u>, 2009 WL 1941400, the court found that there was "noticeable overlap" and "substantial similarity" in those who controlled the named parties and the non-party entities, and that the non-parties had sufficient contacts with the forum state of California. (*Id.* at \*\*3-5). Again, neither of these facts is present in this case.

In <u>SEC. v. Elmas Trading Corp.</u>, 620 F.Supp. 231 (D. Nev. 1985), the court applied the doctrine of alter ego in modifying its receivership order to include certain entities, while declining to include others, based upon a factual review of the evidence as to the defendant's ownership and control over each of the entities. In so doing, the court explained that "the Receiver must show beyond mere speculation that the[] entities should be brought within the Receivership" (*id.* at 233) and that the court "may not apply the doctrine [of alter ego] to prejudice an innocent third party." (*Id.*). In contrast to the facts of such case, the Receiver in the present case has wholly failed to

---

Jeremy Johnson to pledge the trailer park as collateral for any loan he may be pursuing.

As to the second allegation, the FTC's documentation [DE 620-2 at p. 15 of 17] indicates that the instructions to wire lease payment funds into the account of New Horizons came from Kevin Pilon – not Jeremy Johnson. Given that Kevin Pilon was the manager of New Horizons, and given that Kevin Pilon and New Horizons were involved in various different business activities (which included managing helicopter lease transactions), there would be nothing inappropriate about having lease payments deposited into the New Horizons account.

Thus, contrary to the FTC's assertions, there is nothing about the new allegations (even if true) which establishes that Jeremy Johnson was the *de facto* owner of New Horizons. The fact that New Horizons had business dealings with Jeremy Johnson does not mean that he owned or controlled the company.

1  present evidence to establish that New Horizons is the alter ego of the Receivership Defendants.
2  Rather, the Receiver is seeking to prejudice an innocent third party based upon mere speculation.

3  In FTC v. Productive Marketing, Inc., 136 F.Supp.2d 1096 (C.D. Cal. 2001), the court did
4  not address the question of seizing control over a non-party entity. Rather, the court considered
5  whether to hold non-parties in contempt of an injunction for refusing to turn over funds of the
6  receivership estate to which the non-parties had no claim or title. The court found that it could
7  assert personal jurisdiction over the non-parties because they had sufficient minimum contacts with
8  the forum state in accordance with *International Shoe*. (*Id.* at 1103). The court further found that
9  it could assert *in rem* jurisdiction over the property because it was undisputedly property of the
10 receivership defendants – noting that the receivership order only included assets of the receivership
11 defendants, that it did not extend to assets titled in the name of non-parties, and that the non-parties
12 did not claim any right or title to the property. (*Id.* at n.7). In contrast, in the present case, the
13 Court does not have personal jurisdiction over New Horizons – as it has no contacts with Nevada.
14 Nor does the Court have *in rem* jurisdiction over New Horizons or its property – as such property
15 is not titled in the name of the Receivership Defendants, but in the name of a non-party. Because
16 ownership of New Horizons is titled in the name of Andy Johnson, this Court lacks *in rem*
17 jurisdiction over the property.

18 Finally, SEC v. Wencke, 622 F.2d 1363 (9th Cir. 1980), does not address the issue of seizing
19 property of non-parties, but merely stands for the unremarkable proposition that a receivership
20 court with *in rem* jurisdiction over the property of the receivership estate may issue a blanket stay
21 against litigation involving such property.

22 Thus, none of the legal authorities cited by the Receiver supports the remedy sought by the
23 Receiver in this case. None would allow this Court to seize control of property titled in the name
24 of a non-party, when such non-party is not subject to jurisdiction in this state.[7]

---

[7] Moreover, the Receiver has failed to acknowledge the existence of other legal authority which would prohibit this Court from seizing the property of New Horizons. (*See* SEC v. Cherif, 933 F.2d 403, 413-14 (7th Cir. 1991) (court may not freeze assets of non-party not accused of wrongdoing); SEC v. Black, 163 F.3d 188, 196-97 (3rd Cir. 1998) (court may only freeze property of defendant or culpable third party)).

