UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JEREMY D. JOHNSON, et. al.,<br>　　　　　　　　　　Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>ORDER<br><br>(Lifting Stay on Discovery – dkt. no. 263) |

This Order addresses the lifting of the stay of discovery that was initiated at the parties' request. The Court held a status conference on July 23, 2012, to determine the parties' position on whether the stay of discovery should be allowed to expire. For the reasons set forth below, and subject to the conditions outlined below, the stay on discovery (dkt. no. 263) is hereby lifted.

**I.     BACKGROUND**

On July 14, 2011, the Court granted the stipulation for a limited stay of discovery for 180 days, staying certain types of discovery until January 10, 2012. (Dkt. no. 263.) The Court subsequently extended the limited stay for an additional 180 days – to July 8, 2012, pursuant to the parties' request. (Dkt. no. 434.) Defendant Jeremy Johnson subsequently moved to modify the stipulation and order for limited stay. (Dkt. no. 558.) The Court denied his motion, but set a hearing for July 23, 2012, to determine the parties' positions on lifting the stay. (Dkt. no. 611.) Plaintiff Federal Trade Commission ("FTC") filed its Brief in Support of Lifting the Limited Stay (dkt. no. 624) on July 16,

2012, requesting that the stay be lifted. Johnson filed his Opposition to Extending the Limited Stay (dkt. no. 631) requesting that the stay be lifted, but that depositions, interrogatories, or admission of the Defendants not be allowed during the pendency of the criminal case. The remaining individual Defendants have either joined Johnson's Opposition or support lifting of the stay. (Dkt. nos. 632, 633.)

## II. DISCUSSION

### A. Stay of Discovery

In the interest of advancing this case, and consistent with the parties' wishes, the Court will lift the stay of discovery in this case subject to the conditions described herein. "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable . . . ." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citation omitted). The Court must decide whether to stay this proceeding "in light of the particular circumstances and competing interests involved in the case," including consideration of any defendant's Fifth Amendment rights. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In addition to addressing Fifth Amendment self-incrimination protections, the following five factors should also be considered in making this determination:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 902-03.

This Court has recognized the Fifth Amendment implications raised by the parallel criminal proceeding in the District of Utah, and lifts the stay on discovery with the rights of Johnson and the other individual Defendants in mind. Given that Defendants ask this Court to lift the stay, the Court is satisfied that Defendants' Fifth Amendment rights will

///

be adequately protected on a case-by-case basis. Any concerns over self-incrimination will be addressed through specific objections during the course of discovery.

In considering the remaining factors, the Court finds that FTC has sufficiently demonstrated its interest in pursuing discovery in this case. The facts that gave rise to this case occurred in the period between 2006 and 2010. Proceeding swiftly with discovery and trial limits the risk of losing evidence required to pursue the case, whether by fading memories, misplaced documents, or unavailable witnesses.

Similarly, the Court is mindful of the individual Defendants' precarious position in this case. Allowing civil discovery to run its course in a timely fashion will enable these Defendants to collect evidence necessary to defend against the FTC's charges, and will do so without burdening them with the uncertainty of a stayed civil suit. Indeed, the potential scale of the criminal case in addition to the delay in the issuance of a superseding indictment against Johnson calls into question whether the criminal proceedings "will be concluded within a reasonable time in relation to the urgency of the claims presented to [this Court]." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

Likewise, nonparties to this litigation will be better served by lifting the stay. Undue delay in this case would prejudice the interests of any victim of Defendants' allegedly illegal conduct. *See, e.g.*, *FTC v. J.K. Publ'ns, Inc.*, 99 F. Supp. 2d 1176, 1197 (C.D. Cal. 2000) (addressing the interest of cardholder victims, banks, and card associations in alleged fraudulent business scheme involving unauthorized credit card charges).

Lastly, the timely resolution of this complex civil suit not only limits the strain on scarce judicial resources, but also serves the public interest in the speedy disposition of a case that implicates the public's right to fair markets and consumer protection. This is particularly true where a federal agency is involved, and the public's confidence in that agency's enforcement scheme is at stake. *See Keating*, 45 F.3d at 326; *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008) ("The public has a vital interest in

the integrity of public markets, efficient punishment of wrongdoers, and deterrence of similar conduct by other corporate officers.").

### B. Scope of Discovery

Discovery in this case is to be conducted pursuant to Fed. R. Civ. P. 26, subject to several additional conditions imposed to ensure Defendants' Fifth Amendment rights are protected and Intervener United States of America's ("Intervener") concerns about interference with the parallel criminal proceedings are addressed. Defendants may assert self-incrimination objections in response to individual discovery requests or deposition questions. Intervener may raise objections to any discovery that interferes or may potentially interfere with the parallel criminal proceedings in the District of Utah.

All discovery, including discovery requests and subpoenas, must be served on all parties and Intervener either electronically by e-mail or by mail and addressed to either the party or counsel of record for the party and Intervener. Any restrictions on contacts with witnesses imposed by United States District Court Judge Nuffer in the parallel criminal proceeding (*see, e.g.*, dkt. no. 661-A) shall equally apply in this case.

The parties are reminded that all other orders issued by Judge Hunt and Magistrate Judge Foley govern this case, including the timing to respond to subpoenas and the quantity of depositions allowed.

### III. CONCLUSION

The parties are directed to meet and confer and file a joint amended discovery plan and scheduling order within fifteen (15) days from July 23, 2012. Discovery shall resume upon the issuance of that amended order.

DATED THIS 24th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE