1  RANDOLPH L. HOWARD (Nev. SBN 006688)
   rhoward@klnevada.com
2  KOLESAR & LEATHAM, CHTD.
   400 South Rampart Boulevard, Suite 400
3  Las Vegas, NV 89145
   Telephone:   (702) 362-7800
4  Facsimile:   (702) 362-9472

5  GARY OWEN CARIS (Cal. SBN 088918)
   gcaris@mckennalong.com
6  LESLEY ANNE HAWES (Cal. SBN 117101)
   lhawes@mckennalong.com
7  MCKENNA LONG & ALDRIDGE LLP
   300 South Grand Avenue, 14th Floor
8  Los Angeles, CA 90071-3124
   Telephone:   (213) 688-1000
9  Facsimile:   (213) 243-6330

10 Attorneys for Receiver
   **ROBB EVANS OF ROBB EVANS & ASSOCIATES**
11 **LLC**

12

13  **UNITED STATES DISTRICT COURT**

14  **DISTRICT OF NEVADA**

15

16  FEDERAL TRADE COMMISSION,                    Case No. 2:10-CV-02203-MMD-GWF

17              Plaintiff,                       **ORDER (1)
                                                 APPROVING AND CONFIRMING SALE
18  v.                                           OF REAL PROPERTY AND FOR
                                                 RELATED RELIEF; (2) AUTHORIZING
19  JEREMY JOHNSON, etc., et al.,                RECEIVER TO ABANDON PEPS I
                                                 HOUSEBOAT; AND (3) GRANTING
20              Defendants.                      RELIEF FROM LOCAL RULE 66-5
                                                 PERTAINING TO NOTICE TO
21                                               CREDITORS**

22                                               Date:   September 10, 2012
                                                 Time:   1:30 p.m.
23                                               Place:  Courtroom 4A

24

25

26      The Motion for Order: (1) Approving and Confirming Sale of Real Property and for

27  Related Relief; (2) Authorizing Receiver to Abandon Peps I Houseboat; and (3) Granting Relief

28

from Local Rule 66-5 Pertaining to Notice to Creditors (Doc. No. 677) ("Receiver Motion") filed by Robb Evans of Robb Evans & Associates LLC ("Receiver"), came on before the Court for hearing at the above-referenced date, time and place before the Honorable Miranda M. Du, United States District Judge presiding, pursuant to the Court's Minute Order of August 27, 2012 (Doc. No. 693) scheduling a hearing on the Receiver Motion. Collot Guerard appeared telephonically on behalf of plaintiff Federal Trade Commission, Lesley Anne Hawes of McKenna Long & Aldridge LLP, Michael P. Studebaker of Studebaker Law Office L.L.C. appeared on behalf of defendants Duane Fielding, Anthon Holdings Corp. and Network Agenda, LLC (collectively the "Fielding Defendants") appeared on behalf of the Receiver, and other appearances, if any, were noted in the record at the hearing. The Court having reviewed and considered the Receiver Motion and all pleadings and papers filed in support thereof, having reviewed and considered the Response to the Motion filed by the Fielding Defendants (Doc. No. 691) and the Receiver's Reply thereto (Doc. No. 698), having considered the related Motion to Grant Receiver Motion Docket #677 in Part (Doc. No. 696) filed by defendant Jeremy Johnson and the Receiver's Supplemental Reply thereto, and having heard and considered the arguments of counsel and the parties at the hearing on the Motion, and good cause appearing therefor,

IT IS ORDERED that:

1. The Receiver Motion and the relief sought therein is granted in its entirety;

2. Without limiting the generality of the foregoing:

A. The Receiver's proposed sale of the real property located at 147 N. 100 W. Mendon, Utah 84325 ("Mendon Property") to Randall E. Plagmann and Debra W. Plagmann ("Mendon Buyers") by private sale for the sum of $250,000.00 cash pursuant to the terms of that certain Commercial Real Estate Purchase Contract dated as of June 11, 2012, Addendum Nos. 1 through 8 to Real Estate Purchase Contract with Addendum and Additional Terms, Addendum for 147 N. 100 W. Mendon UT, and Seller's Property Condition Disclosure (collectively the "Mendon Purchase Agreement"), attached collectively as Exhibit 3 to the Declaration of Kenton Johnson, and in connection therewith is hereby approved and confirmed;

B.  The Receiver is hereby authorized to execute all documents and instruments necessary or convenient to complete, implement, effectuate and close the sale of the Mendon Property to the Mendon Buyers, including but not limited to the deed conveying title to the Mendon Property;

C.  The Receiver is hereby authorized to permit and/or cause to be paid from the proceeds of sale of the Mendon Property all ordinary and customary closing costs, all costs and expenses required to be paid under the terms of the Mendon Purchase Agreement by the seller from the proceeds of sale, all commissions provided for in the Mendon Purchase Agreement and the Receiver's Exclusive Right to Sell Listing Agreement and Agency Disclosure for the property attached as Exhibit 1 to the Declaration of Kenton Johnson in support of this Motion;

D.  The Receiver is hereby authorized to complete the sale of the Mendon Property without further notice, order or overbidding;

E.  The Receiver is hereby authorized to abandon and not further administer the personal property consisting of a 1999 Skipperline Custom 76' "Peps I" Houseboat ("Houseboat") and allowing the lienholder Town and Country Bank to exercise its contractual rights to repossess and/or foreclose on the Houseboat pursuant to applicable state law, and in connection with the abandonment:

(1)  After entry of this Order, the Receiver is authorized to turn over possession of the Houseboat to Town and Country Bank as lienholder;

(2)  Defendant Jeremy Johnson ("J. Johnson") is ordered to submit to the Receiver a written accounting of all personal property removed by J. Johnson or his agent(s) from the Houseboat, including without limitation all property removed from the safe and ceiling of the Houseboat, within seven days of the date of this Order;

(3)  All net proceeds of any foreclosure sale of the Houseboat under the Town and Country Bank lien or of any sale of the Houseboat by Orange Cat Investments LLC in excess of the amount necessary to satisfy the Town and Country Bank lien in full shall be turned over to the Receiver within two business days of the date of such sale; and

F. Notice of the Motion is deemed to be sufficient under Local Civil Rule 66-5 based on the service of the notice of the filing of the Motion and the Motion on all parties and service of the notice of the filing of the Motion on all known non-consumer creditors of the estate, and on all known taxing authorities with a potential claim in the receivership estate concurrent with the filing of the Motion with the Court.

Dated: September 10, 2012

MIRANDA M. DU
United States District Judge