1

2

3

4                   **UNITED STATES DISTRICT COURT**

5                        **DISTRICT OF NEVADA**

6

7    FEDERAL TRADE COMMISSION,                   )
                                                 )
8                        Plaintiff,              )    Case No.  2:10-cv-02203-MMD-GWF
                                                 )
9    vs.                                         )    **FINDING AND**
                                                 )    **RECOMMENDATION**
10   JEREMY JOHNSON, *et al.*,                    )
                                                 )    Motion for Sanctions (#785)
11                       Defendants.             )
     _____)

12

13        This matter comes before the Court on Plaintiff's Motion for Sanctions (#785), filed on

14   January 15, 2013.  Time to file any oppositions expired on February 1, 2013.

15        Plaintiff seeks sanctions in the form of a default order against Defendant I Works, Inc. ("I

16   Works") for failing to comply with the Court's November 27th Order to Compel (#766).  Plaintiff

17   filed a Motion to Compel (#735) I Works to respond to Plaintiff's Interrogatories, to which I

18   Works had provided no answers.  The Court granted the Motion because I Works failed to oppose

19   it. *See Doc. #766*.  I Works has similarly failed to oppose the instant Motion. Under Local Rule 7-

20   2(d), the failure of an opposing party to file points and authorities in response to any motion shall

21   constitute a consent to the granting of the motion.  The time to oppose the instant Motion has

22   expired, and no response has been filed.

23        Plaintiff also seeks sanctions in the form of a default order against the corporate defendants

24   named in the Court's October 25, 2012 Order to Show Cause (#738, 1:19-2:5) ("Corporations").

25   On September 12, 2012, the Court entered an Order (#710) granting Adriana Pereyra's Motion to

26   Withdraw as Local Counsel (#692) for defendant Corporations, with instructions to the

27   Corporations to designate new local counsel in accordance with Local Rule 10-2 by October 20,

28   2012.  After no local counsel was designated, the Court ordered defendant Corporations to show

1   cause in writing by November 5, 2012 why sanctions should not be imposed.  *See Doc. #738*.  The

2   Corporations did not file any showing.  Furthermore, the Corporations have also failed to oppose

3   the instant Motion.

4        Federal Rule of Civil Procedure 37(b)(2)(A)(vi) provides that when a party "fails to obey

5   an order to provide or permit discovery," courts may sanction the disobedient party by "rendering a

6   default judgment" against it.  Courts consider five factors to determine whether a dispositive

7   sanction such as a default order is appropriate: "(1) the public's interest in expeditious resolution of

8   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking

9   sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

10  of less drastic sanctions."  *Conn. Gen. Life Ins. v. New Images of Beverly Hills*, 482 F.3d 1091,

11  1096 (9th Cir. 2007).  The Court finds that the factors militate in favor of entering a default order

12  against I Works and defendant Corporations.  The Court previously warned the Corporations that

13  failure to comply with Court orders may result in a judgment against them.  *See Doc. #738* at 2:7-9.

14  Accordingly,

15                                            **RECOMMENDATION**

16        **IT IS HEREBY RECOMMENDED** that FTC's Motion for Sanctions (#785) be **granted**

17  and that default judgments be entered against I Works, Inc., Cloud Nine Marketing, Inc. CPA

18  Upsell, Inc., Elite Debit, Inc., Internet Economy, Inc., Marketing Fund Solutions, Inc., Success

19  Marketing, Inc., Big Bucks Pro, Inc., Blue Net Progress, Inc., Blue Streak Processing, Inc., Bolt

20  Marketing, Inc., Bottom Dollar, Inc., Bumble Marketing, Inc., Business First, Inc., Business Loan

21  Success, Inc., Cold Bay Media, Inc., Costnet Discounts, Inc., CS Processing, Inc., Cutting Edge

22  Processing, Inc., Diamond J. Media, Inc., EBusiness First, Inc., EBusiness Success, Inc., eCom

23  Success, Inc., Excess Net Success, Inc., Fiscal Fidelity, Inc., Fitness Processing, Inc., Funding

24  Search Success, Inc., Funding Success, Inc., GG Processing, Inc. GGL Rewards, Inc., Highlight

25  Marketing, Inc., Hooper Processing, Inc., Internet Business Source, Inc., Internet Fitness, Inc., JRB

26  Media, Inc., Mist Marketing, Inc., Money Harvest, Inc., Monroe Processing, Inc., Net Business

27  Success, Inc., Net Commerce, Inv., Net Discounts, Inc., Net Fit Trends, Inc., Optimum Assistance,

28  Inc., Power Processing, Inc., Premier Performance, Inc., Pro Internet Services, Inc., Razor

1     Processing, Inc., Rebate Deals, Inc., Revive Marketing, Inc., Simcor Marketing, Inc., Net Success,

2     Inc., TranFirst, Inc., Tram Voyage, Inc., Unlimited Processing, Inc., Xcel Processing, Inc., and

3     Summit Processing, Inc.

4                                  **NOTICE**

5        Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

6     writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived

7     due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142

8     (1985).  Failure to file objections within the specified time or failure to properly address and brief

9     the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

10     issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991);

11     *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

12        DATED this __8th__ day of February, 2013.

14                           _____

15                           GEORGE FOLEY, JR.
                            United States Magistrate Judge