# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

JEREMY JOHNSON, *et al.*,

    Defendants.

Case No. 2:10-cv-02203-MMD-GWF

**ORDER**

Motion for Leave to File Amended Complaint (#786)

    This matter comes before the Court on Plaintiff Federal Trade Commission's ("Plaintiff") Motion for Leave to File First Amended Complaint (#786), filed on January 18, 2013. Defendant Jeremy Johnson ("Johnson") filed a timely Response (#791) on February 4, 2013. Plaintiff filed a timely Reply (#814) on February 14, 2013. The deadline to amend pleadings and add parties was January 22, 2013. *See Scheduling Order, Doc.* #675 at 1:17.

    This case involves Defendants' alleged violation of the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*, the Electronic Fund Transfer Act, 15 U.S.C. § 1693o(c), and Regulation E, 12 C.F.R. § 205.10(b). Plaintiff filed the original Complaint (#1) on December 21, 2010, naming ten individual defendants and 61 corporate defendants. On February 10, 2011, the District Judge issued a Preliminary Injunction (#130) freezing the assets of the Corporate Defendants and Johnson, and appointing a receiver for the assets. On February 3, 2012, the receiver filed a Report of Receiver's Financial Reconstruction (#464) and supporting Appendices of Exhibits (#465-#468). Plaintiff claims the Report (#464)[1] indicates transfers of assets from Johnson to individuals Sharla Johnson, Kerry Johnson, and Barbara Johnson, and to corporate entities Orange Cat Investments, LLC, Zibby, LLC, Zibby Flight Services, LLC, KV Electric, Inc., and the KB Family Limited

---

[1] Plaintiff also refers to the receiver's February 8, 2011 Report of Temporary Receiver's Activities (#127).

Partnership ("Proposed Relief Defendants"). Plaintiff now seeks leave to amend the Complaint to add the Proposed Relief Defendants to preserve assets for the possibility of redress to the alleged victims.

Federal Rule of Civil Procedure 15(a)(2) provides that courts should permit amendments to pleadings "when justice so requires." *Hall v. City of Los Angels*, 697 F.3d 1059, 1072 (9th Cir. 2012). Requests for leave to amend should be granted with "extreme liberality." *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2011). Amendment is generally permitted unless (1) there is undue delay in seeking leave, (2) amendment will prejudice the other party, (3) leave is sought in bad faith, or (4) amendment would be futile. *See Hall*, 697 F.3d at 1072; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Plaintiff did not unduly delay seeking leave because the instant Motion was filed before the amendment deadline. Granting leave to amend the Complaint will not prejudice Defendants because the discovery cutoff in this case is not until April 2, 2013. *See Scheduling Order, Doc. #675* at 1:18. The Court also finds Plaintiff did not file the instant Motion in bad faith. Therefore, justice requires leave for Plaintiff to file an amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to file First Amended Complaint (#786) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall file the proposed First Amended Complaint (Doc. #786, Exh. 1) within 10 days of the date of this Order.

DATED this 22nd day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge