UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:10-cv-02203-MMD-GWF |
| Plaintiff, | ORDER |
| v. | (Def.'s Motion to Remain in Home – dkt. no. 569; |
| JEREMY JOHNSON, et al., | Vowell Entities' Motion for Leave – dkt. no. 626; |
| Defendants. | Defs.' Motion to Join Request to Lift Stay – dkt. no. 633; |
| | Non-parties Motions to Intervene – dkt. no. 634, 663, and 706) |

I.      SUMMARY

Before the Court are the following ripe motions brought by various parties in this case:

1. Loyd Johnston's Motion to Remain in Home (dkt. no. 569)
2. The Vowell Entities' Motion for Leave to File in Excess of Page Limitations (dkt. no. 626)
3. The Fielding Defendants' Motion to Join Request to Lift Stay (dkt. no. 633)
4. Iprerogative, LLC and Rotortrends, LLC's Motion to Intervene (dkt. no. 634)
5. SLI, LLC and Trigger, LLC's Motion to Intervene (dkt. no. 663)
6. Cache Valley Bank's Motion to Intervene (dkt. no. 706)

The Court addresses each briefly below.

II.     BACKGROUND

Plaintiff Federal Trade Commission ("the Commission") brought this suit on December 21, 2010, against Defendants Jeremy Johnson, Loyd Johnston, numerous

1  other individuals, and numerous entities, including I Works, Inc. and Elite Debit, Inc.,

2  alleging that Defendants engaged in fraudulent business activities on the Internet that

3  deceptively enrolled unwitting consumers into memberships for products or services,

4  then charged their credit cards or debit funds without consumer authorization or

5  knowledge.  (*See* dkt. no. 42.)  The Commission alleges numerous violations of Section

6  5(a) of the Federal Trade Commission Act ("the FTC Act"), 15 U.S.C. § 45(a) (prohibiting

7  unfair or deceptive business activities) as well as violations of Section 907(a) of the

8  Electronic Fund Transfer Act ("the EFTA"), 15 U.S.C. § 1693e(a), and its corollary

9  Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) (governing the rights and

10  liabilities of consumers engaged in electronic funds transfer activities).  (*See id.* at 73-

11  80.)

12       Finding that the Commission established a likelihood of success on the merits, the

13  Court entered a preliminary injunction against Defendants and appointed a receiver ("the

14  Receiver") to manage the approximately $300 million of disputed funds the Commission

15  alleges belongs to consumers defrauded by Defendants.  (*See* dkt. no. 130.)  Since the

16  injunction was issued on February 10, 2011, the Receiver has endeavored to preserve

17  the receivership estate while the parties engage in discovery on the merits of the claims

18  brought by the Commission.

19  **III.   DISCUSSION**

20       **A.   Loyd Johnston's Motion to Remain in Home (dkt. no. 569)**

21       Defendant Loyd Johnston filed this Motion on May 17, 2012, seeking a court

22  order allowing him to remain in his home, a property that is part of the Receivership

23  estate.  (*See* dkt. no. 569.)  Johnston's home was financed by Defendant Elite Debit, Inc.

24  The Receiver initiated foreclosure proceedings in February 2012 due to Johnston's

25  failure to remit payments on the home loan issued by Elite Debit.  In his Response, the

26  Receiver suggests allowing Johnston to reside in his home through December 4, 2012,

27  with only the obligation to maintain insurance and pay property taxes.  If he is unable to

28  ///

2

1    cure the default on the property by that point, the Receiver would complete the

2    foreclosure sale of the Property.

3         Johnston in his Reply represents to the Court that Elite Debit, through its owner

4    Jeremy Johnson, waived his right to mortgage payments from Johnston. Since the Court

5    has denied Elite Debit's Motion for Summary Judgment (*see* dkt. no. 852), Johnston's

6    home remains a Receivership asset.  In light of the Receiver's offer to allow Johnston to

7    remain in the home through December 4, 2012, and the passage of time since

8    Johnston's filing of this Motion, the Court denies Johnston's Motion as moot.  Johnston

9    and the Receiver are ordered to confer about this matter and file a joint statement to the

10   Court within fourteen (14) days from the date of this Order detailing their positions on

11   how to proceed.

12
               **B.    Todd Vowell's Motion for Leave to File in Excess of Page Limitations
13                     (dkt. no. 626)**

14        Various entities known as the "Vowell Entities" seek Court leave to file their

15   Response to the Receiver's Motion for Order Clarifying Preliminary Injunction Order.

16   (*See* dkt. no. 626.)  Good cause appearing, their Motion is granted.

17             **C.    Duane Fielding's Motion to Join Request to Lift Stay (dkt. no. 633)**

18        Defendants Duane Fielding, Network Agenda, LLC, and Anthon Holdings Corp.

19   (hereinafter known as the "Fielding Defendants") filed this Motion seeking to join Jeremy

20   Johnson's Opposition to Extending the Limited Stay.  (*See* dkt. no. 633.)  As the Court

21   lifted the stay on discovery in its July 24, 2012, Order, the Fielding Defendants' Motion is

22   denied as moot.  (*See* dkt. no. 671.)

23             **D.    Motions to Intervene (dkt. nos. 634 and 663)**

24        Non-parties Iprerogative, LLC and Rotortrends, LLC filed this Motion to Intervene

25   (dkt. no. 634), as did SLI, LLC and Trigger, LLC (dkt. no. 663).  Good cause appearing,

26   the Court grants both Motions, and allows the respective entities to intervene for the

27   limited purpose of contesting the Receiver's Motion for Order Clarifying Preliminary

28   Injunction.

**E.    Cache Valley Bank's Motion to Intervene (dkt. no. 706)**

Intervener Cache Valley Bank filed this Motion to Intervene seeking to defend its rights in property collateralized in obligations between SunFirst Bank and I Works, Inc. (*See* dkt. no. 706.)   The Receiver and Cache Valley Bank entered into a settlement agreement on November 29, 2012 (*see* dkt. no. 767), which was subsequently signed by the Court on February 14, 2012 (*see* dkt. no. 815).  The agreement resolved any issues concerning the liens that secured loans to I Works, Inc. made by SunFirst Bank.  As no outstanding issues remain that require Cache Valley Bank's involvement in this litigation, Cache Valley's Motion to Intervene is denied as moot.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendant Loyd Johnston's Motion to Remain in Home (dkt. no. 569) is DENIED.  The parties are ordered to confer and file a joint statement within fourteen (14) days of the date of this Order detailing their positions on this matter.

IT IS FURTHER ORDERED that the Vowell Entities' Motion for Leave to File in Excess of Page Limitations (dkt. no. 626) is GRANTED.

IT IS FURTHER ORDERED that the Fielding Defendants' Motion to Join Request to Lift Stay (dkt. no. 633) is DENIED as moot.

IT IS FURTHER ORDERED that Iprerogative, LLC and Rotortrends, LLC's Motion to Intervene (dkt. no. 634) is GRANTED for the limited purpose of contesting the Receiver's Motion for Order Clarifying Preliminary Injunction.

IT IS FURTHER ORDERED that SLI, LLC and Trigger, LLC's Motion to Intervene (dkt. no. 663) is GRANTED for the limited purpose of contesting the Receiver's Motion for Order Clarifying Preliminary Injunction.

///

///

///

///

4

1    IT IS FURTHER ORDERED that Cache Valley Bank's Motion to Intervene (dkt.

2  no. 706) is DENIED as moot.

3    IT IS SO ORDERED.

4    DATED THIS 14th day of March 2013.

5

6    _____

7    MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28