RANDOLPH L. HOWARD (Nev. SBN 006688)
rhoward@klnevada.com
KOLESAR & LEATHAM, CHTD.
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone:   (702) 362-7800
Facsimile:    (702) 362-9472

GARY OWEN CARIS (Cal. SBN 088918)
gcaris@mckennalong.com
LESLEY ANNE HAWES (Cal. SBN 117101)
lhawes@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA  90071-3124
Telephone:   (213) 688-1000
Facsimile:    (213) 243-6330

Attorneys for Receiver
**ROBB EVANS OF ROBB EVANS & ASSOCIATES LLC**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, etc., et al.,<br><br>Defendants. | Case No. 2:10-CV-02203-MMD-GWF<br><br>**[CORRECTED PROPOSED] ORDER GRANTING MOTION FOR ORDER CLARIFYING PRELIMINARY INJUNCTION ORDER AND FOR FURTHER INSTRUCTIONS REGARDING SCOPE OF RECEIVERSHIP DEFENDANTS UNDER PRELIMINARY INJUNCTION ORDER AND REPORT OF RECEIVER'S FINANCIAL RECONSTRUCTION AND GRANTING RELIEF FROM LOCAL RULE 66-5 PERTAINING TO NOTICE TO CREDITORS AFTER HEARING**<br><br>**Hearing Conducted on:**<br><br>Date:  March 19, 2013<br>Time:  1:30 p.m.<br>Place:  Courtroom 4A |

The matter of the Motion for Order Clarifying Preliminary Injunction Order and for Further Instructions Regarding Scope of Receivership Defendants under Preliminary Injunction Order and Report of Receiver's Financial Reconstruction and Granting Relief from Local Rule 66-5 Pertaining to Notice to Creditors ("Motion to Clarify") filed by Robb Evans of Robb Evans & Associates LLC ("Receiver"), came on before the Court for hearing at the above-referenced date, time and place. Gary Owen Caris and Lesley Anne Hawes of McKenna Long & Aldridge LLP appeared on behalf of the Receiver, and other appearances were made as noted on the record at the hearing.

The Court having reviewed and considered the Motion to Clarify and all pleadings and papers filed in support thereof, all responses and oppositions filed thereto, and the Receiver's consolidated reply and supporting pleadings, including all admissible evidence presented in support of and in opposition to the Motion to Clarify, and having heard and considered the arguments of counsel and the parties at the hearing on the Motion to Clarify; counsel for the Receiver having noted on the record at the hearing that the Motion to Clarify as it pertains to John Hafen and his related entities Lilhaf Holdings LLC, Lilhaf Properties, LLC and Tiburon Enterprises, LLC was resolved pursuant to a written settlement previously approved by the Court on noticed motion filed by the Receiver, and having agreed on the record at the hearing to defer determination of the Motion to Clarify as it pertains to Liahona Academy for Youth, LLC, Virgin Properties LLC, Executive Car Sales, Inc., and Executive Auto Group, Inc. pursuant to the terms set forth in this Order; the Court having stated its findings of fact and conclusions of law on the record at the conclusion of the hearing on the Motion to Clarify, and good cause appearing therefor,

IT IS ORDERED as follows:

1.     Except as expressly set forth in this Order, the Motion to Clarify and the relief sought therein is granted in its entirety;

2.     The Court hereby clarifies and confirms that the following entities are Receivership Defendants within the meaning of the Temporary Restraining Order issued January 13, 2011 and the Preliminary Injunction Order issued February 10, 2011 as defined in those

orders and their assets constitute property of the receivership estate in this case: Zibby, LLC; Zibby Flight Service, LLC; Orange Cat Investments, LLC; New Horizons Finance, Inc.; SLI, LLC; Trigger, LLC; iPrerogative Inc.; and the assets of Sharla Johnson other than her interest in Quilted Works, Inc.;

