RANDOLPH L. HOWARD (Nev. SBN 006688)
rhoward@klnevada.com
KOLESAR & LEATHAM, CHTD.
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone:    (702) 362-7800
Facsimile:    (702) 362-9472

GARY OWEN CARIS (Cal. SBN 088918)
gcaris@mckennalong.com
LESLEY ANNE HAWES (Cal. SBN 117101)
lhawes@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071-3124
Telephone:    (213) 688-1000
Facsimile:    (213) 243-6330

Attorneys for Receiver
**ROBB EVANS OF ROBB EVANS & ASSOCIATES LLC**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, etc., et al.,<br><br>Defendants. | Case No. 2:10-CV-02203-MMD-GWF<br><br>**ORDER GRANTING MOTION FOR ORDER CLARIFYING PRELIMINARY INJUNCTION ORDER AND FOR FURTHER INSTRUCTIONS REGARDING SCOPE OF RECEIVERSHIP DEFENDANTS UNDER PRELIMINARY INJUNCTION ORDER AND REPORT OF RECEIVER'S FINANCIAL RECONSTRUCTION AND GRANTING RELIEF FROM LOCAL RULE 66-5 PERTAINING TO NOTICE TO CREDITORS AFTER HEARING**<br><br>**Hearing Conducted on:**<br><br>Date:   March 19, 2013<br>Time:   1:30 p.m.<br>Place:  Courtroom 4A |

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 1 -

LA:18027904.1

1   The matter of the Motion for Order Clarifying Preliminary Injunction Order and for
2   Further Instructions Regarding Scope of Receivership Defendants under Preliminary Injunction
3   Order and Report of Receiver's Financial Reconstruction and Granting Relief from Local Rule
4   66-5 Pertaining to Notice to Creditors ("Motion to Clarify") filed by Robb Evans of Robb Evans
5   & Associates LLC ("Receiver"), came on before the Court for hearing at the above-referenced
6   date, time and place.  Gary Owen Caris and Lesley Anne Hawes of McKenna Long & Aldridge
7   LLP appeared on behalf of the Receiver, and other appearances were made as noted on the record
8   at the hearing.

9   The Court having reviewed and considered the Motion to Clarify and all pleadings and
10  papers filed in support thereof, all responses and oppositions filed thereto, and the Receiver's
11  consolidated reply and supporting pleadings, including all admissible evidence presented in
12  support of and in opposition to the Motion to Clarify, and having heard and considered the
13  arguments of counsel and the parties at the hearing on the Motion to Clarify; counsel for the
14  Receiver having noted on the record at the hearing that the Motion to Clarify as it pertains to John
15  Hafen and his related entities Lilhaf Holdings LLC, Lilhaf Properties, LLC and Tiburon
16  Enterprises, LLC was resolved pursuant to a written settlement previously approved by the Court
17  on noticed motion filed by the Receiver, and having agreed on the record at the hearing to defer
18  determination of the Motion to Clarify as it pertains to Liahona Academy for Youth, LLC, Virgin
19  Properties LLC, Executive Car Sales, Inc., and Executive Auto Group, Inc. pursuant to the terms
20  set forth in this Order; the Court having stated its findings of fact and conclusions of law on the
21  record at the conclusion of the hearing on the Motion to Clarify, and good cause appearing
22  therefor,

23  IT IS ORDERED as follows:

24  1.   Except as expressly set forth in this Order, the Motion to Clarify and the relief
25  sought therein is granted in its entirety;

26  2.   The Court hereby clarifies and confirms that the following entities are
27  Receivership Defendants within the meaning of the Temporary Restraining Order issued January
28  13, 2011 and the Preliminary Injunction Order issued February 10, 2011 as defined in those

1  orders and their assets constitute property of the receivership estate in this case: Zibby, LLC; Zibby Flight Service, LLC; Orange Cat Investments, LLC; New Horizons Finance, Inc.; SLI, LLC; Trigger, LLC; iPrerogative Inc.; and the assets of Sharla Johnson other than her interest in Quilted Works, Inc.;

      3.    The Court hereby clarifies and confirms that the receivership estate includes as property of the receivership estate ("Receivership Property"): (a) the entities listed on Exhibit A hereto as Receivership Defendants under the Preliminary Injunction Order and the assets held by those entities, (b) the assets of Todd Vowell, Sheree Vowell and Jason Vowell, because the Court has found said assets are nominally titled to those individuals but are held for and/or are beneficially owned by Jeremy Johnson or the other Receivership Defendants, and (c) all other entities and assets owned or controlled, directly or indirectly, by Jeremy Johnson, including but not limited to (i) all assets and entities held in the name of a third party for the benefit of Jeremy Johnson and/or (ii) all assets the source of funding of which came in whole or in part from funds or assets of the Receivership Defendants as defined in the Preliminary Injunction Order and as clarified pursuant to this Order, subject to the following:

