# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
|     Plaintiff, | ) | Case No.  2:10-cv-02203-MMD-GWF |
| vs. | ) | **ORDER** |
| JEREMY JOHNSON, *et al.*, | ) | Motion to Withdraw as Counsel (#930) |
|     Defendants. | ) | |

      This matter comes before the Court on Nathan K. Fisher, Esq.'s Motion to Withdraw as Counsel for Jason Vowell (#930), filed on April 8, 2013.  Receiver Robb Evans filed an Opposition (#957) on April 19, 2013.  Mr. Fisher filed a Reply (#986) on April 26, 2013, and a Supplement to his Reply (#1036) on May 20, 2013.

      Mr. Fisher seeks to withdraw as counsel with no substitution for Jason Vowell and related entities ("Vowell").  Mr. Fisher represents Vowell retained his firm for the limited purpose of appearing at the hearing on Mr. Evans' Motion for Order Clarifying Preliminary Injunction Order (#580), which Vowell could not attend.  The Court conducted the hearing on March 19, 2013.  *See Minutes of Proceedings, Doc. #884*.  The Court granted Mr. Evans' Motion (#580) on March 25, 2013.  *See Order, Doc. #897*.  Mr. Fisher therefore argues that he has fulfilled his limited duties of representation.

      Mr. Evans opposes withdrawal, citing the Orders (#897, #900) clarifying the Preliminary Injunction.  The Clarifying Order (#900) provides that assets belonging to Vowell constitute property of the receivership subject to Mr. Evans' control under the Preliminary Injunction.  Mr. Evans represents that the basis of his Motion to Clarify (#580) was that Vowell was transferring and disposing of assets of the receivership estate beneficially owned by Defendant Jeremy Johnson

and other Receivership Defendants. Mr. Evans further represents that based on the Clarifying Order, Vowell and the related entities are obligated to turn over possession and control of such property.

Mr. Evans recounts that on April 8, 2013, immediately preceding the filing of Mr. Fisher's instant Motion to Withdraw, he submitted a letter to Mr. Fisher requesting the turnover of assets as required by the Clarifying Order. Having been informed that Vowell is incarcerated on unrelated criminal charges, Mr. Evans argues the receivership would be prejudiced by Mr. Fisher's withdrawal without substitution because Mr. Evans cannot readily contact Vowell regarding the turnover of assets. Mr. Evans therefore opposes Mr. Fisher's withdrawal until he is, at least, assured that Mr. Fisher has communicated to Vowell his obligations under the Clarifying Order.

Mr. Fisher responds that he is not in contact with Vowell and has no way to communicate with him or arrange for the turnover of any assets. Mr. Fisher represents that his firm is dissolving, that he is moving to a firm with no office in Nevada, and that he has supplied Mr. Evans with Vowell's contact information. Mr. Fisher further represents that Vowell wishes to represent himself in this matter, and notes that Vowell acted pro se before he retained Mr. Fisher to appear at the March 19, 2013 hearing.

The Court finds that Mr. Fisher establishes good cause to withdraw as Counsel for Jason Vowell. Accordingly,

**IT IS HEREBY ORDERED** that Nathan Fisher, Esq.'s Motion to Withdraw as Counsel (#930) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall add Jason Vowell's last known address to the docket in this case:

> 491 Bluff Street, Suite 306
> St. George, Utah 84770

...

...

...

...

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve Jason Vowell with a copy of this Order at the above-listed address.

DATED this 28th day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge