UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br>v.<br><br>JEREMY JOHNSON, et al.,<br><br>   Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>ORDER |

**I.   SUMMARY**

Before the Court are the following ripe motions brought by various parties in this case:

1. Various Vowell Entities' Motion to Lift Stay (dkt. no. 743);

2. The Federal Trade Commission's ("the FTC" or "the Commission") Motion for Sanctions (dkt. no. 785);

3. Various Vowell Entities' Motion to Order Receiver to Segregate Assets (dkt. no. 790);

4. The Receiver's Motion to Seal Confidential Declaration (dkt. no. 796);

5. Magistrate Judge Foley's Report and Recommendation regarding the FTC's Motion for Sanctions (dkt. no. 803);

6. Various I Works Defendants' Motion for Judgment on the Pleadings (dkt. no. 810);

7. Various I Works Defendants' Motion for Leave to File Out-of-Time Opposition to the FTC's Motion to Amend (dkt. no. 811);

8. Relief Defendants' Motion to Dismiss (dkt. no. 886); and

9. The FTC's Motion to Strike Certain Affirmative Defenses Raised by the I Works and Muir Defendants (dkt. no. 911).

The Court addresses each below.

## II.   BACKGROUND

The FTC brought this suit on December 21, 2010, against Defendants Jeremy Johnson, Loyd Johnston, numerous other individuals, and numerous entities, including I Works, Inc. and Elite Debit, Inc., alleging that Defendants engaged in fraudulent business activities on the Internet that deceptively enrolled unwitting consumers into memberships for products or services, then charged their credit cards or debit funds without consumer authorization or knowledge. (*See* Compl, dkt. no. 42.) The Commission alleges numerous violations of Section 5(a) of the Federal Trade Commission Act ("the FTC Act"), 15 U.S.C. § 45(a) (prohibiting unfair or deceptive business activities) as well as violations of Section 907(a) of the Electronic Fund Transfer Act ("the EFTA"), 15 U.S.C. § 1693e(a), and its corollary Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) (governing the rights and liabilities of consumers engaged in electronic funds transfer activities).  (*See id.* at 73-80.)

Finding that the Commission established a likelihood of success on the merits, the Court entered a preliminary injunction against Defendants and appointed a receiver ("the Receiver") to manage the approximately $300 million of disputed funds the Commission alleges belongs to consumers defrauded by Defendants. (*See* dkt. no. 130.)  Since the injunction was issued on February 10, 2011, the Receiver has endeavored to preserve the receivership estate while the parties engage in discovery on the merits of the claims brought by the Commission.  In response to the discovery of property belonging to the receivership estate held by various non-defendants, the Court on March 25, 2013, clarified the scope of the preliminary injunction by finding these third-party-owned assets as constituting receivership assets and setting forth various procedures for disputing the characterization of assets as belonging to the estate.  (*See* dkt. no. 897.)

The Commission also since filed an amended complaint naming additional individuals and entities as relief defendants. (*See* First Amended Complaint ("FAC"), dkt. no. 830.)

**III.    DISCUSSION**

    **A.    Various Vowell Entities' Motion to Lift Stay (dkt. no. 743)**

Various non-parties, including Todd L. Vowell, Kombi Capital, LP, REO Recovery, LLC, Paydirt Capital, Inc., and Fishhook Partners, LLC,[1] move this Court for relief from its September 28, 2012, Order staying certain counterclaims and cross-claims filed by these entities in a Utah state court case. They seek reconsideration of this Order pursuant to Fed. R. Civ. P. 60(b)(4), which provides a court authority to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." However, they fail to raise any legitimate basis for reconsidering the Court's order, and attempt only to make arguments rejected by the Court in deciding the Motion for Order Clarifying Preliminary Injunction. (*See* dkt. no. 580.) As the stay imposed on the Utah state action attempts only to maintain the orderly preservation of assets and claims as against the receivership estate and these non-parties, the Court will not disturb its earlier order imposing a stay. This Motion is denied.

///

///

---

[1] These entities are a subset of the "Vowell Entities," which include the following individuals and entities: Todd L. Vowell; Sheree Vowell; Alpha Yankee, LLC; C2 Holdings, LLC; Capital Energy Corporation; Cerberus Management, LLC; Choker Block, LLC; Commerce Financial, LLC; Chateau Circle, LLC; Digital Currency, LLC; Dreamland Capital, LLC; ePayment Solutions, LLC; Executive Service Center, LLC; Fishhook Partners, LLC; Flatline Investments, LP; Flying High Enterprises, LLC; IC Development, LLC; Interstate Lending, LLC; KATTS, LLC; Kingfish Management, LLC; Kombi Capital, LP; Liahona Holdings, LP; Market Mastery Trading, LLC; Mastery Merchant, LLC; Money Master for Life; Omaha Eight, LLC; Online Weight Loss; Paradise Ranch Development, LLC; Paydirt Capital, Inc.; Paydirt Management, Inc.; Paydirt Properties, LLC; Paydirt, LP; Powder Monkeys, LLC; Scud Runner, LLC; Silvernix Holdings, LLC; Spindletop Investments, LLC; SRLA Association, LLC; SRLA, LLC; Summerset Ranch, LLC; Taggart Management, LLC; TJJ Properties, LLC; TLV Enterprises, Inc.; Treadstone Partners, LP; Triple Play Group, LLC; Triple Seven, LLC/LP; Triple Seven, Inc.; T. Vowell Sole Proprietorship Capital Holding; and Woodsview Holdings, LLC.

B.    **Various Vowell Entities' Motion to Order Receiver to Segregate Assets (dkt. no. 790)**

Triple Seven LLC, Power Monkeys LLC, and Kombi Capital, a subset of the Vowell Entities, bring this Motion seeking to segregate and preserve funds from the receivership estate in which they claim an interest. (*See* dkt. no. 790.) These entities claim, without support or justification, that the Receiver's actions will or will likely result in the drying up of assets in which they have an interest. The Receiver, as an officer of the Court, is bound to preserve assets that belong to the receivership estate and to hold them in trust for victims of Defendants' alleged activities. Further, the Court has already determined that various funds these entities claim an interest in are actually properly part of the receivership estate. Accordingly, no basis exists to grant this Motion.

C.    **The Receiver's Motion to Seal Confidential Declaration (dkt. no. 796)**

The Receiver filed this Motion to Seal to ensure the protection of confidential financial and personal information revealed in the deposition of Kerry Johnson. As this Motion is supported by compelling reasons for the documents' sealing, the Receiver's Motion is granted. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) ("[A] party seeking to seal judicial records must show that compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure."); *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, No. 2:10-CV-01619, 2011 WL 686362, at *1 (D. Nev. Feb. 17, 2011) ("Factors to consider include, but are not limited to: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.").

D.    **Magistrate Judge Foley's Report and Recommendation regarding the FTC's Motion for Sanctions (dkt. no. 803)**

Magistrate Judge George Foley, Jr. issued this Report and Recommendation recommending granting of the FTC's Motion for Sanctions. (*See* dkt. nos. 785 and 803.) The Motion for Sanctions seeks a default order against numerous corporate defendants

///

(collectively "Corporate Defendants"), including the I Works Defendants[2] and the Muir Corporate Defendants,[3] for failing to comply with the Court's October 25, 2012, Order to Show Cause why local counsel has not been retained (*see* dkt. no. 738), and for sanctions against I Works, Inc. (hereinafter "I Works") itself for failing to respond to the Court's November 27, 2012, Order compelling responses to FTC's interrogatories (*see* dkt. no. 766). Neither I Works Defendants nor Muir Corporate Defendants responded to the FTC's Motion for Sanctions. Thereafter, Judge Foley issued his order recommending default. (*See* dkt. no. 803.)

Muir Corporate Defendants and I Works Defendants objected to Judge Foley's Report and Recommendation.[4] (*See* dkt. nos. 827 and 832.) The Muir Corporate Defendants concede that they failed to comply with two Court orders — to obtain local counsel, and to show cause — but contend that Judge Foley inappropriately recommended the severest form of sanction. Since they now have retained counsel,

---

[2] For the purposes of the Motion for Sanctions and the Report and Recommendation, the "I Works Defendants" include the following: Blue Streak Processing, Inc., Business First, Inc., Cloud Nine Marketing, Inc., Cold Bay Media, Inc. CPA Upsell, Inc., Diamond J Media, Inc., EBusiness Success, Inc., eCom Success, Inc., Elite Debit, Inc. Funding Success, Inc., Hooper Processing, Inc. I Works, Inc., Internet Economy, Inc. Internet Fitness, Inc., Market Funding Solutions, Inc., Money Harvest, Inc., Monroe Processing, Inc. Net Commerce, Inc., Premier Performance, Inc., Pro Internet Services, Inc., Revive Marketing, Inc. Success Marketing, Inc., Summit Processing, Inc., Tran Voyage, Inc., TranFirst, Inc., and Unlimited Processing, Inc.

[3] The "Muir Corporate Defendants" include the following: Big Bucks Pro, Inc., Blue Net Progress, Inc., Bolt Marketing, Inc,, Business Loan Success, Inc., CS Processing, Inc., GGL Rewards, Inc., Highlight Marketing, Inc., Mist Marketing, Inc., Net Discounts, Inc., Optimum Assistance, Inc., Razor Processing, Inc., and Simcor Marketing, Inc.

[4] The FTC also sought sanctions against a number of other corporate defendants that have not responded to either the Motion for Sanctions or the Report and Recommendation, including: Employee Plus, Inc. , Bottom Dollar, Inc., Bumble Marketing, Costnet Discounts , Cutting Edge Processing, Excess Net Success, Fiscal Fidelity, Inc., Fitness Processing, Inc., Funding Search Success, Funding Success, GG Processing, Internet Business Source, Jet Processing, Inc., JRB Media, Net Business Success, Net Fit Trends, Power Processing, Inc., Rebate Deals, Inc., Net Success, Inc., and Xcel Processing, Inc. The Court's review of the docket reveals that these remaining corporate defendants were (and continue to be) represented by local counsel Brett D. Ekins, and have not been pro se during the periods in which the Court required all corporate defendants to retain local counsel. (*See* dkt. no. 58) Accordingly, the Court excuses these defendants from this Order sanctioning the I Works and Muir Corporate Defendants.

they argue that the underlying reason for default is moot. The I Works Defendants also object to the Report and Recommendation, but again concede that they failed to comply with Court orders regarding local counsel and response to interrogatories.

Awarding a termination sanction, such as a default judgment, "is very severe." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (*quoting Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir. 2003)). To determine whether a case-dispositive sanction is just, a court must look to the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.*

Reviewing the record makes clear that sanctions are appropriate against Corporate Defendants. As the parties should be aware, this case commandeers extensive judicial resources due to the complexity of legal issues at stake, the number of parties involved, and the voluminous filings that daily inundate the Court's docket. While failure to respond to Court orders is a serious violation, it is particularly problematic in a case as demanding as this one. Although the Court understands that Corporate Defendants were unable to respond to Court orders *pro se*, *see United States v. High Country Broad Co.,* 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam) ("A corporation may appear in federal court only through licensed counsel."), their failure to swiftly retain counsel and to respond to numerous Court orders is sanctionable nonetheless. Although I Works Defendants claim that they were without representation during the period in which they were ordered to produce their interrogatory and retain local counsel, they continued to be represented by outside counsel, John Barlow. Further, even if they were without counsel to represent them before this Court, they surely had

6

representatives able to communicate directly with the FTC concerning their discovery failures. Likewise, Scott Muir retained local counsel who appeared on his behalf on October 29, 2012 (*see* dkt. no. 744), plenty of time within which to respond to the Court's orders or otherwise to alert the Court about Muir Corporate Defendants' purported difficulties in seeking representation.

While the Corporate Defendants' conduct warrants sanctions, the Court finds that default is too severe, particularly given that Corporate Defendants have complied with the Court's order to retain local counsel.  Nevertheless, the Court finds that sanctions in the form of attorneys' fees and costs to the FTC are appropriate.  The FTC is entitled to reimbursement of its attorneys' fees and costs in bringing the Motion for Sanctions and is therefore ordered to submit an affidavit of attorneys' fees and costs relating to the FTC's Motion for Sanctions.

### E. Various I Works Defendants' Motion for Judgment on the Pleadings (dkt. no. 810)

Various I Works Defendants, including Cloud Nine Marketing, Inc., Elite Debit, Inc., I Works, Internet Economy, Inc., Marketing Fund Solutions, Inc., and Success Marketing, Inc., bring this Motion seeking judgment on the pleadings, arguing that the FTC's Complaint fails to satisfy pleading requirements set forth in *Iqbal* and Fed. R. Civ. P. 9(b).[5]  A number of additional defendants joined in the original Motion.[6]  (*See* dkt. no. 871.)

///

---

[5] While the Motion attacked the sufficiency of the FTC's original Complaint, the parties stipulated to the Motion's applicability to the FTC's later filed FAC, as no substantive difference exists between the two relevant to the Motion.  Nevertheless, the Court analyzes this Motion as challenging the sufficiency of the original Complaint.

[6] These additional defendants include: CPA Upsell, Inc.; Blue Streak Processing, Inc.; Business First, Inc.; eCom Success, Inc.; Tran Voyage, Inc.; Tran First, Inc. EBusiness Success, Inc.; Net Commerce, Inc.; Premier Performance, Inc.; Pro Internet Services, Inc.; Unlimited Processing, Inc.; Funding Success, Inc.; Hooper Processing, Inc.; Internet Fitness, Inc.; Revive Marketing, Inc.; Summit Processing, Inc.; Cold Bay Media, Inc.; Money Harvest, Inc.; Monroe Processing, Inc.; and Diamond J. Media, Inc.

### 1. Legal Standard

A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings utilizes the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted in that it may only be granted when it is clear to the Court that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citations omitted). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the well-pled facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

Fraud claims must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." The plaintiff must plead with particularity "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir.2003) (internal quotation marks omitted). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can

1  defend against the charge and not just deny that they have done anything wrong." *Id.* at
2  1108. However, when a plaintiff fails to plead fraud with particularity, "leave to amend
3  should be granted if it appears at all possible that the plaintiff can correct the defect."
4  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir.1988).

**2.  Discussion**

The FTC has sufficiently pled its claims against all of the entity defendants. The Court assumes, without deciding, that the FTC's claims are subject to the heightened pleading requirement imposed by Fed. R. Civ. P. 9(b). The bulk of the Complaint is dedicated to describing the allegedly fraudulent conduct of the entire enterprise, with direct detail concerning the tools, mechanisms, tactics, and operations of the defendants. (*See* Compl. at ¶¶ 358-418.)  The Complaint does not list the particular involvement of each individual entity in these allegedly fraudulent actions, but rather alleges that they acted in a common enterprise. (*See* Compl. at ¶¶ 61-62, 356 and 413.) None of these allegations are conclusory, as they allege particular forms of misconduct perpetrated by Defendants' common enterprise. Not only does the FTC state a plausible claim for relief against all Defendants, but provides the "who, what, when, where, and how" required under Rule 9(b).  The Complaint describes who the individuals are that were behind the allegedly fraudulent scheme, and how each individual related to each entity. (*See, e.g.*, Compl. at ¶¶ 87-88 (describing Defendant Loyd Johnston as the owner and officer of Business First, Inc., an entity set up by Defendant Jeremy Johnson to obtain new merchant accounts for use in the scheme).)  The Complaint describes what the nature of the allegedly fraudulent activity is, including what the purported product sold to consumers was. (*See, e.g.*, Compl. at ¶¶ 358-372 (describing as a "lure" to consumers Defendants' claims about receiving government loans for private projects and activities).)   Likewise, the FTC describes when and where this scheme operated, including the 2006 date at which I Works began selling its core products, the numerous dates of incorporation for the shell entities, the locations where I Works conducted its business, and where the entities placed their mail drop boxes.  Lastly, the Complaint

pleads in detail how consumers were allegedly tricked into purchasing fraudulent products, how Defendants propped up the reputation of these services online, and how they evaded consumer-initiated chargebacks from banks, among other allegations. Together, these allegations, in a Complaint over 80 pages long, meet the heightened burden of pleading set out in Rule 9(b).

That the FTC does not allege with particularity the actual involvement of each shell entity in the common enterprise is not fatal.  First, the Complaint does identify the nominal owner of each entity, as well as its relationship with I Works sufficient to render plausible the FTC's allegation that the connections between the entities constituted a large, interrelated web of companies acting in concert.  Second, an allegation of specific conduct perpetrated by each paper company is not required, for "[w]hen corporations act as a common enterprise, each may be held liable for the deceptive acts and practices of the other." *FTC v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167, 1182 (N.D. Ga. 2008), *aff'd,* 356 F. App'x 358 (11th Cir. 2009). So long as some of the allegations concerning the primary corporate defendants (like I Works) meet the *Iqbal* and Rule 9(b) pleading standards, the claims against the remaining entities survive a motion to dismiss if plausible and particular allegations of a common enterprise or conspiracy are made. *See, e.g.*, *FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000) (noting that failure to distinguish between the actions of some entities from others irrelevant because their involvement in a common enterprise renders each jointly and severally liable).  That is the case here.  Accordingly, Defendants' Motion for Judgment is denied.

### F.    Various I Works Defendants' Motion for Leave to File Out-of-Time Opposition to the FTC's Motion to Amend (dkt. no. 811)

The same subset of I Works Defendants, including Cloud Nine Marketing, Inc., Elite Debit, Inc., I Works, Internet Economy, Inc., Marketing Fund Solutions, Inc., and Success Marketing, Inc. bring this Motion seeking leave to file an untimely opposition to the FTC's now-granted Motion to Amend.  (*See* dkt. nos. 786 and 811.)  As the Court

1  previously granted the Motion to Amend (*see* dkt. no. 824), their Motion for Leave is
2  denied as moot.

### G. Relief Defendants' Motion to Dismiss (dkt. no. 886)

Defendants Sharla Johnson, Barbara Johnson, Kerry Johnson, KB Family LP, KV Electric, Inc., Orange Cat Investments, LLC, Zibby, LLC, and Zibby Flight Service, LLC (collectively "Relief Defendants") move to dismiss all claims on two principle grounds: failure to meet Rule 8 and Rule 9(b)'s pleading standards, and the Court's lack of personal jurisdiction over them.

#### 1. Legal Standard

The legal standard governing a motion to dismiss is summarized above in Section III.E.1.

Additionally, in opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, a defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (*quoting Amba Mktg. Sys.*, *Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

#### 2. Discussion

At the outset, the Court notes that notwithstanding any reference to "claims against Relief Defendants," a relief defendant, as a technical matter, is not accused of

violating any substantive law. "[A] nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant." *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002). A relief or nominal defendant is joined within a suit "purely as a means of facilitating collection." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Accordingly, it appears incorrect to challenge on Rule 12(b)(6) grounds *claims* against Relief Defendants. *Id.* (describing the distinction between causes of action and forms of relief). Nevertheless, courts have entertained Rule 12(b)(6) challenges raised by nominal defendants as mechanisms to challenge their status as titular owners of ill-gotten assets. *See, e.g.*, *SEC v. McGee*, 895 F. Supp. 2d 669 (E.D. Pa. 2012). This confusion is probably natural, since the "obscure common law concept" of nominal defendant status, *SEC v. Cherif,* 933 F.2d 403, 414 (7th Cir.1991), is employed pursuant to "the broad equitable powers of the federal courts" not susceptible to easy categorization by the modern rules of federal procedure, *Colello*, 139 F.3d at 676. With this in mind, the Court proceeds under a traditional Rule 12 analysis cognizant of the peculiarities involved in a motion brought by individuals and entities who are not real parties in interest. *See Cherif*, 933 F.2d at 414 ("A nominal defendant is not a real party in interest . . . .").

The Court addresses the jurisdictional argument first. Relief Defendants argue that because the notice requirements of 28 U.S.C. § 754 were not met, the Receiver cannot invoke that provision to allow the Court to exercise personal jurisdiction over them.[7] The FTC counters by arguing that Section 12(b) of the FTC Act, 15 U.S.C.

---

[7] 28 U.S.C. § 754 provides that a receiver appointed in any civil action is "vested with complete jurisdiction and control of all such property with the right to take possession thereof" and has the "capacity to sue in any district without ancillary appointment." Its companion statute, 28 U.S.C. § 1692, provides that "[i]n proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts." As recognized by the First Circuit, "the purpose of the statute [§ 754] is to give the appointing court jurisdiction over property in
*(fn. cont…)*

§ 53(b), provides for nationwide service of process sufficient to allow the exercise of *in personam* jurisdiction. The Court agrees.

Section 12(b) establishes the FTC's authority to bring suits for violations of the FTC Act, and specifically provides that for any such "suit under this section, process may be served on any person, partnership, or corporation wherever it may be found." 15 U.S.C. § 53(b)(2). There can be no question that this provision extends to any party alleged to have violated the Act. Does it, however, extend to nominal or relief defendants who are not themselves alleged to have acted illegally? Relief Defendants erroneously argue that it does not. The language found in Section 12(b) parrots that found in the securities law context. *See* 15 U.S.C. § 77v(a) (noting that "process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."); 15 U.S.C. § 78aa (same). Contrary to Relief Defendants' position, the securities fraud context is directly analogous here, since consumer protection litigation implants the very concept of a relief or nominal defendant from securities litigation. *See FTC v. Transnet Wireless Corp.*, 506 F. Supp. 2d 1247, 1273 (S.D. Fla. 2007) (noting that "[t]he legal principle of a Relief Defendant has its genesis in common law and has been fully developed in the SEC context" and "has been transplanted into the FTC arena"). The same requirements for disgorging assets held by nominal defendants exist in both, and the same principles necessitating nominal defendant status underlie both types of suits.

The Court thus finds persuasive the FTC's citation to *SEC v. Pegasus Wireless Corp.*, No. 09-02302 JSW, 2009 WL 3047223 (N.D. Cal. Sep. 21, 2009). In *Pegasus*, the court held that a relief defendant is subject to nationwide suit even though she was not alleged to have violated federal securities law, since such service was necessary to "to effect full relief in the marshaling of assets that are the fruit of the underlying fraud."

---

*(…fn. cont.)*
the actual or constructive possession and control of the debtor, wherever such property may be located." *Am. Freedom Train Found. v. Spurney*, 747 F.2d 1069, 1073 (1st Cir. 1984).

13

*Id.* at *2 (*quoting Colello*, 139 F.3d at 677). The same rationale applies here. It makes little sense to allow nationwide service for violators of the FTC Act, but withhold from the Court's jurisdiction out-of-state nominal defendants who receive ill-gotten assets obtained through a fraudulent scheme. Such a result would frustrate the court's ability to provide full relief for the underlying fraud.

Turning to Relief Defendants' Rule 12(b)(6) argument, the Court holds that the FTC adequately pled the nominal defendant status of Relief Defendants under Rule 9(b).[8] "The disgorgement of funds received as a result of deceptive, unfair, or abusive practices is proper where 'it is established that the relief defendant possesses property or profits illegally obtained and the relief defendant has no legitimate claim to them.'" *FTC v. Inc21.com Corp.*, 745 F. Supp. 2d 975, 1009 (N.D. Cal. 2010) *aff'd,* 475 F. App'x 106 (9th Cir. 2012) (*quoting FTC v. Think Achievement Corp.*, 144 F. Supp. 2d 1013, 1020 (N.D. Ind. 2000)). *Cf. Colello*, 139 F.3d at 677 (stating the same elements for disgorgement in a securities fraud case). As the Court ruled above, the FTC pled with particularity its FTC Act claims against the Entity Defendants. The FAC then describes numerous transfers of funds to Relief Defendants from monies obtained in the fraudulent enterprise, including a transfer of a large home and direct monetary payments. (*See* FAC at ¶¶ 360-78.) Together, these allegations sufficiently support the disgorgement remedy sought against Relief Defendants.

The Court rejects Relief Defendants' argument that the FTC has failed to allege with particularity that they have no legitimate claim to these assets. In addition to stating the elements required for an equitable disgorgement (*see* FAC at ¶¶ 482-83), the FTC provides specific, factual examples of gratuitous transfers made to Relief Defendants that demonstrate that they are in possession of ill-gotten assets without any legitimate claim to them (*see* FAC at ¶¶ 360-78). Whatever the veracity of these allegations may be, the FTC's allegations are non-conclusory, specific, and particular, and meet all the

---

[8]The Court assumes, without deciding, that Rule 9(b)'s heightened pleading requirements apply to the disgorgement remedy sought against Relief Defendants.

requirements imposed by even the heightened pleading standards of Rule 9(b). The FAC identifies who was involved in these transfers, what the nature of the assets transferred were, the relative timing of these transfers, and how these transfers fit into a larger scheme of allegedly unlawful conduct. Relief Defendants cannot credibly argue that the FTC's allegations must be dismissed. Accordingly, Relief Defendants' Motion to Dismiss is denied.

### H. The FTC's Motion to Strike Certain Affirmative Defense Raised by the I Works and Muir Defendants (dkt. no. 911)

The FTC moves in this Motion to strike certain affirmative defenses raised by the I Works Defendants and the Muir Defendants in their Answers to the FAC. (*See* dkt. nos. 874 and 879.) The Muir Defendants responded to this Motion. I Works Defendants did not, but per an agreement with the FTC, filed an Amended Answer (*see* dkt. no. 928) which is the subject of a second Motion to Strike filed by the FTC (*see* dkt. no. 984). Accordingly, the Court addresses only those requests to strike affirmative defenses raised by the Muir Defendants.

#### 1. Legal Standard

"The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *SidneyVinstein v. A. H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Although the Ninth Circuit has not ruled on the proper use of a Rule 12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege." *McArdle v. AT & T Mobility LLC*, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009), *rev'd on other grounds in McArdle v. AT & T Mobility, LLC,* F. App'x 515 (9th Cir. 2012). "A court must view the pleading under attack in the light most favorable to the pleader" and should not weigh the sufficiency of evidence in evaluating a motion to

strike. *Cardinale v. La Petite Acad., Inc.*, 207 F. Supp. 2d 1158, 1162 (D. Nev. 2002). Because courts strike affirmative defenses only when clearly warranted by the facts, motions to strike should be denied if "substantial questions of fact appear at the pleading stage." *Shenandoah Life Ins. Co. v. Hawes,* 37 F.R.D. 526, 530 (E.D.N.C. 1965); *see also SEC v. Gulf & W. Indus., Inc.,* 502 F. Supp. 343, 345 (D.D.C. 1980). Whether to strike affirmative defenses is within the Court's discretion. *Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

### 2. Discussion

The FTC challenges the following affirmative defenses as not supported by law: failure to state a claim; denials of the allegations; and reservation of future affirmative defenses.

#### a. Failure to State a Claim

Failure to state a claim is not an affirmative defense. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *Boldstar Tech., LLC v. Home Depot, Inc.,* 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). A plaintiff fails to state a claim when she cannot properly establish the required essential elements of a claim. If the plaintiff does, a defendant may raise an affirmative defense that serves as an excuse or justification notwithstanding the existence of the claim's required elements. *See Barnes*, 718 F. Supp. 2d at 1173 (quoting *Roberge v. Hannah Marine Corp.*, No. 96-1691, 124 F.3d 199, 1997 WL 468330, at *3 (6th Cir. Aug. 13, 1997)). Accordingly, the Muir Defendants' first affirmative defense is stricken as improper.

#### b. Denials of Allegations

Muir Defendants raise as affirmative defenses blanket denials of the FTC's allegations. (*See* dkt. no. 879 at ¶¶ 2-4.) A denial of a plaintiff's allegations is an improper affirmative defense for the reasons stated above. *See Barnes*, 718 F. Supp.

2d at 1174 ("To the extent that the [defendant] restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation."); *EEOC v. Interstate Hotels, L.L.C.*, C 04-04092 WHA, 2005 WL 885604, at *4 (N.D. Cal. Apr. 14, 2005) ("It is plaintiff's burden to prove that he has suffered damages. If plaintiff fails to do so, plaintiff will lose the claim and an affirmative defense to that effect is unnecessary."). Accordingly, the Muir Defendants' fourth affirmative answer is stricken, as it is a blanket denial of the FTC's allegations.

The FTC seeks also to strike as redundant Muir Defendants' eighth and eleventh affirmative defenses relating to Muir Defendants' "ability to modify or alter any other Defendants' marketing practices" and their lack of approval of other Defendants' misrepresentations. Whether to strike these affirmative defenses is a closer question, since the precise theories raised by these defenses to escape liability is unclear without additional briefing. In the abundance of caution, the Court denies the FTC's request with respect to these affirmative defenses.

### c.     Reservation of Future Affirmative Defenses

Lastly, the FTC seeks to strike the affirmative defense 13 and 14 raised by Muir Defendants which purport to reserve future affirmative defenses that discovery may reveal are appropriate. These are improper affirmative defenses. *EEOC v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010) ("A 'reservation of affirmative defenses' is not an affirmative defense."); *Solis v. Zenith Capital, LLC*, C 08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) ("[I]f at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure. Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'"). Accordingly, they are stricken.

In sum, the first, fourth, thirteenth, and fourteenth affirmative defenses raised by the Muir Defendants are stricken.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Various Vowell Entities' Motion to Lift Stay (dkt. no. 743) is DENIED.

IT IS FURTHER ORDERED that Various Vowell Entities' Motion to Order Receiver to Segregate Assets (dkt. no. 790) is DENIED.

IT IS FURTHER ORDERED that the Receiver's Motion to Seal Confidential Declaration (dkt. no. 796) is GRANTED.

IT IS FURTHER ORDERED that Magistrate Judge Foley's Report and Recommendation regarding the Federal Trade Commission's Motion for Sanctions (dkt. no. 803) is affirmed in part and rejected in part. The FTC's Motion for Sanctions (dkt. no. 785) is GRANTED in part and DENIED in part. The Court grants the request for sanctions but finds that sanctions in the form of fees and costs to be appropriate. The FTC is ordered to file an affidavit of fees and costs within fifteen (15) days.

IT IS FURTHER ORDERED that Various I Works Defendants' Motion for Judgment on the Pleadings (dkt. no. 810) is DENIED.

IT IS FURTHER ORDERED that Various I Works Defendants' Motion for Leave to File Out-of-Time Opposition to the FTC's Motion to Amend (dkt. no. 811) is DENIED as moot.

IT IS FURTHER ORDERED that Relief Defendants' Motion to Dismiss (dkt. no. 886) is DENIED.

IT IS FURTHER ORDERED that the FTC's Motion to Strike Certain Affirmative Defenses Raised by the I Works and Muir Defendants (dkt. no. 911) is GRANTED in part and DENIED in part.

DATED THIS 6th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE