UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:10-cv-02203-MMD-GWF |
| Plaintiff, | ORDER |
| v. | (Intervenor's Emergency Motion for Limited Stay – dkt. no. 946) |
| JEREMY JOHNSON, et al., | |
| Defendants. | |

**I.   SUMMARY**

Before the Court is Intervenor United States' Emergency Motion for Limited Stay. (Dkt. no. 946.)  The Court heard oral argument on the Motion on June 3, 2013, and hereby denies it.

**II.   BACKGROUND**

**A.   The Civil Case**

The Federal Trade Commission ("the FTC" or "the Commission") brought this suit on December 21, 2010, against Defendants Jeremy Johnson, Loyd Johnston, numerous other individuals, and numerous entities, including I Works, Inc. ("I Works") and Elite Debit, Inc., alleging that Defendants engaged in fraudulent business activities on the Internet that deceptively enrolled unwitting consumers into memberships for products or services, then charged their credit cards or debit funds without consumer authorization or knowledge.  (*See* Compl., dkt. no. 42.)  The Commission alleges numerous violations of § 5(a) of the Federal Trade Commission Act ("the FTC Act"), 15 U.S.C. § 45(a) (prohibiting unfair or deceptive business activities) as well as violations of § 907(a) of the

Electronic Fund Transfer Act ("the EFTA"), 15 U.S.C. § 1693e(a), and its corollary § 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) (governing the rights and liabilities of consumers engaged in electronic funds transfer activities). (*See id.* at 73–80.)

Finding that the Commission established a likelihood of success on the merits, the Court entered a preliminary injunction against Defendants and appointed a receiver ("the Receiver") to manage the approximately $300 million of disputed funds the Commission alleges belongs to consumers defrauded by Defendants. (*See* Preliminary Injunction, dkt. no. 130.)  Since the injunction was issued on February 10, 2011, the Receiver has endeavored to preserve the receivership estate while the parties engage in discovery on the merits of the claims brought by the Commission.  In response to the discovery of property belonging to the receivership estate held by various non-defendants, the Court on March 25, 2013, clarified the scope of the preliminary injunction by finding these third-party-owned assets as constituting receivership assets and setting forth various procedures for disputing the characterization of assets as belonging to the estate. (*See* dkt. no. 897.)

### B.    The Criminal Case

Approximately six months after the filing of the FTC's civil complaint, the United States indicted Defendants Jeremy Johnson and I Works with one count of mail fraud in a complaint filed in the District of Utah on June 10, 2011.  *See* Indictment, *United States v. Johnson*, No. 2:11-cv-00501-DN-PMW (D. Utah June 15, 2011), ECF No. 2.  On March 6, 2013, a grand jury in the District of Utah returned a superseding indictment adding as defendants Scott Leavitt, Bryce Payne, Ryan Riddle, and Loyd Johnston, and charging criminal defendants with 85 new charges of bank fraud, wire fraud, money laundering, and conspiracy.  *See* Superseding Indictment, *United States v. Johnson*, No. 2:11-cv-00501-DN-PMW (D. Utah Mar. 6, 2013), ECF No. 211.  As of June 3, 2013, a trial date has not yet been set, although the United States represented to the Court that prosecutors intend to request an early 2014 trial setting.

///

2

The concurrently proceeding criminal and civil cases previously led the Court to stay discovery in the civil case, with the exception of document discovery and asset-related discovery.  The Court subsequently lifted the stay at the request of the parties in this case.  The United States now moves for another stay of the civil litigation pending resolution of the entire criminal case.  (*See* dkt. no. 946.)  The FTC does not oppose the stay request although it had previously argued for a lifting of the first stay.  (*See* dkt. no. 948.)  Defendants all oppose the stay, primarily due to the hardship they would suffer in light of the Preliminary Injunction ordered by the Court that would extend throughout the duration of the stay.  (*See* dkt. nos. 996, 997, 999, 1000, and 1008.)

## III.   LEGAL STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 254–55. There is no requirement that "before proceedings in one suit may be stayed to abide the proceedings in another[] the parties to the two causes must be shown to be the same and the issues identical."  *Id.* at 254.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).  Nevertheless, the Court is within its discretion to order a stay in the civil proceedings where the interests of justice so require.  *Id.*  This determination is case-specific and "particular [to the] circumstances and competing interests involved in the case." *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In addition to the Fifth Amendment concerns of the criminal defendant, the Court considers the following factors in ruling on a stay: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of

1   the proceedings may impose on defendants; (3) the convenience of the court in the

2   management of its cases, and the efficient use of judicial resources; (4) the interests of

3   persons not parties to the civil litigation; and (5) the interest of the public in the pending

4   civil and criminal litigation."  *Keating*, 45 F.3d at 325.

5   **IV.    DISCUSSION**

6           After reviewing the positions of the parties articulated in the papers and

7   considering their argument during the June 3, 2013, hearing, the Court holds that a stay

8   of discovery is inappropriate under the circumstances.  Two important facts dominate

9   consideration of the United States' Motion: (1) Defendants in the civil action are subject

10  to the Preliminary Injunction, which imposes a heavy burden on their lives during the

11  pendency of the civil proceeding; and (2) consumers of Defendant's products are entitled

12  to a swift determination of liability in the event that it is found that they were victims of a

13  fraudulent enterprise.  Delaying resolution of the civil proceeding frustrates the ability of

14  both Defendants and consumers to resolve the question marks surrounding the I Works

15  enterprises in a judicious and thorough way.

16          The United States argues that continuing the civil litigation nevertheless hinders

17  its ability to prosecute the Utah criminal action against the indicted Defendants.  It points

18  to a series of abuses that it contends demonstrate Defendants attempts to skirt criminal

19  discovery rules, and argues that more restrictive criminal discovery rules ought not to

20  allow Defendants' attempts to improperly aid their criminal defense by virtue of civil

21  discovery. Among others, the United States alleges that various Defendants have

22  harassed and intimidated witnesses during deposition testimony, citing an instance of

23  aggressive questioning of a No-Contact List witness.  The United States also alleges that

24  Defendant Johnson has attempted to exert improper influence over FTC witnesses by

25  threatening subpoenas and lawsuits in exchange for favorable testimony.[1]

26

27          [1]The Court found no evidence of witness harassment or intimidation.  It is not
28  uncommon for witnesses to express concerns about being subpoenaed to appear for
    *(fn. cont…)*

4

Notwithstanding these serious allegations, the Court disagrees that a stay is required.

First, to the extent that Defendants abused the rules set out in this case and in the criminal case, those abuses violate various court orders already governing discovery in both actions.  The solution to resolving abuses of court orders is not to grind this suit to a halt, but to enforce those court orders.  The Magistrate Judges presiding over both cases have established mechanisms for any party wishing to complain about any other party's discovery conduct.  The parties are encouraged to seek the Magistrate Judge's intervention during depositions to address any allegation of abuse that may arise during questioning.  Similarly, any attempt by any Defendant to circumvent prohibitions against witness contact or extrajudicial communications is a serious violation, and should be swiftly brought to the attention of the court that issued the orders and to this Court on a motion for contempt or to strike.

Second, the United States' position seems to require a stay of civil proceedings in nearly all cases involving concurrent civil and criminal actions.  But the Court is mindful that it was the government's decision — not Defendants' — to bring both simultaneously.  "Courts are justifiably skeptical of blanket claims of prejudice by the government where — as here — the government is responsible for the simultaneous proceedings in the first place."  *S.E.C. v. Cioffi*, 08-CV-2457 (FB)(VVP), 2008 WL 4693320, at *1 (E.D.N.Y. Oct. 23, 2008).  "Although courts have been receptive to Government stay requests in civil cases brought by parties other than the Government, results in recent years have been markedly different when the Government itself brings a civil lawsuit simultaneous with a criminal proceeding."  *S.E.C. v. Sandifur*, C05-1631 C, 2006 WL 3692611, at *2 (W.D. Wash. Dec. 11, 2006). "Courts regularly deny stays when civil regulators have worked directly in concert with the criminal prosecutors during the investigation and the Government has used parallel proceedings to its advantage."  *Id.* Whatever strategic

_____

*(…fn. cont.)*

their depositions. The notice to accompany deposition notices should alleviate their general concerns.

5

advantage the government may retain from the criminal discovery rules is forfeited when it decides to bring a concurrent civil proceeding, in the absence of any specific prejudice that may result from their simultaneous running. *See United States v. Fin. Indus. Regulatory Auth. (FINRA)*, 607 F. Supp. 2d 391, 394 (E.D.N.Y. 2009) ("In sum, the only 'prejudice' the Court can discern is that allowing the arbitration to go forward will result in the criminal defendants having more information than they would otherwise be entitled to at this stage under the Federal Rules of Criminal Procedure. This loss of the government's usual tactical advantage is insufficient to justify enjoining the arbitration."); *S.E.C. v. Oakford Corp.*, 181 F.R.D. 269, 272–73 (S.D.N.Y. 1998) ("[T]o the extent that the defendants' discovery requests simply result in the happenstance that in defending themselves against the serious civil charges that another government agency has chosen to file against them they obtain certain ordinary discovery that will also be helpful in the defense of their criminal case, there is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage."). Of course, the language quoted above should not invite continued violations of court orders, which the Court will enforce. Rather, it demonstrates that the inconvenience resulting from concurrent proceedings is an inconvenience in part created by the institution of the simultaneous actions, and something more than alleged abuses of existing Court orders is required in order to halt the civil action.

In sum, the Court's analysis of the factors summarized in *Keating* compel denying the United States' request for a stay.  Although the FTC consents to the stay, prejudice to consumers and the public exists in the absence of an expeditious resolution of the civil case. The burden of an indefinitely-delayed civil proceeding on Defendants is obvious despite the government's argument that a stay inures to Defendants' benefits. Similarly, a delayed civil proceeding imposes hardships for the Court's effective management of this case, thereby militating in favor of completing discovery. This is particularly true since most discovery in the civil case has ended, and the parties do not appear to need much additional time to complete the outstanding depositions.  Lastly,

the interests of non-parties, and the public at large, are best met by ensuring that both matters are brought to a conclusion in an expeditious manner.  The Court recognizes the complexity involved in prosecuting both the criminal and the civil case.  That complexity, in light of the allegations and the numerous Defendants in these cases, cannot be overstated.  Nevertheless, the Court is mindful that public resources and energy are best spent ensuring that even the most complex of matters is eventually disposed of swiftly and with strict adherence to the law.

Accordingly, the Court denies the United States' Motion.  The temporary stay of discovery is lifted.  While the government has not demonstrated a sufficient basis to stay discovery, some additional limitations to the procedures for contacting witnesses are appropriate. To address any potential questions by witnesses who will be subpoenaed to appear for depositions, the parties are ordered to submit within seven (7) days from the entry of this Order a proposed notice to be attached to any subpoena and notice of deposition that explains the deposition process and allays common concerns that potential witnesses may have.  The parties will have thirty five (35) days from the time the Court approves this proposed notice to complete discovery.  In addition to complying with the requirements for limiting contact with any witnesses who are on the No-Contact List as ordered in the criminal case, any contact with those witnesses must be limited to logistics relating to the scheduling of their deposition. The Court reiterates that all notices of deposition and subpoenas must be served on all parties via both email and postal mail at the same time they are served on the witnesses. Asset-related discovery conducted by the Receiver or the FTC is not subject to the Court's limitations on depositions.

**V.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Intervenor United States' Emergency Motion for Limited Stay of Discovery (dkt. no. 946) is DENIED.

IT IS FURTHER ORDERED that the parties are to file within seven (7) days from the entry of this Order a proposed notice for prospective deposition witnesses to send

along with subpoenas.  The parties will have thirty five (35) days from the date that the Court approves this proposed notice to complete discovery.

DATED THIS 19th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE