UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>v.<br>JEREMY D. JOHNSON, et. al.,<br><br>Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>ORDER<br><br>(Plf's Motion to Strike – dkt. no. 1285; Relief Defs' Emergency Motion – dkt. no. 1289; Defs' Emergency Motion to Extend Time – dkt. no. 1295; Defs' Motion for Joinder – dkt. no. 1298) |

This Order addresses the briefing schedule on dispositive motions to resolve issues raised in three pending motions: (1) Plaintiff Federal Trade Commission's Motion to Strike Relief Defendants' Motion for Partial Summary Judgment ("Motion to Strike") (dkt. no. 1285); (2) Relief Defendants' Emergency Motion Regarding Dispositive Motion Deadline and Response in Opposition to FTC's Motion to Strike ("Emergency Motion") (dkt. no. 1289); and (3) Defendants' Emergency Motion to Extend Time ("Motion for Extension") and Joinder to the same (dkt. nos. 1295 and 1298).

Plaintiff argues that Relief Defendants' Motion for Partial Summary Judgment ("MPSJ") should be struck because it was filed after the November 26, 2013, deadline for filing dispositive motions. Relief Defendants' Emergency Motion asks the Court to find that the MPSJ was timely or, in the alternative, find good cause and excusable neglect for a three-day extension of the deadline. (Dkt. no. 1289.) In light of Relief Defendants' request for emergency relief, the Court issued an expedited briefing schedule ordering Plaintiff to file any response to Relief Defendants' Emergency Motion by December 5,

2013. (Dkt. no. 1292.) Plaintiff timely filed such response. (Dkt. no. 1297.) Relief Defendants were ordered to file any reply by December 6, 2013. (Dkt. no. 1292.) Relief Defendants did not file such reply until December 8, 2013, despite their request for emergency ruling by the Court. (Dkt. no. 1300.)

Relief Defendants' failure to contest the November 26, 2013, deadline until after filing a dispositive motion three days late is, at best, an unnecessary inconvenience to the Court and Plaintiff. The Court entered an order on October 3, 2013, that explicitly mentions "the current dispositive motion deadline of November 26, 2013." (*See* dkt. no. 1194.) That order denied Plaintiff's Emergency Motion for Stay, which also mentioned the November 26, 2013, deadline. (Dkt. no. 1180.) Relief Defendants did not raise the alleged inaccuracy of the deadline in their opposition, nor had they raised it with the Court or Plaintiff prior to Plaintiff's Motion to Strike. Relief Defendants have an obligation to read orders issued by the Court and to raise any objections in a timely manner. In addition to filing their MPSJ three (3) days after the deadline identified by the Court in its October 3, 2013, order, Relief Defendants filed their reply in further support of their Emergency Motion two (2) days after the deadline set by the Court in its December 5, 2013, minute order. Relief Defendants continue to suggest to the Court that they either do not read or do not abide by the deadlines set in the Court's orders.

Even so, Relief Defendants ask the Court to find good cause and excusable neglect for an extension of the dispositive motion deadline. Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership* set forth a four-part balancing test for considering whether there has been "excusable neglect": (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 U.S. 380, 395 (1993). While *Pioneer* involved the Federal Rule

of Bankruptcy Procedure 9006(b)(1), the Court made clear that the test would also apply to Fed. R. Civ. P. 6(b)(1)(B). *Id.* at 391-92, 395; *see also Mario v. United Parcel Serv.*, 453 F. App'x 682, 684 (9th Cir.2011). The weighing of Pioneer's equitable factors is within the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir.2004).

The Court finds sufficient excusable neglect to extend the deadline for three (3) days. The Court bases its decision on the fact that the Relief Defendants filed the MPSJ only three (3) days late and there is strong potential for prejudice to Relief Defendants should the Court strike their MPSJ. Further, the Court is not convinced that Plaintiff has been prejudiced by Relief Defendants' delay. Plaintiff argues that Relief Defendants gained a tactical advantage in being able to see Plaintiff's Motions for Summary Judgment (dkt. nos. 1235, 1278) before filing the MPSJ. Even accepting that as true, the argument is unconvincing. Deadlines are not set by the Court so that parties may gain strategic advantage by filing on the last day. They are set so that the Court may resolve cases in a fair and efficient manner. Given the short length of the delay and the importance of addressing the Relief Defendants' dispositive arguments, the Court finds good cause to avoid striking the MPSJ by extending the deadline.

Defendants' Motion for Extension asks for a thirty-day extension to allow Defendants adequate time to respond to Plaintiff's large and complex Motions for Summary Judgment. (Dkt. no. 1295.) Plaintiffs ask that, if the Court does allow Defendants additional time, the Court also grant an extension for Plaintiff to file reply briefs in further support of its Motions for Summary Judgment in the amount of additional days granted to Defendants. (Dkt. no. 1301.) In light of the Motion for Extension, Plaintiff's response, the foregoing and Plaintiff's request to have the same reply deadlines for its Motions for Summary Judgment and Relief Defendants' MPSJ, the Court finds good cause to enter the following briefing schedule:

- Responses to Plaintiff's Motions for Summary Judgment (dkt. nos. 1235, 1278) are due by January 19, 2014.

- Responses to Relief Defendants' Motion for Partial Summary Judgment (dkt. no. 1284) are due by January 19, 2014.
- Reply briefs in further support of Plaintiff's Motions for Summary Judgment (dkt. nos. 1235, 1278) are due by March 4, 2014.
- Reply briefs in further support of Relief Defendants' Motion for Partial Summary Judgment (dkt. no. 1284) are due by March 4, 2014.

Instead of filing separate reply briefs in further support of its Motions for Summary Judgment, Plaintiff may opt to file an omnibus brief responding to all opposition briefs with the same deadline of March 4, 2014.

It is hereby ordered that Plaintiff's Motion to Strike (dkt. no. 1285) is denied.

It is further ordered that Relief Defendants' Emergency Motion (dkt. no. 1289) is granted in part and denied in part. The deadline for dispositive motions was November 26, 2013. Good cause and excusable neglect appearing, the Court extends the deadline to November 29, 2013.

It is further ordered that Defendants' Emergency Motion to Extend Time (dkt. no. 1295) is granted. A briefing schedule is set consistent with this Order.

It is further ordered that Defendants' Motion for Joinder (dkt. no. 1298) is granted.

DATED THIS 10th day of December 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE