1  RANDOLPH L. HOWARD (Nev. SBN 006688)
   rhoward@klnevada.com
2  KOLESAR & LEATHAM, CHTD.
   400 South Rampart Boulevard, Suite 400
3  Las Vegas, NV 89145
   Telephone:   (702) 362-7800
4  Facsimile:   (702) 362-9472

5  GARY OWEN CARIS (Cal. SBN 088918)
   gcaris@mckennalong.com
6  LESLEY ANNE HAWES (Cal. SBN 117101)
   lhawes@mckennalong.com
7  MCKENNA LONG & ALDRIDGE LLP
   300 South Grand Avenue, 14th Floor
8  Los Angeles, CA 90071-3124
   Telephone:   (213) 688-1000
9  Facsimile:   (213) 243-6330

10 Attorneys for Receiver
   **ROBB EVANS OF ROBB EVANS &**
11   **ASSOCIATES LLC**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, etc., et al.,<br><br>              Defendants. | Case No. 2:10-CV-02203-MMD-GWF<br><br>**ORDER GRANTING EMERGENCY MOTION FOR ORDER: (1) APPROVING AND CONFIRMING SALE OF 2988 KINGS COURT LANE, WASHINGTON, UTAH AND SALE AND OVERBID PROCEDURES AND FOR RELATED RELIEF; AND (2) GRANTING RELIEF FROM LOCAL RULE 66-5 PERTAINING TO NOTICE TO CREDITORS** |

The matter of the Emergency Motion for Order: (1) Approving and Confirming Sale of 2988 Kings Court Lane, Washington, Utah and Sale and Overbid Procedures and for Related Relief; and (2) Granting Relief from Local Rule 66-5 Pertaining to Notice to Creditors ("Emergency Motion") filed by Robb Evans of Robb Evans & Associates LLC ("Receiver"), the Receiver pursuant to the Court's Preliminary Injunction Order issued February 10, 2011, came on regularly before the Court for determination, the Honorable Miranda M. Du, United States District

1  Judge presiding. The Court having reviewed and considered the Emergency Motion and all
2  pleadings and papers filed in support thereof, and good cause appearing therefor,
3      IT IS ORDERED that:
4      1    The Emergency Motion and all relief requested therein is hereby granted;
5      2.   Without limiting the generality of the foregoing:
6      A.   The Receiver's proposed sale of the single family residence located at 2988 Kings
7  Court Lane, Washington, Utah ("Kings Court Property") is hereby approved and confirmed on an
8  "as is" basis more fully described in the sale contract documents by private sale either (a) for a
9  purchase price of $265,000, all cash and without any financing contingency, to Deborah Mertons
10 ("Proposed Buyer") pursuant to the Real Estate Purchase Contract dated as of December 9, 2013
11 together with related Addendum No. 1, Addendum No. 2, Multiple Offer Disclosure, Seller's
12 Notice to Buyers of Multiple Offers and Letter from James Fales (broker) to Buyer dated
13 November 26, 2013, Addendum No. 3, the "As-Is" Purchase and Additional Terms provisions
14 (collectively the "Proposed Purchase Agreement"), a true and correct copy of which Proposed
15 Purchase Agreement is attached as Exhibit 3 to the Declaration of M. Val Miller filed in support
16 of the Motion, or (b) to such higher qualified overbidder who hereafter submits the highest
17 qualified overbid at a subsequent overbid session to be conducted under the terms and conditions
18 more fully set forth herein, without further notice, hearing or order;
19     B.   The Receiver's proposed overbid procedures are hereby approved, consisting of the
20 following:
21          (1)   The overbid session shall be conducted within 30 days of the date of entry
22 of this Order. The overbid session will be conducted at the offices of Kirch & Todd Real Estate,
23 43 South 100 East, Suite 200, St. George, Utah 84770;
24          (2)   The Receiver will cause to be published a notice of the proposed sale of the
25 Kings Court Property to a qualified bidder at the overbid session to be conducted under paragraph
26 1.A. above, which notice shall state the date, time and place of the overbid session, the
27 requirement for pre-qualification by overbidders and the terms and conditions of the overbidding
28 and sale of the property, as described below ("Overbid Notice"). The Receiver will cause the

Overbid Notice to be published in The Spectrum newspaper one time at least ten days prior to the scheduled overbid session date;

  (3) Any person wishing to overbid at the overbid session shall be required to pre-qualify with the Receiver no later than 10:00 a.m. two business days preceding the overbid session by delivering to the Receiver's office located at 6037 S. Ft. Apache Road, Suite 130, Las Vegas, Nevada 89148: (a) notice in writing of the prospective overbidder's intent to overbid together with (b) written verification from a financial institution demonstrating to the Receiver's satisfaction, in the Receiver's sole opinion and judgment, the prospective overbidder's ability to complete and close a purchase of the Kings Court Property through sufficient funds or credit facilities within 20 days of the date of the overbid session, and (c) a cashier's check in the sum of $5,000 payable to I Works Inc. Receivership QSF, which cashier's check shall become non-refundable upon acceptance of the overbidder's overbid at the conclusion of the overbid session;

  (4) Overbidders bidding at the overbid session will be deemed to have completed all inspections of the Kings Court Property and will be deemed to have waived and/or removed all contingencies in favor of the buyer under the Proposed Purchase Agreement, including without limitation any contingency pertaining to inspection of title, and will be required to complete a cash purchase of the Kings Court Property and close escrow for the purchase of the Kings Court Property within 20 days of the date of the overbid session. The successful overbidder will be required to execute a purchase agreement for the Kings Court Property substantially in the form of the Proposed Purchase Agreement together with a waiver of all buyer contingencies promptly after conclusion of the overbid session;

  (5) The initial overbid shall be in the amount of $291,500 (an amount that is $26,500, or 10%, higher than the purchase price under the Proposed Purchase Agreement), and all subsequent overbids shall be in an amount at least $10,000 higher than the preceding bid;

  (6) Pursuant to the Proposed Purchase Agreement and the Receiver's listing agreement with James Fales of Todd & Kirch Real Estate ("Broker"), a sales commission in the amount of 6% of the purchase price paid for the Kings Court Property by the Proposed Buyer, or if a higher overbid is received and accepted at the overbid session, by the winning overbidder, shall

be paid from the proceeds of sale of the Kings Court Property at close of escrow and shall be paid to the Broker as listing agent under the listing agreement, or if buyer is represented by a cooperating broker, shall be divided and paid equally to the Broker as the listing agent and the buyer's cooperating broker, under the terms of the listing agreement;

(7) The sale of the Kings Court Property by private sale to the Proposed Buyer under the Proposed Purchase Agreement, or to the person who submits the highest qualified overbid at the overbid session to be conducted pursuant to the foregoing procedures, will be deemed confirmed by this Order without further notice or hearing and without the necessity of any subsequent motion for confirmation of the sale;

C. In connection with the proposed sale of the Kings Court Property, the Receiver is authorized to execute all documents and instruments necessary or convenient to complete, implement, effectuate and close the sale of the Kings Court Property to the purchaser, including but not limited to the deed conveying title to the Kings Court Property;

D. The Receiver is authorized the Receiver to permit and/or cause to be paid from the proceeds of sale all ordinary and customary closing costs, all costs and expenses required to be paid under the terms of the Proposed Purchase Agreement by the seller from the proceeds of sale, all commissions provided for in the Proposed Purchase Agreement, the Receiver's listing agreement for the property attached as Exhibit 2 to the Declaration of M. Val Miller in support of the Emergency Motion and this Order, and all real property tax liens and prorated real property taxes due up to the date of closing; and\

3. Notice of the Motion is deemed to be sufficient under Local Civil Rule 66-5 based on the service of a notice of the filing of the Motion and the Motion on all parties and the affected lienholders, and service of a notice of the filing of the Motion on all known non-consumer creditors of the estate, and on all known taxing authorities with a potential claim in the receivership estate concurrent with the filing of the Motion with the Court.

Dated: February 27, 2014

_____
MIRANDA M. DU
United States District Court Judge