UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, et al.,<br><br>                              Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>ORDER<br><br>(Receiver's Motion for Order Approving<br>and Confirming Sale – dkt.no. 1189;<br>Receiver's Motion to Strike – dkt. no. 1211) |

I.     **SUMMARY**

Before the Court are two related motions.

1.  The Receiver's motion for order approving and confirming sale of three Woodsview properties ("Motion to Approve Sale"). (Dkt. no. 1189.) Defendant Jeremy Johnston filed opposition ("Opposition") with respect to one of the properties (dkt. no. 1202) and the Receiver filed a reply (dkt. no. 1209). The Receiver also filed objections to the exhibits attached to Johnson's Opposition. (Dkt. no. 1210.) The Receiver also submitted under seal an appraisal report for one of the properties. (Dkt. no. 1213.) The Receiver also filed a notice of potential withdrawal by the buyers of the three Woodsview properties. (Dkt. no. 1397.)

2.  The Receiver's motion to strike Declaration of Melinda Barlow offered as an exhibit to Johnson's Opposition ("Motion to Strike"). (Dkt. no. 1211.) Johnson filed a response (dkt. no. 1224) and the Receiver filed a reply (dkt. no. 1228).

For the reasons set forth below, the Receivers' motions are granted.

## II.   BACKGROUND

Plaintiff Federal Trade Commission ("the Commission") brought this suit on December 21, 2010, against Defendants Jeremy Johnson, Loyd Johnston, numerous other individuals, and numerous entities, including I Works, Inc. and Elite Debit, Inc., alleging that Defendants engaged in fraudulent business activities on the Internet that deceptively enrolled unwitting consumers into memberships for products or services, then charged their credit cards or debit funds without consumer authorization or knowledge. (*See* dkt. no. 42.) The Commission alleges numerous violations of Section 5(a) of the Federal Trade Commission Act ("the FTC Act"), 15 U.S.C. § 45(a) (prohibiting unfair or deceptive business activities) as well as violations of Section 907(a) of the Electronic Fund Transfer Act ("the EFTA"), 15 U.S.C. § 1693e(a), and its corollary Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) (governing the rights and liabilities of consumers engaged in electronic funds transfer activities). (*See id.* at 73-80.)

Finding that the Commission established a likelihood of success on the merits, the Court entered a preliminary injunction against Defendants and appointed a receiver ("the Receiver") to manage the approximately $300 million of disputed funds the Commission alleges belongs to consumers defrauded by Defendants. (*See* dkt. no. 130.) Since the injunction was issued on February 10, 2011, the Receiver has endeavored to preserve the receivership estate while the parties engage in discovery on the merits of the claims brought by the Commission. In response to the discovery of property belonging to the receivership estate held by various non-defendants, the Court on March 25, 2013, clarified the scope of the preliminary injunction by finding that these third-party owned assets as constituting receivership assets ("the Clarifying Order"). (*See* dkt. no. 897.)

## III.   DISCUSSION

### A.   Motion to Approve Sale

The Receiver seeks an order approving and confirming the proposed sale of three properties (collectively, "Properties"): two vacant lots in The Woods at Valley View Subdivision in St. George, Utah; and a single family residence located at 505 S.

Woodsview Circle in St. George, Utah ("the Property"). (Dkt. no. 1189 at 2-4.) The Court previously authorized the Receiver to list the Properties for sale. (Dkt. no. 1139.) The Properties are encumbered by deeds of trust in favor of Billy's Limited securing a note ("the Note") with a balance of $875,301 as of January 10, 2013, but the Note has been in default for over a year as of the filing of the Motion.[1] (Dkt. no. 1189 at 8.) Pursuant to a settlement agreement with the Receiver, Billy's Limited has agreed to a discounted payoff assuming payment is received by December 13, 2013.[2] (*Id.* at 9; dkt. no. 1189-1 ¶ 5.) The Property's rental income is not enough to service the payment under the Note and pay accrued real property taxes on the Properties. (*Id.*)

Johnson opposes the Motion with respect to only the sale of the Property. (Dkt. no. 1202.) The Property is proposed for sale for $725,000 all cash and "as-is" to Ken and Lisa McBride, who are affiliated with proposed buyer of the two vacant lots. (Dkt. no. 1189 at 4-5.) The Receiver requests authorization to proceed with the sale without overbidding and submits that the sale price equal or exceeds the average of three recent valuations for the Property. (*Id.*)

Johnson's Opposition raises three main arguments. First, Johnson contends that the Property is worth more than the proposed sale price.[3] However, the exhibit offered, an unauthenticated document entitled "Comparable Market Analysis," is neither admissible nor provides the appraised value of the Property to support Johnson's claim. (Dkt. no. 1202-1 at 1.) Moreover, based on the Court's review of the evidence submitted

///

---

[1]The Receiver has determined that Billy's Limited is a bona fide holder of the note. (Dkt. no. 1189 at 8.)

[2]Billy's Limited has initiated the foreclosure process by issuing notices of default. (Dkt. no. 1189 at 10.) The Receiver represents that Billy's Limited "may conduct its foreclosure sales on or after December 16, 2013, if it does not receive the discounted payoff by December 15, 2013." (*Id.* at 9.)

[3]Johnson makes other allegations and speculations about the Receiver and the listing agent's conduct relating to the marketing and sale of the Property. However, the Court will not address these unsupported allegations and inappropriate personal attacks.

1  by the Receiver, including the sealed appraisal report for the Property (dkt. no. 1213),

2  Johnson's claim that the Property is worth more than the sale price is without merits.

3      Second, Johnson asserts allegations against the listing agent and his purported

4  conduct. These allegations are immaterial to the issues raised in the Motion and will be

5  disregarded.

6      Finally, Johnson claims that the Property was acquired using monies having no

7  connection to this case. However, Johnson concedes that the Property has been

8  determined to be an asset of the receivership estate pursuant to the Clarifying Order.

9  (Dkt. no. 1202 at 10.) Thus, Johnson's third basis for opposing the Motion also fails.

10      Considering all the factors presented by the Receiver relating to the Properties,

11  the Court agrees with the Receiver that the proposed sale will serve the best interest of

12  the receivership estate. The Court will grant the Receiver's Motion.

13      **B.    Motion to Strike**

14      The Receiver seeks to strike the Declaration of Melinda Barlow ("Barlow Dec."),

15  which Johnson offered with his Opposition to support his claim that the listing agent and

16  his wife engaged in improper conduct in their interactions with Ms. Barlow.[4]

17      Fed.R.Civ.P. 12(f) allows a party to move to strike an "insufficient defense or any

18  redundant, immaterial, impertinent, or scandalous matter ... within 21 days after being

19  served with the pleading." "Allegations are 'impertinent'" if they are not responsive to the

20  issues that arise in the action and that are admissible as evidence" and "'[s]candalous'

21  matter is that which casts a cruelly derogatory light on a party or other person." *Munroz*

22  *v. Burson*, No. 2:10-cv-01564-MMD-NJK, 2013 WL 149624, *2 (D. Nev. Jan. 11, 2013)

23  (citation omitted).

24      The Barlow Dec. contains both impertinent and scandalous materials.  Ms. Barlow

25  is Johnson's adopted daughter. The Barlow Dec. recounts Ms. Barlow's alleged dealings

26  _____

27      [4]While Johnson filed a response to the Motion to Strike (dkt. no. 1224), he did not

28  address why the Barlow Dec. should not be stricken, but instead makes additional
    allegations against the listing agent.

with the listing agent and his wife, who are neighbors of the Johnsons, when she babysat for them and apparently provided massage services for them, including allegations that the listing agent engaged in drug use and made sexual advances.[5] The conduct described in the Barlow Dec. has no relevance to this case and is immaterial to the issues raised in the Receiver's Motion. The Receiver's Motion to Strike is granted.

## IV.   CONCLUSION

It is therefore ordered that the Receiver's motion for order approving and confirming sale (dkt. no. 1189) is granted.  The proposed sale is approved based on the terms presented in the Receiver's Motion, assuming the proposed sale contracts have not been terminated.

It is further ordered that the Receiver's motion to strike (dkt. no. 1211) is granted. The Clerk will strike the Declaration of Melinda Barlow (dkt. no. 1202-3.)

DATED THIS 29th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5]To the extent Johnson and Ms. Barlow have a legitimate dispute with the listing agent, this case is not the proper forum to air their grievances.