RANDOLPH L. HOWARD (Nev. SBN 006688)
rhoward@klnevada.com
KOLESAR & LEATHAM, CHTD.
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472

GARY OWEN CARIS (Cal. SBN 088918)
gcaris@mckennalong.com
LESLEY ANNE HAWES (Cal. SBN 117101)
lhawes@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071-3124
Telephone: (213) 688-1000
Facsimile: (213) 243-6330

Attorneys for Receiver
**ROBB EVANS OF ROBB EVANS & ASSOCIATES LLC**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, etc., et al.,<br><br>Defendants. | Case No. 2:10-CV-02203-MMD-GWF<br><br>~~[PROPOSED]~~ ORDER GRANTING MOTION FOR ORDER (1) AUTHORIZING, APPROVING AND CONFIRMING SALE OF TWO TURF SOD PARCELS IN HURRICANE, UTAH, APPROVING SALE AND OVERBID PROCEDURES AND FOR RELATED RELIEF; AND (2) GRANTING RELIEF FROM LOCAL RULE 66-5 PERTAINING TO NOTICE TO CREDITORS |

    The matter of the Motion for Order: (1) Authorizing, Approving and Confirming Sale of Two Turf Sod Parcels in Hurricane, Utah and Approving Sale and Overbid Procedures and for Related Relief; and (2) Granting Relief from Local Rule 66-5 Pertaining to Notice to Creditors ("Motion") filed by Robb Evans of Robb Evans & Associates LLC ("Receiver"), the Receiver pursuant to the Court's Preliminary Injunction Order issued February 10, 2011, came on regularly

for determination before the Court, the Honorable Miranda M. Du, United States District Judge presiding. The Court, having reviewed and considered the Motion and all pleadings and papers filed in support thereof, and all responses or oppositions, if any, to the Motion, and good cause appearing therefor,

IT IS ORDERED that:

1. The Motion and all relief sought therein is granted;

2. Without limiting the generality of the foregoing:

A. The Receiver's proposed sale and overbid procedures for the sale of the two parcels of real property located on Turf Sod Road in Hurricane, Utah consisting of an approximate 5.11 acre parcel, Assessor's Tax Id. No. H-4-2-10-223 and an approximate 19.9 acre parcel, Assessor's Tax Id No. H-4-2-10-222 ("Two Turf Sod Parcels") as set forth in the Motion are approved, and the Receiver is authorizing to sell the Two Turf Sod Parcels on an "as is" basis more fully described in the sale contract documents by private sale either (a) to Christopher Wyler ("Proposed Buyer"), an arm's length buyer, at a purchase price of $225,000 pursuant to the Real Estate Purchase Contract dated June 16, 2014, Addendum No. 1 and Counteroffer to Real Estate Purchase Contract dated June 17, 2014, Addendum (As Is) and Additional Terms attachments attached thereto, Addendum No. 2 to Real Estate Purchase Contract dated and accepted as of July 16, 2014, and Addendum No. 3 to Real Estate Purchase Contract dated and accepted as of July 30, 2014 attached collectively as Exhibit 2 to the Declaration of M. Val Miller in support of the Motion (collectively "Proposed Purchase Agreement"), or (b) to such higher qualified overbidder who hereafter submits the highest qualified overbid at a subsequent overbid session to be conducted under the terms and conditions more fully set forth herein and approved by the Court, and the foregoing sale of the Two Turf Sod Parcels is hereby confirmed without further notice, hearing or order under the terms and conditions of this Order.

B. The Receiver's proposed overbid procedures, terms and conditions of the sale are hereby approved, including the following:

(1) The overbid session shall be conducted within 30 days of the date of entry of the order granting the Motion. The overbid session will be conducted at the offices of NAI

1  Utah Southern Region, 243 East St. George Blvd., Suite 200, St. George, Utah 84770;

2  (2) The Receiver shall cause to be published a notice of the proposed sale of the Two Turf Sod Parcels to a qualified bidder at the overbid session to be conducted under paragraph 1.A. above, which notice shall state the date, time and place of the overbid session, the requirement for pre-qualification by overbidders and the terms and conditions of the overbidding and sale of the property, as described below ("Overbid Notice"). The Receiver shall cause the Overbid Notice to be published in The Spectrum newspaper one time at least ten days prior to the scheduled overbid session date;

(3) Any person wishing to overbid at the overbid session shall be required to pre-qualify with the Receiver no later than 10:00 a.m. two business days preceding the overbid session by delivering to the Receiver's office located at 6037 S. Ft. Apache Road, Suite 130, Las Vegas, Nevada 89148: (a) notice in writing of the prospective overbidder's intent to overbid together with (b) written verification from a financial institution demonstrating to the Receiver's satisfaction, in the Receiver's sole opinion and judgment, the prospective overbidder's ability to complete and close a purchase of the Two Turf Sod Parcels through sufficient funds or credit facilities within 20 days of the date of the overbid session, and (c) a cashier's check in the sum of $10,000 payable to I Works Inc. Receivership QSF, which cashier's check shall become non-refundable upon acceptance of the overbidder's overbid at the conclusion of the overbid session;

(4) Overbidders bidding at the overbid session will be deemed to have completed all inspections of the Two Turf Sod Parcels and will be deemed to have waived and/or removed all contingencies in favor of the buyer under the Proposed Purchase Agreement, including without limitation any contingency pertaining to inspection of title, and will be required to complete a cash purchase of the Two Turf Sod Parcels and close escrow for the purchase of the Two Turf Sod Parcels within 20 days of the date of the overbid session. The successful overbidder will be required to execute a purchase agreement for the Two Turf Sod Parcels substantially in the form of the Proposed Purchase Agreement together with a waiver of all buyer contingencies promptly after conclusion of the overbid session;.

(5) The initial overbid shall be in the amount of $247,500.00 (an amount that is

1  $22,500, or 10%, higher than the purchase price under the Proposed Purchase Agreement), and all
2  subsequent overbids shall be in an amount at least $10,000 higher than the preceding bid;

3        (6)    Pursuant to the Proposed Purchase Agreement and the Receiver's listing
4  agreement with Jason Griffith and Meeja McAllister of Brokers Commercial, LLC dba NAI Utah
5  Southern Region ("Broker"), a sales commission in the amount of 6% of the purchase price paid
6  for the Two Turf Sod Parcels by the Proposed Buyer, or if a higher overbid is received and
7  accepted at the overbid session, by the winning overbidder, shall be paid from the proceeds of sale
8  of the Two Turf Sod Parcels at close of escrow and shall be paid to the Broker as listing agent
9  under the listing agreement, or if the winning overbidder is represented by a cooperating broker,
10 shall be divided and paid equally to the Broker as the listing agent and the buyer's cooperating
11 broker, under the terms of the listing agreement; and

12       (7)    The sale of the Two Turf Sod Parcels by private sale to the Proposed Buyer
13 under the Proposed Purchase Agreement, or to the person who submits the highest qualified
14 overbid at the overbid session to be conducted pursuant to the foregoing procedures, shall hereby
15 be deemed confirmed by this Order without further notice or hearing and without the necessity of
16 any subsequent motion for confirmation of the sale;

17     C.    The Receiver is authorized to execute all documents and instruments necessary or
18 convenient to complete, implement, effectuate and close the sale of the Two Turf Sod Parcels to
19 the purchaser, including but not limited to the deed conveying title to the Two Turf Sod Parcels;

20     D.    The Receiver is authorized to permit and/or cause to be paid from the proceeds of
21 sale all ordinary and customary closing costs, all costs and expenses required to be paid under the
22 terms of the Proposed Purchase Agreement by the seller from the proceeds of sale, all
23 commissions provided for in the Proposed Purchase Agreement, the Receiver's listing agreement
24 for the property attached as Exhibit 1 to the Declaration of M. Val Miller in support of the Motion
25 and the Motion, and all real property tax liens and prorated real property taxes due up to the date
26 of closing;

27     E.    Notice of the Motion is hereby deemed to be sufficient under Local Civil Rule 66-5
28 based on the Receiver's service of a notice of the filing of the Motion and the Motion on all parties

and service of a notice of the filing of the Motion on all known non-consumer creditors of the estate and on all known taxing authorities with a potential claim in the receivership estate concurrent with the filing of the Motion with the Court.

Dated: October 3, 2014

_____
MIRANDA M. DU
United States District Court Judge