UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, et al.,<br><br>Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>ORDER |

**I.   SUMMARY**

Before the Court is the Receiver's emergency motion ("Motion") for order authorizing Receiver to list and offer for sale property located at 573 S. Woodsview Circle ("the Property). (Dkt. no. 1488.)  Defendant Jeremy Johnson filed an opposition. (Dkt. no. 1499-1.)  The Receiver has filed a reply. (Dkt. no. 1512.) While a hearing on the Motion is set for October 16, 2014 (dkt. no. 1504), the Court has determined that a hearing is not required. The hearing is therefore vacated.  For the reasons discussed below, the Motion is granted.

**II.   BACKGROUND**

Plaintiff Federal Trade Commission ("the Commission") brought this suit on December 21, 2010, against Defendants Jeremy Johnson, Loyd Johnston, numerous other individuals, and numerous entities, including I Works, Inc. and Elite Debit, Inc., alleging that Defendants engaged in fraudulent business activities on the Internet that deceptively enrolled unwitting consumers into memberships for products or services,

then charged their credit cards or debit funds without consumer authorization or knowledge. (*See* dkt. no. 42.) The Commission alleges numerous violations of Section 5(a) of the Federal Trade Commission Act ("the FTC Act"), 15 U.S.C. § 45(a) (prohibiting unfair or deceptive business activities) as well as violations of Section 907(a) of the Electronic Fund Transfer Act ("the EFTA"), 15 U.S.C. § 1693e(a), and its corollary Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) (governing the rights and liabilities of consumers engaged in electronic funds transfer activities). (*See id.* at 73-80.)

Finding that the Commission established a likelihood of success on the merits, the Court entered a preliminary injunction against Defendants and appointed a receiver ("the Receiver") to manage the approximately $300 million of disputed funds the Commission alleges belongs to consumers defrauded by Defendants. (*See* dkt. no. 130.) Since the injunction was issued on February 10, 2011, the Receiver has endeavored to preserve the receivership estate while the parties engage in discovery on the merits of the claims brought by the Commission. In response to the discovery of property belonging to the receivership estate held by various non-defendants, the Court on March 25, 2013, clarified the scope of the preliminary injunction by finding that these third-party owned assets as constituting receivership assets ("the Clarifying Order"). (*See* dkt. no. 897.) The Clarifying Order provides that the receivership estate covers certain entities, including Lift Off Financial, LLC, and the assets of certain individuals, including Jason Vowell ("Vowell"). (*Id.* at 3.)

**III.   DISCUSSION**

The Receiver's Motion asks the Court to authorize the Receiver to list and offer the Property for sale and to direct other actions to be taken to ensure Vowell timely and properly vacates the Property. Title to the Property is held by Lift Off Financial, LLC, and Vowell has occupied the Property except for the period of time when he was in custody. The Property therefore is an asset of the receivership estate pursuant to the Clarifying Order. The Court finds that the Receiver has demonstrated that it would be in the best

interest of the receivership estate to list the Property for sale in order to maintain and preserve assets of the receivership estate. The Receiver's Motion is granted; however, Vowell and others in privity with him will be given sixty (60) days to vacate the Property and to remove all personal property. The Receiver's proposed order will be adopted except for this modification to provide Vowell with more time to vacate the Property.

## IV. CONCLUSION

It is therefore ordered that the Receiver's emergency motion for order authorizing Receiver to list and offer for sale property located at 573 S. Woodsview Circle (dkt. no. 1488) is granted. The hearing set for October 16, 2014, with respect to this motion is vacated.

DATED THIS 7th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE