UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, etc., et al.,<br><br>Defendants. | Case No. 2:10-CV-02203-MMD-GWF<br><br>ORDER:<br>(1) AUTHORIZING RECEIVER TO LIST AND OFFER FOR SALE PROPERTY LOCATED AT 573 S. WOODS VIEW CIRCLE, ST. GEORGE, UTAH; (2) COMPELLING JASON VOWELL AND ALL OTHERS RESIDING AT THE 573 S. WOODSVIEW CIRCLE PROPERTY TO VACATE AND TURNOVER POSSESSION TO THE RECEIVER AND FOR RELATED RELIEF; AND<br>(3) GRANTING RELIEF FROM LOCAL RULE 66-5 PERTAINING TO NOTICE TO CREDITORS |

The matter of the Motion for Order: (1) Authorizing Receiver to List and Offer for Sale Property Located at 573 S. Woods View Circle, St. George, Utah; (2) Compelling Jason Vowell and All Others Residing at the 573 S. Woods View Circle Property to Vacate and Turnover Possession to the Receiver and for Related Relief; and (3) Granting Relief from Local Rule 66-5 Pertaining to Notice to Creditors ("Motion") filed by Robb Evans of Robb Evans & Associates LLC ("Receiver"), the Receiver pursuant to the Court's Preliminary Injunction Order issued February 10, 2011, came on for determination before the Court, the Honorable Miranda M. Du, United States District Judge presiding. The Court, having read and considered the Motion and all pleadings and papers filed in support thereof, and the responses or oppositions thereto, if any, and good cause appearing therefor,

IT IS ORDERED that:

1. The Motion and all relief sought therein is granted in its entirety;

2. Without limiting the generality of the foregoing:

A. The Receiver is authorized to list and market for sale that certain single family residence located at 573 S. Woods View Circle, St. George, Utah ("573 Woodsview");

B. The Receiver is authorized to engage Keller Williams, a real estate brokerage in St. George, Utah (the "Broker"), and to enter into an exclusive listing agreement with the Broker providing for ordinary and customary terms and conditions for the listing of the similar real property assets, including the payment of ordinary and customary sales commissions for 573 Woodsview, providing for ordinary and customary advertising expenses, and further providing that acceptance of offers and completion of any sale of 573 Woodsview is subject to entry of an order of this Court approving such sale after notice and an opportunity for hearing and is further subject to an overbidding session to be conducted by the Receiver after publication of notice of the opportunity to overbid;

C. Jason Vowell ("Vowell") and all others in privity with him residing at or in possession of 573 Woodsview are hereby directed to (a) permanently leave and vacate 573 Woodsview, (b) turn over full and exclusive possession, custody and control of 573 Woodsview to the Receiver, and (c) remove all of their personal property located at 573 Woodsview,

1 exclusive of improvements, buildings, fixtures, appurtenances or other personal property attached
2 thereto, within sixty (60) days of the date of entry of this Order;
3     D.    The clerk of the Court is directed to issue a writ of assistance authorizing and
4 directing the United States Marshal and his deputies, commencing on the sixty-first day after the date
5 of entry of this Order, to take all actions reasonably necessary, to bring about the removal and
6 ejectment of Vowell and all others in privity with him residing at or in the possession of 573
7 Woodsview, from possession, custody and control of 573 Woodsview if they have not
8 permanently vacated and turned over full and exclusive possession, custody and control of 573
9 Woodsview to the Receiver within sixty (60) days following the date of entry of this Order;
10     E.    All personal property remaining at 573 Woodsview after Vowell and all others in
11 privity with him residing at or in possession of 573 Woodsview vacate 573 Woodsview, whether
12 they vacate the property in compliance with paragraph 2.C. above or after removal by the United
13 States Marshal under paragraph 2.D. above, shall be deemed abandoned and may be disposed of
14 in accordance with the discretion of the Receiver;
15     F.    Notice of the Motion is deemed sufficient under Local Civil Rule 66-5 based on
16 the Receiver's service of a notice of the filing of this Motion and the Motion on all parties, and on
17 Vowell, and service of a notice of the filing of the Motion on all known non-consumer creditors
18 of the estate concurrent with the filing of this Motion with the Court.

DATED THIS 7th day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

McKenna Long &
Aldridge LLP
Los Angeles

- 3 -

USW 804662583.1