UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>JEREMY JOHNSON, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>ORDER |

**I.　SUMMARY**

Before the Court is the Receiver's motion for order authoring the sale, and overbid procedure for the sale, of the Beaver Dam, Arizona trailer park property ("Motion"). (Dkt. no. 1569.) Defendant Jeremy Johnson filed an opposition. (Dkt. no. 1573.) The Receiver has filed a reply. (Dkt. no. 1574.) For the reasons discussed below, the Motion is granted.

**II.　BACKGROUND**

Plaintiff Federal Trade Commission ("the Commission") brought this suit on December 21, 2010, against Defendants Jeremy Johnson, Loyd Johnston, numerous other individuals, and numerous entities, including I Works, Inc. and Elite Debit, Inc., alleging that Defendants engaged in fraudulent business activities on the Internet that deceptively enrolled unwitting consumers into memberships for products or services, then charged their credit cards or debit funds without consumer authorization or knowledge. (*See* dkt. no. 42.) The Commission alleges numerous violations of Section

5(a) of the Federal Trade Commission Act ("the FTC Act"), 15 U.S.C. § 45(a) (prohibiting unfair or deceptive business activities) as well as violations of Section 907(a) of the Electronic Fund Transfer Act ("the EFTA"), 15 U.S.C. § 1693e(a), and its corollary Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) (governing the rights and liabilities of consumers engaged in electronic funds transfer activities). (*See id.* at 73-80.)

On February 10, 2011, the Court entered a preliminary injunction against Defendants and appointed a receiver ("the Receiver") to manage the approximately $300 million of disputed funds the Commission alleges belongs to consumers defrauded by Defendants. (*See* dkt. no. 130.) On March 25, 2013, the Court clarified the scope of the preliminary injunction. ("the Clarifying Order"). (*See* dkt. no. 897.) For example, the Clarifying Order determined that the receivership estate covers certain entities, including New Horizons.

**III.    DISCUSSION**

The Receiver's Motion seeks approval of the proposed sale and overbid procedures for the sale of the EZ Living trailer park located at 3265 East Old Pioneer Road, Beaver Dam, Arizona ("the Property") titled to New Horizon.  In particular, the Receiver asks that the Court approve the proposed sale of the Property to either (1) Michael T. Black or his assignee ("Proposed Buyer"), an arm's length buyer, for the purchase price of $145,000.00 ("Purchase Price"), less a credit to the Proposed Buyer of 50% of the outstanding balance due to the Virgin River Wastewater Improvement District, pursuant to the terms of an executed contract and relate documents or (2) a higher qualified overbidder who submits a bid pursuant to an overbid session to be conducted as approved by the Court with the initial overbid amount to be 10% higher than the Purchase Price (or $159,500.00).[1] The Receiver represents that the sale to the

---

[1] The Receiver represents that the Purchase Price "substantially exceeds the minimum threshold for approval of a private sale of two-thirds of the average of three valuations of the property." (Dkt. no. 1569 at 10.)

2

Proposed Buyer will result in the recovery to the receivership estate an estimated amount in excess of $115,000, after accounting for the credit to the Proposed Buyer, sales commission and other costs.

Defendant Jeremy Johnson opposes the Motion on two grounds. First, Johnson contends that he has found a buyer who will purchase the Property for $150,000.00. Second, he argues that the proceeds of the sale be used to satisfy tax liabilities associated with New Horizon.

Johnson's arguments are not persuasive. The existence of a potential buyer who is willing to pay more than the Purchase Price provides another reason to approve the Motion. To the extent Johnson knows a buyer who is willing to purchase the Property, that buyer may participate in the overbid process proposed by the Receiver *assuming* the buyer is qualified. As for New Horizon's tax liabilities, the Court agrees with the Receiver that it would be inappropriate at this time to permit payment from the sales proceeds when the tax lien does not encumber the Property and was a result of taxes for the 2010 tax period, before the Court established the receivership. (Dkt. no. 1573-2.)

## IV. CONCLUSION

It is therefore ordered that the Receiver's motion for order authoring the sale, and overbid procedure for the sale, of the Beaver Dam, Arizona trailer park property (dkt. no. 1569) is granted.

DATED THIS 26th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE