UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No.  2:10-cv-02203-MMD-GWF |
| vs. | ) **ORDER** |
| JEREMY JOHNSON, *et al.*, | ) **Motion to Quash (#1598)** |
| Defendants. | ) |

This matter is before the Court on Defendant Jeremy Johnson's Motion to Quash (#1598), filed on May 7, 2015.  The Federal Trade Commission ("FTC") filed its Opposition (#1605) on May 22, 2015.  Defendant Johnson filed his Response (#1609), i.e. reply, on June 1, 2015.

**BACKGROUND AND DISCUSSION**

On or about May 4, 2015, the FTC served subpoenas duces tecum on The Cromwell Hotel and Casino, Desert Palace/Caesars Palace, the LINQ, Paris Las Vegas, and Rio All-Suite Hotel and Casino.  The subpoenas seek all documents in the possession, custody or control of the subpoenaed entities "sufficient to determine the day-to-day and aggregate amount of money won or lost by Johnson in transactions at properties owned and managed by [the subpoenaed entity]."   The subpoenas seek documents for the period from January 2014 to the present.  In his very brief motion, Mr. Johnson states that the time for subpoenas has expired. He notes that the FTC claims the subpoenas are authorized under the Preliminary Injunction Order, but refused to give any explanation as to how the information sought relates to the Preliminary Injunction Order.   The FTC responds that the subpoenas are directed at discovering Mr. Johnson's assets and are allowed under the Preliminary Injunction Order which authorizes the FTC and the Receiver to conduct discovery "for the purpose of discovering the nature, location, status, and extent of the assets of the

Receivership Defendants and the nature and location of the documents reflecting business transactions of Defendants." *Preliminary Injunction Order (#130), pg. 35.* The FTC states that it has received information that Defendant Johnson has made at least three recent trips to Las Vegas casinos and has gambled several thousands of dollars. The FTC argues that Mr. Johnson may have used undisclosed Receivership assets in his gambling activities.

The subpoenaed records will presumably show the gambling activity of Defendant Johnson during the time period requested. The information requested will not, in and of itself, disclose the source of the funds that Mr. Johnson used to gamble. Assuming that the subpoenaed records show that Mr. Johnson has engaged in substantial gambling activity, however, this may lead to further relevant and proper discovery regarding the source of funds used by the Defendant to gamble. The subpoenas are therefore sufficiently within the scope of the Preliminary Injunction Order to uphold their validity. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jeremy Johnson's Motion to Quash (#1598) is **denied**.

DATED this 8th day of June, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge