UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,         )<br>                                   )<br>         Plaintiff,                )<br>                                   )<br>vs.                                )<br>                                   )<br>JEREMY JOHNSON, *et al.*,          )<br>                                   )<br>         Defendants.               )<br>_____) | Case No.  2:10-cv-02203-MMD-GWF<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion for Leave to File Under Seal (#1546), filed on October 28, 2014. Plaintiff filed its Opposition (#1552) on November 6, 2014. Defendants filed their Reply (#1561) on November 21, 2014. Defendants renew their earlier motion to file the exhibits to their Opposition to Plaintiff's Motion for Summary Judgment (#1343) under seal.

There is a general public right to inspect judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This right leads to a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1985). In order to seal a dispositive pleading, or an exhibit to a dispositive pleading, the moving party must establish "compelling reasons" for the documents to be sealed. *Kamakana*, 447 F.3d at 1179. Defendants argue that the exhibits to their Motion for Summary Judgment in this case are privileged, and therefore should be filed under seal. "[T]he need to honor the attorney-client privilege and the work-product doctrine" constitutes a compelling reason to seal exhibits to a dispositive motion. *United States v. Pella*, 2012 WL 5287898 at *1 (D. Nev. 2012) citing *Asdale v. International Game Technology*, 2010 WL 2161930 at *4 (D. Nev. 2010).

Defendants argue that the exhibits should be filed under seal because they are protected by the attorney-client privilege. Plaintiff argues that the exhibits are not protected by the privilege because Defendants waived the privilege. Furthermore, Plaintiff argues that, because the Defendants shared some of the exhibits with outside entities, marked some of the exhibits during depositions without objection, and filed some of the exhibits on the public record, they are not privileged communications.

The Ninth Circuit has held that an eight-part test shall be used to determine if information is protected by the attorney-client privilege: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) quoting *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). "The party asserting the privilege bears the burden of proving each essential element." *Id*. Plaintiffs argue that the privilege has not been waived under the three prong test described in *United States v. Amlani*. There, the Ninth Circuit held that a Court must first consider "whether the party is asserting the 'privilege as the result of some affirmative act, such as filing suit.'" 169 F.3d 1189, 1195 (9th Cir. 1999) quoting *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995). "Second, the court examines whether 'through this affirmative act, the asserting party puts the privileged information at issue.' Finally, the court evaluates whether 'allowing the privilege would deny the opposing party access to information vital to its defense.'" *Id*. (internal citations omitted).

The parties have each provided a spreadsheet to simplify the issues for the Court. In each, the various exhibits have been assigned MTS (Motion to Seal) numbers. These allow the Court to track the different pages of exhibits, as some exhibits contain both privileged and unprivileged pages. The sheets contain each exhibit listed by content and by any potential objection. Based on the spreadsheets, the Court finds that the following exhibits will be filed under seal, as no objection was specifically made to them: MTS 16-18, 19, 38-61, 140-143, 144, 158, 170-171, 172, 173-180, 181-182, 183, 193, 194, 215, 225-228, 232-234, 235-239, 247-256, 292-294, 295-298, 200-315,

316, 317-319, 320-322, 323-324, 325-331, 332-337, 338-342, 356-359, 360-362, 363-364, 365-366, 367-369, 370-371, 372-373, 382-383, 384, 385-392, 393, 394, 395-396, 397-398, 401, 402-405, 486, 487-488, 489-491, 495, 497-502, 503-505, 501, 514-515, 516-517, 519-520, 521-522, 523-524, 528, 529, 530-532, 541-548, 549-564, 570-571, 572-573, 574, 723, 725-726, 727, 728-729, 736-751, 753-754, 755, 756, 759, 760-762, 763-764, 766, 769-776, 778-779, 780-781, 784, 899-903, 904-905, 915-916, 923-928.

The Court further finds that the following exhibits must be filed on the public record, as the Defendants have withdrawn the motion to seal for these specific exhibits: MTS 1-3, 30-31, 62, 70, 90, 136-139, 184-185, 186-192, 197-200, 201-203, 204-214, 220-221, 260-271, 400, 496, 518, 533-540, 575-576, 579-687, 689-700, 730-735.  The remaining exhibits have been objected to by the Defendants on the grounds that the attorney-client privilege has been waived or that the exhibits are not privileged.

A.      **Waiver due to the use of exhibits during depositions.**

Plaintiff objects to multiple exhibits on the grounds that the attorney-client privilege was waived when the exhibits were used during depositions: MTS 20-22, 26-29, 32-167-169, 346-355, 406-436, 437-485, 752, 765, 777, 782-783, 785-815, 816-818, 819-823, 824-825, 826-898, 909-914, 917-920, 921-922, 937-938, and 946-948.  The Defendants marked these exhibits during the depositions regarding the advice of counsel defense.  The Plaintiffs then filed them on the public record.  Defendants argue that they did not waive the privilege by marking the documents during depositions despite their invocation of the advice of counsel defense.  Defendants also argue that the Plaintiff has contested the legitimacy of the advice of counsel defense, and that the Plaintiff cannot argue that the privileged has been waived without recognizing the legitimacy of the advice of counsel defense.  Defendants are incorrect: they, and not the Plaintiff, have placed the advice of counsel at issue.  They cannot now claim that exhibits regarding the advice of counsel are not privileged.  Defendants waived the privilege by marking the exhibits in the depositions, and those documents must be filed on the public record.

. . .

. . .

**B.     Waiver due to sharing exhibits with outside entities.**

Plaintiff objects to multiple exhibits on the grounds that they were previously shared with outside entities, and are therefore no longer privileged: MTS 4-15, 23-25, 63-66, 67-69, 71-74, 75-85, 86-89, 91-101, 102-105, 107-110, 116, 117-135, 159-161, 195-196, 216-217, 218-219, 222-224, 257-259, 272-291, 381, 506-507, 508-509, 511-512, 525-527, 565-567, 568-569, 701-703, 704-705, 706-721, 724, 767-768, and 953-954.  Defendants argue that all of these documents have been partially disclosed to outside sources, but also include specific information that was never disclosed to an outside entity.  While the Defendants agree that the documents were shared, they claim the exhibits at issue here contain drafts of those documents.  The drafts were never shared with outside entities, and the privilege has not been waived.

**C.     Exhibits that do not contain privileged communications.**

Finally, Plaintiff objects to multiple exhibits on the grounds that the exhibits do not contain privileged communications: MTS 32-37, 63-66, 71-74, 75-85, 86-89, 91-101, 102-105, 106, 107-110, 116, 117-135, 145-146, 147-157, 229-231, 240-246, 343-345, 378-380, 381, 492-494, 513, 706-721, 757-758, 767-768, 906-908, 929-936, 937-938, 939-942, and 943-945.  The Plaintiff claims that these documents do not meet the first prong of the *Graf* test because they do not include or seek legal advice.  Defendants argue that the documents represent the advice of in-house counsel, the work-product of counsel, and the mental impressions of counsel.  The Court finds that these exhibits qualify as privileged because they contain the private communications, advice, and impressions of counsel.  Accordingly,

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

|   |   |
|---|---|
| 1 | **IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Under Seal |
| 2 | (#1546) is **granted in part** and **denied in part**.  The exhibits corresponding with MTS 1-3, 30-31, |
| 3 | 62, 70, 90, 136-139, 184-185, 186-192, 197-200, 201-203, 204-214, 220-221, 260-271, 400, 496, |
| 4 | 518, 533-540, 575-576, 579-687, 689-700, and 730-735 must be filed on the public record, as the |
| 5 | Plaintiff has withdrawn the motion to seal for those exhibits.  The exhibits corresponding with |
| 6 | MTS 20-22, 26-29, 32-167-169, 346-355, 406-436, 437-485, 752, 765, 777, 782-783, 785-815, |
| 7 | 816-818, 819-823, 824-825, 826-898, 909-914, 917-920, 921-922, 937-938, and 946-948 must also |
| 8 | be filed on the public record, because the attorney-client privilege was waived for these exhibits. |
| 9 | **DATED** this 23rd day of September, 2015. |

_____
GEORGE FOLEY, JR.
United States Magistrate Judge