UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEREMY JOHNSON, et al.,<br><br>　　　　Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>ORDER |

## I. INTRODUCTION

Before the Court is Defendants' motion to set aside this Court's February 10, 2011, order granting a preliminary injunction.

The Federal Trade Commission ("FTC") alleges that Defendants have engaged in deceptive and unfair business practices involving misleading websites. On February 10, 2011, the Court entered a preliminary injunction order ("the PI Order") and appointed a receiver ("Receiver") to manage the approximately $300 million of disputed funds the FTC alleges belongs to consumers defrauded by defendants. (*See* dkt. no. 130.) On March 31, 2015, this Court granted partial summary judgment to the FTC. (Dkt. no. 1586.)

Defendants Jeremy Johnson ("Johnson"), Andy Johnson, Loyd Johnson, and Ryan Riddle (collectively referred to as "Defendants") now ask this Court to set aside the PI Order and allow them to access the assets currently in possession of the Receiver. (Dkt. no. 1641.) Defendants offer two arguments in support of their request. First, FTC attorneys committed fraud upon this Court by falsifying affidavits and

intimidating witnesses. Second, the Receiver has acted outside of the scope of his authority, destroyed evidence, and shown favor to the government.

Both the FTC and the Receiver have filed opposition briefs. (Dkt. nos. 1650, 1657.) Defendants filed a reply to both responses. (Dkt. no. 1667.)

For the reasons below, the Court denies Johnson Defendants' motion.

## II.  DISCUSSION

### A.  Fraud on the Court

Courts have the inherent power to vacate judgments obtained by fraud. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This power, however, is exercised with restraint and only utilized when fraud is shown by clear and convincing evidence. *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). The clear and convincing standard is more stringent than the preponderance of evidence standard, but not as demanding as proof beyond a reasonable doubt. *See* 21B C. Wright & K. Graham, Fed. Prac. & Proc. Evid. § 5122 (2d ed.). Clear and convincing evidence should lead the factfinder to believe that a contention is "highly probable." *See Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).

When deciding whether a party's actions constitute fraud on the court, the relevant inquiry is not whether fraudulent conduct "prejudiced the opposing party," but whether it "harm[ed] the integrity of the judicial process." *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir.1989) (internal quotations omitted). Generally, perjury by itself does not rise to the level of fraud on the court, unless it involves "a fraud perpetrated by officers of the court so that the judicial machinery cannot" perform as an impartial forum. *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). "A party bears a high burden in seeking to prove fraud on the court, which must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015) (internal quotations omitted).

Defendants allege that the FTC pressured two witnesses, Devan Partridge and Natasha Lee Bowman, into providing false or misleading declarations to support the

2

FTC's motion for a preliminary injunction. (Dkt. no. 1641 at 10, 14.) Defendants also allege that FTC attorneys swapped out Bowman's declaration for an older declaration which Bowman refused to sign and may have falsified her signature on the declaration filed with this Court. (*Id.* at 13.) If true, these allegations would certainly constitute the type of "grave miscarriage of justice" which would require the Court to set aside a judgment.

Defendants' claims rely solely on declarations from Partridge and Bowman.[1]

### 1. Devan Partridge

Defendants have provided a declaration signed by Devan Partridge on December 27, 2012. (Dkt. no. 1641-1.) This declaration was also attached to Defendants' May 2, 2013, objection to the FTC's motion for a stay of discovery. (Dkt. no. 1000-2.) This is the third declaration that Partridge has provided in the course of this litigation. Partridge's first declaration was prepared in coordination with the FTC and filed in support of the FTC's motion for a temporary restraining order. (Dkt. no 25-1.) His second declaration was prepared in coordination with Johnson and filed with Johnson's opposition to the government's motion to intervene and stay discovery. (Dkt. no. 445-4.) Partridge's third, and most recent, declaration states, among other things, that FTC attorney Collot Guerard threatened him with legal problems and induced him to include untrue statements in his affidavit. (Dkt. no 1641-1 ¶ 5.) The declaration goes on to assert that Guerard eventually drafted an untruthful affidavit and forced Partridge to sign it through threats and intimidation. (*Id.* ¶¶ 10-11.) These statements are similar to statements made in his second declaration. (Dkt. no. 445-4.)

///
///

---

[1] Defendants also cite a YouTube video containing interviews with two people identified as Bowman and Partridge. This video is inadmissible for a number of reasons, the first and most obvious being the Court has no way of knowing whether the speakers are who they purport to be. The video is the only upload from a YouTube user named "FTCinfo." It begins with a photograph of the Statue of Liberty and the words "Citizens for Fairness in Government." Neither FTCinfo nor Citizens for Fairness in Government are identified.

The FTC denies any misconduct and argues that Partridge's most recent declaration is a product of Johnson's own threats and intimidation. (Dkt. no. 1650 at 7.) The FTC points to Partridge's January 25, 2012, grand jury testimony in Johnson's parallel criminal case. During his grand jury testimony, Partridge discussed the creation of his original and second declarations, and clarified his assertions in both. Partridge testified that his original declaration, provided in support of the FTC's motion for a temporary restraining order, was basically true but contained some inaccurate wording. Partridge testified that while he felt pressure to complete a declaration, and do so within a certain timeframe, he did not feel pressure to make any untrue statements. (*Id*. at 37-38.) In fact, Partridge testified that Johnson included inaccurate words and improperly influenced him in the creation of his second declaration. (*Id*. at 38-39.) He further testified that Johnson told him he would make Partridge's life a "living hell" if he did not cooperate. (*Id*. at 43.)

Johnson believes that Partridge's grand jury testimony is consistent with his most recent declaration and supports a finding that his original statements were "falsified and fabricated." (Dkt. no 1667 at 8.)

Viewing Partridge's declarations and grand jury testimony together, the Court finds that Johnson has not provided clear and convincing evidence that the FTC committed fraud in preparing and filing Partridge's original declaration. Johnson's evidence of intimidation is itself undermined by evidence of intimidation. The upshot of Partridge's three declarations and grand jury testimony is anything but clear, but the most coherent reading of his testimony indicates that he does not believe any statements in his first declaration were false.

### 2. Natasha Lee Bowman

Defendants have provided a declaration signed by Natasha Lee Bowman on December 29, 2012. (Dkt. no. 1641-2.) Like Partridge's declaration, Bowman's declaration was also filed earlier in this litigation. (Dkt. no. 1000-3.) Also like Partridge, Bowman originally filed a declaration prepared in coordination with the FTC. (Dkt. no.

4

30-4.) In the most recent declaration, Bowman makes a number of claims including: FTC attorneys told her she would be entitled to 10% of everything seized from Johnson if she helped them (*id.* ¶ 2); FTC attorneys attempted to have her sign an affidavit with untrue statements about a grant she received, but she refused (*id.* ¶ 9); she eventually signed an affidavit which included changes she requested (*id.* ¶ 10); several government agents threatened to kick Bowman out of the witness protection program if she did not testify the way they wanted her to testify (*id.* ¶ 11); the FTC swapped out the affidavit Bowman signed with the affidavit she refused to sign without her knowledge (*id.* ¶ 12); and the affidavit filed by the FTC includes a signature that looks like Bowman's, but Bowman did not sign that document (*id.* ¶ 14).

The FTC responds by providing a declaration from an attorney who represented Bowman when she prepared her original declaration. The attorney states that he believes the affidavit filed by the FTC is the same one he reviewed with Bowman and the same one she signed. (Dkt. no. 1650-1.) The attorney also states that the FTC never mentioned any payment or other consideration for Bowman, and that Bowman was free to refuse to provide an affidavit. (*Id.*) The FTC further argues that Bowman's declaration is not credible on its face because its claims are outlandish and unsupported by any other evidence.

Bowman's most recent declaration, when considered alongside her former attorney's declaration and her own previous statements, does not amount to clear and convincing evidence of fraud. The Court cannot say that it is highly probable that FTC attorneys falsified testimony based only on a disputed declaration.

**B.     Handling of Evidence by the Receiver**

Defendants also ask the Court to set aside its preliminary injunction order because the Receiver has exceeded the scope of his authority, favored the government, tampered with evidence, and falsified documents. (Dkt. no. 1641 at 18-28.) The Receiver denies Johnson's allegations and characterizes his motion as a "baseless and duplicitous personal attack." (Dkt. no 165 at 5.)

5

It is unclear what legal theory Defendants rely upon to connect the Receiver's alleged misconduct with the Court's PI Order. To the extent that Defendants are arguing that the Receiver's conduct also constitutes fraud on the Court, Defendants have failed to provide clear and convincing evidence of "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pizzuto*, 783 F.3d at 1180. Some of Defendants' contentions about the scope of the Receiver's authority have already been presented to the Court and resolved. (Dkt. nos. 288, 490, 546.) Defendants' claims and the Receiver's responses regarding access to emails and the "yellow server" are discovery disputes that are unrelated to the Court's granting of the PI Order. Defendants' remaining claims about bias toward the government are also unrelated to the Court's PI Order. In sum, though Defendants present a number of offensive allegations regarding the Receiver's purported conduct, these allegations are not related to the Court's granting of the PI Order and not properly considered in a motion to set aside judgement for fraud on the court.

## III.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the single remaining issue in Defendants' motion.

It is therefore ordered that Defendants' motion to set aside the preliminary injunction (dkt. no. 1641) is denied.

DATED THIS 12th day of November 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6