# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,           )
         Plaintiff,           )   Case No. 2:10-cv-02203-MMD-GWF
                                )
vs.                                 )   **ORDER**
JEREMY JOHNSON, *et al.*,           )
         Defendants.           )

This matter is before the Court with respect to Jeremy Johnson's Notice of Compliance with Minute Order [DE 1701] (#1713) filed on November 19, 2015 which concerns the identity of the person or persons who assisted Jeremy Johnson in the preparation of his Rule 60(d)(3) motion. As set forth in the Receiver's Motion to Compel Defendant to Disclose Who Provided Substantial Assistance in Connection with Defendant's Rule 60(d)(3) Motion (#1665), and as stated by the Court during the hearing on November 12, 2015, Defendant Johnson's Rule 60(d)(3) motion demonstrates that a person or persons with excellent legal knowledge and legal writing ability, equivalent to that of an experienced and accomplished lawyer, drafted Defendant's motion.

Defendant Johnson is correct that during the November 12th hearing, the Court did not provide him with a precise definition of the term "substantial assistance." Defendant has provided the Court and the parties with a list of 32 individuals "who have provided assistance and/or information both directly and indirectly used in the Rule 60(d)(3) motion." *Notice of Compliance (#1713), pg. 2.* Defendant Johnson's notice is evasive and obviously disguises which of the listed individuals, if any of them, actually drafted his Rule 60(d)(3) motion, in whole or in part, or performed legal research that was used in drafting the motion. Accordingly, the Court clarifies its order granting the Receiver's Motion to Compel (#1665) as follows:

     **IT IS HEREBY ORDERED** that on or before **November 30, 2015 at 5:00 P.M.**, Pacific Time, Jeremy Johnson shall file a statement:

     1. Identifying the name, address and telephone number of each person who drafted, in whole or in part, his Rule 60(d)(3) Motion, or who performed or provided legal research that was used in drafting such motion.

     2. Defendant Johnson shall further describe the legal work that was performed by each identified individual with respect his Rule 60(d)(3) Motion, and shall state whether such person is or was an attorney at law (whether or not currently licensed), law clerk, paralegal, legal secretary or some other type of legal assistant.

     3. Defendant Johnson shall make reasonable inquiry from such persons to obtain information regarding their roles in drafting his Rule 60(d)(3) motion, and their legal qualifications or experience to fully comply with this order.

     4. Defendant Johnson is cautioned that failure to comply, in good faith, with this order shall result in the imposition of sanctions against him.

     DATED this 20th day of November, 2015.

                                               _____
                                               GEORGE FOLEY, JR.
                                             United States Magistrate Judge