UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br>  v.<br>JEREMY JOHNSON, et al.,<br><br>  Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>SECOND AMENDED ORDER |

**I.  SUMMARY**

This Order addresses Defendants' requests for a release of funds held in receivership in order to pay expert witnesses and cover certain trial related costs. Before the Court are Defendants Anthon Holdings Corp., Blue Streak Processing, Inc., Business First, Inc., Cloud Nine Marketing, Inc., Cold Bay Media, Inc., CPA Upsell, Inc., Diamond J Media, Inc., EBusiness Success, Inc., Elite Debit, Inc., Duane Fielding, Funding Success, Inc., Hooper Processing, Inc., I Works, Inc., Internet Economy, Inc., Internet Fitness, Inc., Market Funding Solutions, Inc., Money Harvest, Inc., Monroe Processing, Inc., Net Commerce, Inc., Network Agenda, LLC, Premier Performance, Inc., Pro Internet Services, Inc., Revive Marketing, Inc., Success Marketing, Inc., Summit Processing, Inc., Tran Voyage, Inc., TranFirst, Inc., Unlimited Processing, Inc., eCom Success, Inc., Sharla Johnson, Barbara Johnson, Kerry Johnson, KB Family Limited Partnership, KV Electric, Inc., Orange Cat Investments, LLC, Zibby, LLC, and Zibby Flight Service, LLC's (collectively "Defendants") Motion for Release of Funds to Pay Experts and Trial Expenses ("Motion"). (Dkt. no. 1686.) Defendants Terrason

Spinks and Jet Processing, Inc. ("Spinks") also moved for release of funds for trial and included an additional request for attorney's fees for past services ("Spinks' Motion"). (Dkt. no. 1698.) The FTC and the Court Appointed Receiver filed responses opposing these requests for release of funds (dkt. nos. 1702, 1703, 1711, 1727), and Defendants filed a reply (dkt. no. 1728). For the reasons discussed below, Defendants' Motion is granted in part and denied in part, and Spinks' Motion is denied.

## II.   BACKGROUND

The FTC brought this suit on December 21, 2010, alleging that Defendants engaged in fraudulent online business activities that deceptively enrolled unwitting consumers into memberships for products or services, then charged their credit cards or debit funds without consumer authorization or knowledge. (Dkt. nos. 1, 42.)

On February 10, 2011, the Court entered a preliminary injunction ("PI Order") against Defendants and appointed a receiver to manage the approximately $300 million of disputed funds the FTC alleges belongs to consumers defrauded by Defendants. (Dkt. no. 130.) The Court found that Defendants have likely engaged in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 907(a) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b). The Court further found that the FTC will likely prevail on the merits in this action, that the FTC sufficiently established a likelihood of irreparable harm to consumers in the absence of an injunction order to protect consumer assets involved in Defendants' scheme, and the public interest weighed in favor of immediate court action. The Court subsequently issued a Clarifying Order to clarify and confirm entities that are considered Receivership Defendants and assets that are deemed property of the receivership estate or Receivership Property. (Dkt. no. 897.)

In response to the FTC's motion, the Court granted partial summary judgment in favor of the FTC on four counts — counts II, IV, V and VI — relating to deceptive acts or practices in connection with grant membership websites in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and one count — count X — for violation of Section

907(a) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) as it relates to three of Defendant IWorks' customers. (Dkt. no. 1586.) The Court established a framework for resolving the remaining websites. (*Id.*; dkt. no. 1599.) Trial on the remaining counts is set to begin on January 19, 2016, for an anticipated two weeks in length.  (Dkt. no. 1602.)

## III. DISCUSSION

Defendants and Spinks collectively request an order releasing funds for 1) the payment of expert expenses relating to the trial; 2) accommodation and meal expenses for Defendants' legal team; 3) accommodation and meal expenses for Spinks; and 4) attorney's fees for Spinks. (Dkt. no 1686 at 1-2; dkt. no. 1698.) Defendants estimate that their request will total around $97,500. (Dkt. no. 1686 at 6.) Their request breaks down to $90,000 for trial related expert expenses, $3,827.05 for court reporter charges for depositions of their experts, and $3,640 for two weeks of accommodations and meals for a trial team consisting of four attorneys and one paralegal. (*Id.* at 7.) Spinks' request totals approximately $45,790, which includes $36,000 of attorney's fees, $1,600 of expenses, and $8,190 for accommodations during the trial. (Dkt. no. 1699.)

The FTC and the Receiver urge the Court to deny Defendants' requests in their entirety. The FTC argues that the Court should deny the Motion for many of the same reasons it denied earlier motions seeking a release of funds. (Dkt. no. 1703 at 2.) The Receiver reiterates his concern that a large amount of receivership assets have been illicitly hidden and sold. (Dkt. no 1727 at 3.)

Whether to release funds is a discretionary question for this Court. *See. Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc*., 67 F.3d 766, 775 (9th Cir. 1995). When reviewing district courts' discretionary decisions to release frozen funds, the Ninth Circuit has "recognized the importance of preserving the integrity of disputed assets to ensure that such assets are not squandered by one party to the potential detriment of another*." FSLIC v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990).  To guide its exercise of discretion, the Court adopted the five-factor test that other district

courts have considered: (1) the likelihood that plaintiff will prevail on the merits; (2) whether defense counsel was aware of the possibility that the court might deny or limit attorney fees; (3) the availability of assets for consumer redress; (4) a defendant's access to alternative assets; and (5) the reasonableness of the funds requested for legal fees and living expenses. (Dkt. no. 244 at 4.)

Defendants offer no authority to support their Motion and essentially ignore the test set out in the Court's previous Order. Nor do they argue why the test should not be applied. According to Defendants, whether to grant their request is "a matter for the Court's gut." (Dkt. no. 1686 at 6.)  But this argument ignores the Court's previous Order and Defendants' burden in seeking release of assets subject to the PI and the Clarifying Order.[1] Defendants have failed to persuade the Court that funds should be released for payment of past expenses and anticipated expert witness fees.

As Defendants correctly note, the Court has identified material issues of disputed fact for trial in denying the FTC's motion for summary judgment in part. Defendants' counsel's involvement in this case, where the majority of Defendants are appearing *pro se*, has been effective in presenting counter arguments to the FTC's position and in assisting the Court through the summary judgment process. Given the length of trial, the issues remaining for trial, Defendants' counsel's substantial involvement to date, and the amount of expenses requested, the Court believes it is reasonable to release funds to cover counsel's anticipated accommodation and meal expenses for the trial. Defendants' request of $110 per day for accommodations and $30 per day for meals for a four person legal team for the duration of trial is therefore granted.

Spinks requests $300 per day for three people and past attorney's fees. However, Spinks' counsel's involvement in this case has not been as substantial as that of counsel for Defendants. Spinks has not provided any justifications beyond those

---

[1] Defendants did reply to the FTC's arguments as to why they have failed to satisfy the five-factor test. (Dkt. no. 1728.) However, responding to the FTC's arguments is not enough to meet Defendants' burden to persuade the Court that funds should be released under the test set forth in the Court's previous Order.

4

offered by Defendants, and has therefore failed to persuade the Court that Spinks' Motion should be granted.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of motions for release of funds.

It is therefore ordered that Defendants' motion for release of funds (dkt. no. 1686) is granted in part and denied in part.  It is granted in that funds will be released to cover Defendants' lodging and meal expense of up to $140 per day for a four person legal team for the duration of the trial. It is denied in all other respect.

It is further ordered that Defendants Terrason Spinks and Jet Processing, Inc.'s motion for release of funds (dkt. no. 1698) is denied.

DATED THIS 17th day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE