UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| FEDERAL TRADE COMMISSION, | Case No. 2:10-cv-02203-MMD-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JEREMY JOHNSON, et al., | |
| Defendants. | |

The Court granted summary judgment in favor of the FTC in part with respect to certain grant websites.[1] (Dkt. no. 1586 ("SJ Order").) In support of its motion for summary judgment, the FTC offered over one-hundred exhibits of grant websites. (*Id.* at 4.) The Court decided to address the FTC's arguments in stages. The SJ Order examined a group of twenty website examples. After setting aside one exhibit that was not legible (Exh. 5 of the PI Opposition) and five that were duplicates, the Court found fourteen sites to violate the FTC Act as alleged in Counts II and VI, and twelve of those sites to violate the FTC Act as alleged in Counts IV and V.[2] (*Id.* at 11, 21, 25, 36, 38, 50.) The Court deferred resolution of the remaining sites to give the parties the opportunity to resolve their disagreements.[3] This Order addresses these remaining websites.

---

[1] The terms used herein are the same as those used in the SJ Order.

[2] The Court found that two sites (dkt. no 31-5, Exh. 118 and dkt. no. 66, Exh. 2) presented a close call and denied summary judgment on Counts IV and V with respect to these two sites. (Dkt. no. 1586 at 50.)

[3] The SJ Order deferred four other unresolved issues, which will be addressed in a separate order.

After entry of the SJ Order, the Court directed the parties to meet and confer and submit a list of sites that the FTC contends are similar to the sites considered in the SJ Order and identify where there exists disagreement about this list. (Dkt. no. 1599.)

In an Amended Joint Status Report ("the Report"), the parties identified the grant websites that they stipulate are similar to the sites addressed in the Court's Order. (Dkt. no. 1615 at 1-11.) Accordingly, the Court grants summary judgment in favor of the FTC with respect to these sites on the counts identified in the Report.

In the Report, the parties also dispute whether certain sites are within the scope of the SJ Order with respect to the four counts (Counts II, IV, V and VI) upon which the Court granted summary judgment. (*Id.* at 1615.) The Court has reviewed the parties' briefs relating to the sites that Defendants contend are not similar to the sites examined in the SJ Order. (Dkt. nos. 1635, 1637, 1638.)

The SJ Order explains in details the reasons the Court found the twelve to fourteen sites addressed to be deceptive. Accordingly, the Court will not repeat the reasoning here. Rather, the Court will summarily address the remaining sites.

### 1. Exh. 120

The parties apparently dispute whether the MSJ Order covers Exh. 120. (Dkt. no. 1635 at 4.) The MSJ Order does cover Exh. 120. (Dkt. no. 1586 at 21, 14.) The Court clarifies that summary judgment is granted with respect to Exh. 120 as to Counts II, IV, V and VI.

### 2. Google Websites

The parties dispute whether the SJ Order extends to the Google websites. Counts IV and V are asserted as to all of Defendants' sites marketing and selling "various products or services." (Dkt. no. 1586, citing dkt. no. 83 at 80-81.) The SJ Order did not analyze the Google websites. Defendants do not dispute that the content of these sites reflect what the Court found to be deceptive. (Dkt. no. 1637 at 2.) However, Defendants argue these sites were from Iworks' development server and were not

///

available for viewing by consumers. In light of this dispute, the Court denies summary judgment with respect to the Google websites.

### 3. Incomplete Sites

The Court denies summary judgment with respect to the counts that Defendants contend are outside of the scope of the SJ Order on the following sites. Viewing the evidence in the light most favorable to Defendants, the Court finds that Defendants have demonstrated a disputed issue of fact exists as to whether the referenced exhibits accurately capture the entire site.[4] Summary judgment is denied with respect to the following sites as to Counts IV and V:

    dkt. no. 1266-6, GR 6

    dkt. no. 1389-8 at 17, GR 183

Summary judgment is denied with respect to the following sites as to Counts II, V and IV:

    dkt. no. 1272-4, GR 92

    dkt. no. 1271-5, GR 83

    dkt. no. 1271-6, GR 84

    dkt. no. 1271-7, GR 85

    dkt. no. 1271-8, GR 86

    dkt. no. 1271-9, GR 87

    dkt. no. 1271-10, GR 88

    dkt. no. 1272-1, GR 89

    dkt. no. 1272-2, GR 90

    dkt. no. 1272-3, GR 91

---

[4] Defendants contend that pages appear to be missing from the following exhibits: dkt. no. 1270-7, GR 75; dkt. no. 1270-8, GR 76; dkt. no. 1389-8 at 11, GR 181; and dkt. no. 1389-8 at 14, GR 182. (Dkt. no. 1637-1 at 3-4, 11-12.) The Court disagrees. These exhibits appear to be complete. Even if certain part of the sites may be missing, the referenced exhibits contain the misleading content described in the SJ Order. Moreover, contrary to Defendant's contention, evidence of the trial membership and upsell appear on page 5 of dkt. no. 1270-7.


    dkt. no. 1272-5, GR 93

    dkt. no. 1272-6, GR 94

Summary judgment is denied with respect to the following sites as to Counts II, VI, IV and V:

    dkt. no. 1274-3, GR 114 and dkt. no. 1275-5, GR 116

    dkt. no. 1274-4, GR 115 and dkt. no. 1275-5, GR 116

### 4. Remaining Sites

The Court agrees with Defendants that genuine issue of material fact exists as to whether the following sites violate the FTC Act with respect to the counts in dispute:

    dkt. no. 233-3, GR 66 ( Counts II, VI, IV and V)

    dkt. no. 1268-4, GR50; dkt no. 1268-6, GR 52; dkt. no. 1268-3, GR 49; and dkt. no. 1268-5, GR 51 (Counts IV and V)

    dkt. no. 32-9, Exh. 127 (Counts II, VI and IV)

    dkt. no. 33, Exh. 128 (Counts II, VI and IV)

    dkt. no. 32-3, Exh. 123A (Counts II, VI, IV and V)

The Court agrees with the FTC that the remaining sites identified in the Report fall within the scope of the SJ Order. Accordingly, summary judgment is granted with respect to the remaining sites on the counts in dispute identified in the Report.

### 5. Additional Filings

To assist the Court in tracking the websites at issue in this case, the Court directs the FTC to file two separate charts: (1) a chart of sites that the Court found to violate the FTC Act, including the citation to the exhibits and the counts involved; and (2) a chart of sites that the Court found factual dispute exists, including the citation to the exhibits and identification of the count(s) involved. The FTC is directed to forward a copy of the two

///

///

///

///

charts to Defendants to give them a chance to correct any error. The charts must be filed within fifteen (15) days.

DATED THIS 21st day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5