## SUMMARY AND CONCLUSION

In the Motion to Clarify, the Receiver seeks extreme, unprecedented relief. The Receiver seeks to seize control of 87 different entities who have not been named as parties. He seeks to deprive the owners of such entities of their property in a summary manner without affording basic elements of notice or a trial on the merits. He seeks to do so in the guise of a motion for *clarification* – without even serving legal process upon the non-parties. As discussed above, the law does not permit such a violation of due process.

If the Receiver believes that he has a claim to ownership of New Horizons or any of its assets, he certainly has appropriate legal remedies to pursue such claims – remedies which would allow the Receiver his day in court without violating the due process rights of New Horizons. Under the law, New Horizons should be not be obliged to defend itself in a forum in which it is not subject to jurisdiction. Moreover, New Horizons should be entitled to appropriate notice of the Receiver's claims pursuant to the filing a complaint specifying the Receiver's factual allegations and the service of a summons in accordance with Rule 4 of the Federal Rules of Civil Procedure. New Horizons should then be entitled to participate in full discovery, and thereafter to a full evidentiary trial, wherein the Receiver's allegations and New Horizons' defenses may be fully and fairly litigated before an appropriate finder-of-fact.

In the present case, the Receiver does not purport to afford New Horizons with any of these protections. Rather, he seeks to deprive New Horizons of its property in conjunction with 86 other non-parties in a summary manner, without a trial, in a forum in which it is not subject to jurisdiction. Such trampling of due process is not permitted under the law.

Wherefore, for the above-stated reasons, New Horizons requests that the Court acknowledge that New Horizons is not subject to jurisdiction in this district, and that it deny the relief requested in the Motion to Clarify.

1  DATED this 16th day of July, 2012.

 /s/Michael D. Stanger
MICHAEL D. STANGER
CALLISTER NEBEKER & McCULLOUGH

JOHN P. ALDRICH
ALDRICH LAW FIRM, LTD.

Attorneys for Defendants

581700.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **OBJECTION TO JURISDICTION AND AUTHORITY OF COURT TO GRANT RELIEF REQUESTED IN MOTION FOR ORDER CLARIFYING PRELIMINARY INJUNCTION** was served upon the parties below through the Court's CM/ECF system on this 16th day of July, 2012:

| | |
|---|---|
| John Christian Barlow | federalcourt@johnchristianbarlow.com, morgan.skinner@kcsg.com |
| Alan D. Boyack | alandboyack@yahoo.com |
| Edward D. Boyack | sherri@edblaw.net |
| Joseph R. Brooke | jbrooke@ftc.gov |
| Gary Owen Caris | gcaris@mckennalong.com, eupton@mckennalong.com |
| Teresa Chen | tchen@ftc.gov |
| Brett D. Ekins | bekins@joneswaldo.com, lcheney@joneswaldo.com |
| Nathan K. Fisher | taylorn@dixontruman.com |
| Jared Green | jared.green@mccormickbarstow.com, tammy.deja@mccormickbarstow.com |
| Collot Guerard | cguerard@ftc.gov, lgreisman@ftc.gov, rtyndall@ftc.gov, dsalsburg@ftc.gov, cguerard@comcast.net |
| Lesley Anne Hawes | lhawes@mckennalong.com, eupton@mckennalong.com |
| Randolph L. Howard | rhoward@klnevada.com, ckishi@klnevada.com, usdistrict@klnevada.com |
| Mark A. Hutchison | mhutchison@hutchlegal.com; mcarnate@hutchlegal.com |
| Jeremy D. Johnson | royalorangecat@gmail.com |
| Janice Kopec | jkopec@ftc.gov |
| Michael C. O'Brien | mobrien@vancott.com |
| Adriana Pereyra | adriana.pereyra@lawyer.com |
| Todd W. Prall | tprall@hutchlegal.com; markerlawmediation@gmail.com; ntaylor@hutchlegal.com |
| Jacob A. Reynolds | jreynolds@hutchlegal.com; bpereira@hutchlegal.com |
| Jessica G. Peterson | jpeterson@djplaw.com, khughes@djplaw.com |

581700.1

| | | |
|---|---|---|
| 1 | Michael R. Shaw | mshaw@joneswaldo.com, smoen@joneswaldo.com |
| 2 | Reza Sina | reza@sinalawgroup.com, brothbard@roadrunner.com |
| 3 | Michael P. Studebaker | mike@studebakerlaw.com |
| 4 | Jeannette F. Swent | jeannette.swent@usdoj.gov, valerie.maxwell@usdoj.gov |
| 5 | Michael F. Thomson | thomson.michael@dorsey.com, montoya.michelle@dorsey.com |
| 6 | Dotan Weinman | dweinman@ftc.gov |
| 7 | Loren E. Weiss | lweiss@rqn.com, rfrodente@rqn.com, docket@rqn.com |
| 8 | Blaine T. Welsh | blaine.welsh@usdoj.gov, sue.knight@usdoj.gov, eunice.jones@usdoj.gov, doriayn.olivarra@usdoj.gov, mary.booker@usdoj.gov |

The following non-CM/ECF participants were served by first-class mail, postage prepaid on July 16, 2012:

Fitness For Life, Inc.
205 East Tabernacle St., Ste 2
St. George, UT 84770

Ryan Riddle
446 East 1410 South
Washington, UT 84780

Andy Johnson
3641 Vista View Circle
Santa Clara, UT 84765

Loyd Johnston
2988 Kings Court Lane
Washington, UT 84780

Lifestyles For Fitness, Inc.
205 East Tabernacle St., Ste 2
St. George, UT 84770

Scott Muir
618 Draper Heights Ways
Draper, UT 84020

Bryce Payne
2399 East Bella Rosa Circle
St. George, UT 84780

Kevin Pilon
1975 East 1060 North
St. George, UT 84770

Sharla Johnson
529 Woods View Circle
St. George, UT 84770

Jason Vowell
573 South Woods View Circle
St. Goerge, UT 84770

N. George Daines, Esq.
Registered Agent and Corporate Counsel
Cache Valley Bank
108 North Main
Logan, UT 84321

Sam Taylor
FDIC
1601 Bryan Street
Dallas, TX 75201

Aaron D. Randall
Hughes, Thompson, Randall & Mellen, P.C.
187 North 100 West
St. George, UT 84770

Dionna Vowell
647 Arrowhead Trail
Santa Clara, UT 84765-5598

581700.1

| | | |
|---|---|---|
| 1 | James W. McConkie III, Esq.<br>Prince, Yeates & Geldzahler | Sheree Vowell<br>1627 W. Chateau Circle |
| 2 | 175 East 400 South, Suite 900<br>Salt Lake City, UT 84111 | St. George, UT 84770-1655 |
| 3 | | Lilhaf Holdings LLC<br>543 N. Bluff Street |
| 4 | Todd Vowell<br>1627 West Chateau Circle<br>St. George, UT 84770 | St. George, UT 84770-2625<br>Attn: John Hafe, Managing Member |
| 5 | | |
| 6 | Kerry and Barbara Johnson<br>2489 Riverfront Drive | Tiburon Enterprises LLC<br>1630 E. 2450 South, Unit 60 |
| 7 | Santa Clara, UT 84765 | St. George, UT 84790-6993<br>Attn: John Hafen Managing Member |
| 8 | Zachary Wiseman, Esq.<br>Ray Quinney & Nebeker | Tyler T. Todd |
| 9 | 36 South State Street, Suite 1400<br>Salt Lake City, UT 84111 | Labrum Neeley Velez & Associates<br>1173 South 250 West, Suite 311<br>St. George, UT 84770 |
| 10 | Jen Geiger<br>FDIC | Nathan A. Crane |
| 11 | 25 Jessie Street, Suite 1400<br>San Francisco, CA 94105 | Jeffrey D. Mann<br>Stirba & Associates |
| 12 | | 215 South State Street, Suite 750<br>PO Box 810 |
| 13 | Rod Rodriguez<br>FDIC<br>1601 Bryan Street | Salt Lake City, UT 84110-0810 |
| 14 | Dallas, TX 75201 | Mountain Financial, LLC<br>3317 S. Higley Road |
| 15 | V. Lowry Snow<br>Snow Jensen & Reece | Suite 114<br>Gilbert, AZ 85297-5437 |
| 16 | 912 West 1600 South, Ste. B200<br>St. George, UT 84770 | Attn: Brett Andreasen |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | /s/ Michael D. Stanger |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

- 15 -

581700.1