        3.        The Court hereby clarifies and confirms that the receivership estate includes as property of the receivership estate ("Receivership Property"): (a) the entities listed on Exhibit A hereto as Receivership Defendants under the Preliminary Injunction Order and the assets held by those entities, (b) the assets of Todd Vowell, Sheree Vowell and Jason Vowell, because the Court has found said assets are nominally titled to those individuals but are held for and/or are beneficially owned by Jeremy Johnson or the other Receivership Defendants, and (c) all other entities and assets owned or controlled, directly or indirectly, by Jeremy Johnson, including but not limited to (i) all assets and entities held in the name of a third party for the benefit of Jeremy Johnson and/or (ii) all assets the source of funding of which came in whole or in part from funds or assets of the Receivership Defendants as defined in the Preliminary Injunction Order and as clarified pursuant to this Order, subject to the following:

        A.        The Receiver is granted all of the powers and duties provided under the Preliminary Injunction Order with respect to all Receivership Defendants and Receivership Property as clarified by this Order;

        B.        Except with respect to the entities listed on Exhibit A and said entities' assets, Todd Vowell, Sheree Vowell and Jason Vowell, and each of them, may request a determination by the Court that specific assets to which they hold title should not be deemed Receivership Property by noticed motion to the Court, which noticed motion shall (1) be in writing, (2) be filed with the Court and served on the Receiver and the parties to this action, (3) set forth all reasons why such asset should be excepted from the scope of the receivership, and (4) set forth by competent evidence the reasons why such asset should be excepted from the scope of the receivership.

        C.        The owners of any assets determined to constitute Receivership Property and/or the entities determined to constitute Receivership Property under paragraph 3(c) above

may request a determination by the Court that such asset or entity should not be deemed Receivership Property by noticed motion to the Court, which noticed motion shall (1) be in writing, (2) be filed with the Court and served on the Receiver and the parties to this action, (3) set forth all reasons why such asset or such entity should be excepted from the scope of the receivership, and (4) set forth by competent evidence the reasons why such asset or entity should be excepted from the scope of the receivership.

        D.     As to all assets and entities listed in Exhibit A attached hereto, and as to any assets titled to Todd Vowell, Sheree Vowell and Jason Vowell whether or not listed on Exhibit A, the Receiver is granted the authority and discretion, in the Receiver's opinion and judgment based on the Receiver's investigation, to determine that certain entities, assets and/or business activities of certain entities are sufficiently independent of and not affiliated with or related to Johnson and/or the other Receivership Defendants and/or which the Receiver believes can be managed, administered and/or operated by the record owners, shareholders, managers or members without interfering with the Receiver's administration of the receivership estate and its assets, and based on such determination, the Receiver may turn over the management, possession and control of such assets, entities and/or business activities without further order of the Court;

        4.     As to Liahona Academy for Youth, LLC, Virgin Properties LLC, Executive Car Sales, Inc., and Executive Auto Group, Inc. (for convenience referred to individually and collectively herein as the "Liahona Parties"), the Receiver and the Liahona Parties shall have a period of sixty days from the date of the hearing on the Motion to Clarify to meet and confer to attempt to resolve the Motion to Clarify as it pertains to the Liahona Parties and in connection therewith:

        A.     The Receiver shall file a status report with the Court on or before May 20, 2013 advising the Court whether the Motion to Clarify has been resolved as to the Liahona Parties;

        B.     If the Motion to Clarify as to the Liahona Parties has not been resolved as of May 20, 2013, after filing of the status report by the Receiver, the Court will schedule a

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

LA:18028614.1

1 hearing on the Motion to Clarify as to the Liahona Parties on the earliest date available on the

2 Court's calendar that is convenient for the Court to conduct the hearing;

3   5.   As to Mountain Financial, LLC, the Receiver and Mountain Financial LLC shall

4 have a period of sixty days from the date of the hearing on the Motion to Clarify to meet and

5 confer to attempt to resolve the Motion to Clarify as it pertains to Mountain Financial, LLC and

6 in connection therewith:

7   A.   The Receiver shall file a status report with the Court by no later than May

8 20, 2013 advising the Court whether the Motion to Clarify has been resolved as to the Mountain

9 Financial, LLC;

10   B.   If the Motion to Clarify has not been resolved as to Mountain Financial,

11 LLC on or before May 20, 2013, within 15 days after filing the status report as to Mountain

12 Financial, LLC, the Receiver shall file supplemental pleadings setting forth information the

13 Receiver deems relevant to the Court's determination of the Motion to Clarify as it pertains to

14 Mountain Financial, LLC developed after August 13, 2012 when the Receiver's Consolidated

15 Reply pleadings were filed; and

16   C.   Within 15 days after the filing of the Receiver's supplemental pleadings

17 concerning Mountain Financial, LLC pursuant to paragraph 5.B. above, Mountain Financial shall

18 file supplemental pleadings setting forth information Mountain Financial, LLC deems relevant to

19 the Court's determination of the Motion to Clarify as it pertains to Mountain Financial, LLC

20 developed after August 13, 2012 when the Receiver's Consolidated Reply pleadings were filed;

21 and.

22   6.   Notice of the Motion to Clarify is hereby deemed sufficient based on the service of

23 the notice of the filing of the Motion to Clarify and the Motion to Clarify on all interested parties

24 and service of the notice of the filing of the Motion on all known non-consumer creditors of the

25 estate.

26

27 Dated: March 22, 2013

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

LA:18028614.1

# EXHIBIT A

| | |
|---|---|
| Alpha Yankee LLC | Paydirt Capital, Inc. |
| Attack Productions LLC | Paydirt Management, Inc. |
| C2 Holdings, LLC | Paydirt Properties LLC |
| Capital Energy Corporation | Paydirt, L.P. |
| CECJ Enterprises LLC | Phoenix Rising LLC |
| Cerberus Management LLC | Powder Monkeys, LLC |
| Chateau Circle LLC | Robin V Foundation |
| Choker Block LLC | Rotortrends Inc. |
| Commerce Financial LLC | ScamVictimHelp.com, LLC |
| Destiny Marketing LLC | Scud Runner LLC |
| Digital Currency LLC | Silvernix Holdings LLC |
| Dreamland Capital LLC | SmartNet Development LLC |
| Elite Asset Management LLC | Spindletop Investments LLC |
| ePayment Solutions LLC | Spyglass Enterprises LLC |
| Executive Service Center LLC | Spyglass Holdings LLC |
| Fishhook Partners LLC | SRLA Association LLC |
| Flatline Investments LP | SRLA LLC |
| Flying High Enterprises LLC | Summerset Ranch LLC |
| Global Media 7 LLC | T. Vowell Sole Prop. Capital Holding |
| IC Development LLC | Taggart Management LLC |
| Interstate Lending LLC | TJJ Properties LLC |
| iPrerogative Inc. | TLV Enterprises Inc. |
| Jason T. Vowell Sole Prop. Gigs | Treadstone Partners LP |
| Katts, LLC | Triple Play Group LLC |
| Kingfish Management LLC | Triple Seven LP/LLC |
| Kingston Enterprises LLC | Triple Seven, Inc. |
| Kombi Capital LP | USB Media LLC dba Computista |
| Liahona Academy for Youth, LP | Valentino Holdings LP |
| Liahona Holdings LP | Valentino Properties LLC |
| Lift Off Financial LLC | Vanquish Enterprises LLC |
| Market Mastery Trading LLC | Volair Flight Management LLC |
| Mastery Merchant, LLC and dba Money Master for Life | WCDI Land Management LLC |
| Moneymaker Strategies LLC | Wealth Matters LLC |
| Omaha Eight LLC | Woodsview Holdings LLC |
| Online Weight Loss | |
| Paradise Ranch Development LLC | |

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

LA:18028614.1