      A.    The Receiver is granted all of the powers and duties provided under the Preliminary Injunction Order with respect to all Receivership Defendants and Receivership Property as clarified by this Order;

      B.    Except with respect to the entities listed on Exhibit A and said entities' assets, Todd Vowell, Sheree Vowell and Jason Vowell, and each of them, may request a determination by the Court that specific assets to which they hold title should not be deemed Receivership Property by noticed motion to the Court, which noticed motion shall (1) be in writing, (2) be filed with the Court and served on the Receiver and the parties to this action, (3) set forth all reasons why such asset should be excepted from the scope of the receivership, and (4) set forth by competent evidence the reasons why such asset should be excepted from the scope of the receivership.

      C.    The owners of any assets determined to constitute Receivership Property and/or the entities determined to constitute Receivership Property under paragraph 3(c) above

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

LA:18027904.1

may request a determination by the Court that such asset or entity should not be deemed Receivership Property by noticed motion to the Court, which noticed motion shall (1) be in writing, (2) be filed with the Court and served on the Receiver and the parties to this action, (3) set forth all reasons why such asset or such entity should be excepted from the scope of the receivership, and (4) set forth by competent evidence the reasons why such asset or entity should be excepted from the scope of the receivership.

D. As to all assets and entities listed in Exhibit A attached hereto, and as to any assets titled to Todd Vowell, Sheree Vowell and Jason Vowell whether or not listed on Exhibit A, the Receiver is granted the authority and discretion, in the Receiver's opinion and judgment based on the Receiver's investigation, to determine that certain entities, assets and/or business activities of certain entities are sufficiently independent of and not affiliated with or related to Johnson and/or the other Receivership Defendants and/or which the Receiver believes can be managed, administered and/or operated by the record owners, shareholders, managers or members without interfering with the Receiver's administration of the receivership estate and its assets, and based on such determination, the Receiver may turn over the management, possession and control of such assets, entities and/or business activities without further order of the Court;

4. As to Liahona Academy for Youth, LLC, Virgin Properties LLC, Executive Car Sales, Inc., and Executive Auto Group, Inc. (for convenience referred to individually and collectively herein as the "Liahona Parties"), the Receiver and the Liahona Parties shall have a period of sixty days from the date of the hearing on the Motion to Clarify to meet and confer to attempt to resolve the Motion to Clarify as it pertains to the Liahona Parties and in connection therewith:

A. The Receiver shall file a status report with the Court on or before April 18, 2013 advising the Court whether the Motion to Clarify has been resolved as to the Liahona Parties;

B. If the Motion to Clarify as to the Liahona Parties has not been resolved as of April 18, 2013, after filing of the status report by the Receiver, the Court will schedule a

1  hearing on the Motion to Clarify as to the Liahona Parties on the earliest date available on the
2  Court's calendar that is convenient for the Court to conduct the hearing;

3      5.    As to Mountain Financial, LLC, the Receiver and Mountain Financial LLC shall
4  have a period of sixty days from the date of the hearing on the Motion to Clarify to meet and
5  confer to attempt to resolve the Motion to Clarify as it pertains to Mountain Financial, LLC and
6  in connection therewith:

7      A.    The Receiver shall file a status report with the Court by no later than April
8  18, 2013 advising the Court whether the Motion to Clarify has been resolved as to the Mountain
9  Financial, LLC;

10      B.    If the Motion to Clarify has not been resolved as to Mountain Financial,
11  LLC on or before April 18, 2013, within 15 days after filing the status report as to Mountain
12  Financial, LLC, the Receiver shall file supplemental pleadings setting forth information the
13  Receiver deems relevant to the Court's determination of the Motion to Clarify as it pertains to
14  Mountain Financial, LLC developed after August 13, 2012 when the Receiver's Consolidated
15  Reply pleadings were filed; and

16      C.    Within 15 days after the filing of the Receiver's supplemental pleadings
17  concerning Mountain Financial, LLC pursuant to paragraph 5.B. above, Mountain Financial shall
18  file supplemental pleadings setting forth information Mountain Financial, LLC deems relevant to
19  the Court's determination of the Motion to Clarify as it pertains to Mountain Financial, LLC
20  developed after August 13, 2012 when the Receiver's Consolidated Reply pleadings were filed;
21  and.

22      6.    Notice of the Motion to Clarify is hereby deemed sufficient based on the service of
23  the notice of the filing of the Motion to Clarify and the Motion to Clarify on all interested parties
24  and service of the notice of the filing of the Motion on all known non-consumer creditors of the
25  estate.

Dated: April 11, 2013

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE