COLLOT GUERARD
J. RONALD BROOKE, JR.
DOTAN WEINMAN
JODY GOODMAN
ROBERTO ANGUIZOLA
Federal Trade Commission
600 Pennsylvania Avenue, NW, Mail Stop CC-8528
Washington, DC 20580
202-326-3338 (Guerard)
202-326-3484 (Brooke)
202-326-3049 (Weinman)
202-326-3096 (Goodman)
202-326-3284 (Anguizola)
Attorneys for Plaintiff Federal Trade Commission

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

Case No. 2:10-cv-02203-MMD-GWF

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

JEREMY JOHNSON, *et al.*,

    Defendants.

**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND
MONETARY JUDGMENT AS TO DEFENDANT LOYD JOHNSTON**

On December 21, 2010, Plaintiff, the Federal Trade Commission ("FTC" or

"Commission") filed a redacted Complaint for permanent injunction and other relief pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section

917(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c), alleging that

defendants Jeremy Johnson, Duane Fielding, Andy Johnson, Loyd Johnston, Scott Leavitt, Scott

Stipulated Final Order as to Loyd Johnston
*FTC v Jeremy Johnson, et al.*

Muir, Bryce Payne, Kevin Pilon, Ryan Riddle, Terrason Spinks, I Works, Inc., Anthon Holdings Corp., Cloud Nine Marketing, Inc., CPA Upsell, Inc., Elite Debit, Inc., Employee Plus, Inc., Internet Economy, Inc., Market Funding Solutions, Inc., Network Agenda, LLC, Success Marketing, Inc., Big Bucks Pro, Inc., Blue Net Progress, Inc., Blue Streak Processing, Inc., Bolt Marketing, Inc., Bottom Dollar, Inc., Bumble Marketing, Inc., Business First Inc., Business Loan Success, Inc., Cold Bay Media, Inc., Cosmet Discounts, Inc., CS Processing, Inc., Cutting Edge Processing, Inc., Diamond J Media, Inc., Ebusiness First, Inc., Ebusiness Success, Inc., Ecom Success, Inc., Excess Net Success, Inc., Fiscal Fidelity, Inc., Fitness Processing, Inc., Funding Search Success, Inc., Funding Success, Inc., GG Processing, Inc., GGL Rewards, Inc., Highlight Marketing, Inc., Hooper Processing, Inc., Internet Business Source, Inc., Internet Fitness, Inc., Jet Processing, Inc., JRB Media, Inc., Lifestyles For Fitness, Inc., Mist Marketing, Inc., Money Harvest, Inc., Monroe Processing, Inc., Net Business Success, Inc., Net Commerce, Inc., Net Discounts, Inc., Net Fit Trends, Inc., Optimum Assistance, Inc., Power Processing, Inc., Premier Performance, Inc., Pro Internet Services, Inc., Razor Processing, Inc., Rebate Deals, Inc., Revive Marketing, Inc., Simcor Marketing, Inc., Summit Processing, Inc., The Net Success, Inc., Tranfirst, Inc., Tran Voyage, Inc., Unlimited Processing, Inc., and xCel Processing, Inc., have engaged in violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 917(c) of EFTA, 15 U.S.C. § 1693o(c) ("EFTA"), and Section 205.10(b) of Regulation E ("Reg E"), 12 C.F.R. § 205.10(b), in connection with the marketing and sale of Internet-based information products and services.

The Commission and defendant Loyd Johnston ("Johnston") have agreed to the entry of, and request the Court to enter, this Stipulated Final Order for Permanent Injunction and

Monetary Judgment as to Johnston ("Order"), to resolve all matters of dispute in this action between them.

THEREFORE, IT IS STIPULATED, AGREED, AND ORDERED

as follows:

1.  This Court has jurisdiction over the subject matter of this case and over the defendant Johnston;

2.  Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b);

3.  The activities alleged in the Complaint are in or affecting "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4.  The Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b); under Section 917(c) of EFTA, 15 U.S.C. § 1693o(c); and Reg E, 12 C.F.R. § 205.10(b);

5.  Defendant Johnston has entered into this Order freely and without coercion, and he acknowledges that he has read the provisions of this Order and is prepared to abide by them;

6.  This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law;

7.  Defendant Johnston waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order and waives and releases any claim he may have against the Commission, its employees, representatives, or agents, and the Receiver and the Receiver's employees, representatives, or agents;

8.  Defendant Johnston agrees that this Order does not entitle him to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. §

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al*

2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and he further waives any right to attorneys' fees that may arise under said provision of law;

9. Defendant Johnston neither admits nor denies any allegations in the Complaint. Only for purposes of this action, Defendant Johnston admits the facts necessary to establish jurisdiction and as otherwise specifically stated in this Order;

10. This Order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty, or punitive assessment

11. The Court finds that there is no just reason for delay of entry of this Order and that the Order should therefore be entered; and

12. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Affiliate Network"** means any Person who provides Defendant Johnston with Marketing Affiliates for an Affiliate Program or whom Defendant Johnston contracts with as a Marketing Affiliate to promote any Product.

2. **"Affiliate Program(s)"** means any arrangement under which Defendant Johnston pays, offers to pay, or provides or offers to provide any form of consideration to any third party to: (1) provide Defendant Johnston or his Clients with, or refer to Defendant Johnston or his Clients, potential or actual customers; or (2) otherwise market, advertise, or offer for sale any Product on behalf of Defendant Johnston or his Clients.

3. **"Assists others"** or **"Assisting others"** means providing assistance or support to any person or entity, including, but not limited to, providing any of the following services:

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*

4

(1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; (4) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (5) hiring, recruiting, or training personnel; (6) performing promotional or marketing services of any kind; or (7) processing or arranging for processing of credit cards, debit cards, Automated Clearinghouse ("ACH") debits, remotely-created checks, or payments through any other system.

4.   "Clear(ly) and Conspicuous(ly)" or "Clear and Conspicuous" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

a.   In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

b.   A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

c.   An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*

5

d.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

e.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

f.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

g.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

h.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

5.      **"Client"** means any third party to which Defendant Johnston provides any of the services listed in the definition of Assisting others.

6.      **"Continuity Program"** means any plan, arrangement, or system under which a consumer is periodically charged to maintain a service or periodically receive any Product, including, but not limited to, access to a "member only" website.

7.      **"Corporate Defendants"** means I Works, Inc., Anthon Holdings Corp., Cloud Nine Marketing, Inc., CPA Upsell, Inc., Elite Debit, Inc., Employee Plus, Inc., Internet Economy, Inc., Market Funding Solutions, Inc., Network Agenda, LLC, Success Marketing, Inc., Big Bucks Pro, Inc., Blue Net Progress, Inc., Blue Streak Processing, Inc., Bolt Marketing, Inc., Bottom Dollar, Inc., Bumble Marketing, Inc., Business First Inc., Business Loan Success, Inc., Cold Bay Media, Inc., Costnet Discounts, Inc., CS

Stipulated Final Order as to Loyd Johnston
FTC v. Jeremy Johnson, et al

6

Processing, Inc., Cutting Edge Processing. Inc., Diamond J Media, Inc., Ebusiness First.

Inc., Ebusiness Success, Inc., Ecom Success, Inc., Excess Net Success, Inc., Fiscal

Fidelity, Inc., Fitness Processing, Inc., Funding Search Success. Inc., Funding Success,

Inc., GG Processing, Inc., GGL Rewards, Inc., Highlight Marketing, Inc., Hooper

Processing, Inc., Internet Business Source, Inc., Internet Fitness, Inc., Jet Processing,

Inc., JRB Media, Inc., LifeStyles for Fitness, Inc., Mist Marketing, Inc., Money Harvest,

Inc., Monroe Processing, Inc., Net Business Success, Inc., Net Commerce, Inc., Net

Discounts, Inc., Net Fit Trends, Inc., Optimum Assistance, Inc., Power Processing, Inc.,

Premier Performance, Inc., Pro Internet Services, Inc., Razor Processing, Inc., Rebate

Deals, Inc., Revive Marketing, Inc., Simcor Marketing, Inc., Summit Processing, Inc.,

The Net Success, Inc., Tranfirst, Inc., Tran Voyage, Inc., Unlimited Processing, Inc., and

xCel Processing, Inc., and by whatever other names each may be known, and any

subsidiaries, affiliates, any fictitious business entities or business names created or used

by these entities, or any of them, and their successors and assigns.

8.    **"Document"** is synonymous in meaning and equal in scope to the usage of the term in

Federal Rule of Civil Procedure 34(a), and includes writings, drawings. graphs. charts.

Internet sites, Webpages, Websites, electronic correspondence, including e-mail and

instant messages. photographs, audio and video recordings. contracts. accounting data.

advertisements (including, but not limited to, advertisements placed on the World Wide

Web), FTP Logs, Server Access Logs, USENET Newsgroup postings. World Wide Web

pages, books, written or printed records, handwritten notes, telephone logs, telephone

scripts, receipt books, ledgers, personal and business canceled checks and check

registers. bank statements. appointment books, computer records, and other data

Stipulated Final Order as to Loyd Johnston
FTC v. Jeremy Johnson, et al

compilations from which information can be obtained and translated. A draft or

non-identical copy is a separate document within the meaning of the term.

9.    **"Endorsement"** means any advertising message (including verbal statements,

demonstrations, or depictions of the name, signature, likeness or other identifying

personal characteristics of an individual or the name or seal of an organization), which

message consumers are likely to believe reflects the opinions, beliefs, findings, or

experience of a party other than the sponsoring advertiser.

10.    **"Endorser"** means the party whose opinions, beliefs, findings, or experience the

message appears to reflect, and may be an individual, group or institution.

11.    **"Express Verifiable Authorization"** means:

a. Express written authorization by the customer, which includes the customer's

signature, and shall include an electronic or digital form of signature, to the extent

that such form of signature is recognized as a valid signature under applicable federal

law or state contract law;

b. Express oral authorization which is audio-recorded and made available upon request

to the customer, and the customer's bank or other billing entity, and which evidences

clearly both the customer's authorization of payment for the goods or services that

are the subject of the transaction and the customer's receipt of all of the following

information:

(i)    An accurate description, clearly and conspicuously stated, of the goods or

services for which payment authorization is sought;

(ii)    The number of debits, charges, or payments (if more than one);

(iii)    The date(s) the debit(s), charge(s), or payment(s) will be submitted for

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*

payment;

(iv)    The amount(s) of the debit(s), charge(s), or payment(s);

(v)    The customer's name;

(vi)    The customer's billing information, identified with sufficient specificity such that the customer understands what account will be used to collect payment for the goods or services that are the subject of the transaction;

(vii)    A telephone number for customer inquiry that is answered during normal business hours; and

(viii)    The date of the customer's oral authorization; or

c. Written confirmation of the transaction, identified in a Clear and Conspicuous manner as such on the outside of the envelope, sent to the customer via first class mail prior to the submission for payment of the customer's billing information, and that includes all of the information contained in b(i)-(vii) above and a Clear and Conspicuous statement of the procedures by which the customer can obtain a refund in the event the confirmation is inaccurate; *provided however*, that this means of authorization shall not be deemed verifiable in instances in which goods or services are offered in a transaction involving a free-to-pay conversion and preacquired account information.

12.    **"Financial Institution"** means any institution the business of which is engaging in financial activities as described in section 4(k) of the Bank Holding Company Act of 1956 (12 U.S.C. § 1843(k)). An institution that is significantly engaged in financial activities is a Financial Institution.

13.    **"Forced Upsell"** means the automatic bundling of any additional Product with the

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*

9

purchase of a Primary Product.  For purposes of this Order, a Forced Upsell shall include, but not be limited to, any bundled additional Product from which consumers cannot optout, as well as any Upsell that uses a pre-checked checkbox.

14.  **"In Close Proximity"** shall mean for any communication presented solely through visual means: on the same webpage, online service page, mobile device screen, or other electronic page, and immediately adjacent to the cost-related claim and viewable in conjunction with the cost-related claim in such a manner that the communication is viewable without requiring the consumer to scroll up, down, or sideways, or otherwise adjust their browser window or mobile device window in any way.  Representations or disclosures in response to cost-related claims that are accessed or displayed through hyperlinks, pop-ups, interstitials, or other means are NOT "In Close Proximity."

15.  **"Individual Defendants"** means Jeremy Johnson, Duane Fielding, Andy Johnson, Loyd Johnston, Scott Leavitt, Scott Muir, Bryce Payne, Kevin Pilon, Ryan Riddle, and Terrason Spinks.

16.  **"Investment Opportunity"** means anything, tangible or intangible, including a program or plan, that is offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, earnings, profit, or appreciation.

17.  **"I Works Defendant(s)"** means the Corporate Defendants and the Individual Defendants, individually, collectively, or in any combination.

18.  **"Marketing Affiliate"** means any person or entity, including third-party marketers and Affiliate Networks, who participates in an Affiliate Program.

19.  **"Material"** means likely to affect a person's choice of, or conduct regarding, a Product.

20.   **"Material Connection"** means any relationship that materially affects the weight or credibility of any Endorsement and that would not be reasonably expected by consumers.

21.   **"Material Fact"** means any statement that is likely to affect a person's choice of, or conduct regarding, a Product.

22.   **"Merchant Account"** means any account with an acquiring bank or other Financial Institution, service provider, payment processor, independent sales organization, or other entity that enables an individual, a business, or other organization to accept payments of any kind.

23.   **"Negative Option Feature"** means, in an offer or agreement to sell or provide any Product, a provision under which the customer's silence or failure to take an affirmative action to reject a Product or to cancel the agreement is interpreted by the seller or provider as acceptance of the offer.

24.   **"Plaintiff"** or **"Commission"** or **"FTC"** means the Federal Trade Commission.

25.   **"Primary Product"** means the chief or principal Product that is the subject of the marketing materials or sales offers.

26.   **"Product"** means products, goods, and services, and includes online memberships.

27.   **"Representatives"** means Defendant Johnston's agents, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, and those persons in active concert or participation with Defendant Johnston, who receive actual notice of this Order by personal service or otherwise.

28.   **"Sensitive Personal Information"** means nonpublic information concerning an individual consumer, including, but not limited to: Social Security number, in whole or in part; credit and/or debit card information, in whole or in part, including credit and/or

debit card number, expiration date, and transaction detail records; Financial Institution account information or transaction records, in whole or in part, including the ABA routing number, account number, check number, and transaction detail records; and account information or transaction records relating to nontraditional payment systems, such as any telecommunications billing system, PayPal, and BillMeLater.

29. "Upsell" shall mean any Product that is offered to the consumer at the time the consumer purchases the Primary Product.

I.

**CONDUCT PROHIBITIONS**

**IT IS THEREFORE ORDERED** that Defendant Johnston, whether acting directly or through any officer, agent, employee, sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, is hereby permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any Product as a Forced Upsell, or Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any Product as a Forced Upsell;

B. Holding any ownership or other financial interest in any business entity that engages in or Assists others in the advertising, marketing, promoting, offering for sale, or selling any Product as a Forced Upsell;

C. Serving as an officer, director, or manager of any business entity, unless Defendant Johnston actually controls, participates in, or has knowledge of the daily operations of that entity;

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*



D. Acting as a signatory on any account for any business entity unless Defendant

Johnston controls, participates in, or has knowledge of the daily operations of that entity;

and

E. Applying for any Merchant Account for any business entity unless Defendant Johnston

controls, participates in, or has knowledge of the daily operations of that business entity.

*Provided further*, nothing in this Order shall be construed as an exception to this Section

I.

## II.

## PROHIBITED PRACTICES

**IT IS FURTHER ORDERED** that:

A. In connection with the advertising, marketing, promotion, offering for sale, or sale of

any Product, Defendant Johnston and his Representatives, whether acting directly or

through any entity, corporation, subsidiary, division, affiliate, or other device are hereby

restrained and enjoined from:

1.      Making or Assisting others in making, either directly or indirectly, expressly or by

        implication, any false or misleading statement or representation of Material Fact;

2.      Misrepresenting or Assisting others in misrepresenting, either directly or

indirectly, expressly or by implication:

        a.      That government grants are generally available to individuals to pay

                personal expenses;

        b.      That consumers will be able to find government grants to pay personal

                expenses using materials provided by, marketed by, or advertised by

                Defendant Johnston;

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al*

c.  That consumers who purchase an Investment Opportunity provided by, marketed by, or advertised by Defendant Johnston are likely to make money;

d.  The income, earnings, profits, or sales volume likely to be achieved from an Investment Opportunity;

e.  Any Material aspect of a Continuity Program or of a Negative Option Feature including, but not limited to, the fact that the customer's account will be charged unless the customer takes an affirmative action to avoid the charge(s), the date(s) the charge(s) will be submitted for payment, and the specific steps the customer must take to avoid the charge(s);

f.  The total cost to purchase, receive, or use, and the quantity of, any Product that is the subject of the sales offer;

g.  The risks associated with a Product, including that a Product is Risk-Free, Low Risk, or otherwise results in no obligation to the consumer;

h.  Any Material restrictions, limitations, or conditions to purchase, receive, or use any Product that is the subject of the sales offer;

i.  Any Material aspect of the performance, efficacy, nature, or central characteristics of any Product that is the subject of the sales offer;

j.  Any Material aspect of the nature or terms of the seller's refund, cancellation, exchange, or repurchase policies;

k.  The status of any user or Endorser of a Product, including, but not limited to, misrepresenting that the user or Endorser is an independent user or ordinary, unbiased consumer of the Product; or

l.     That consumer Endorsements reflect typical consumer experiences with a

Product;

3.   Failing to disclose Clearly and Conspicuously:

a.     The total cost to purchase, receive, or use any Product that is the subject of

the sales offer;

b.     The total cost to purchase, receive, or use any Product in equal or greater

size and prominence, and In Close Proximity to, any request that

consumers provide their name, address, telephone number, email address,

or any Sensitive Personal Information;

c.     The total cost to purchase, receive, or use any Product subject to the sales

offer, in equal or greater size and prominence, and In Close Proximity to,

any cost-related claim including, but not limited to, any claim that the

Product is "free," has a minimal cost, or is being offered on a trial basis or

at an introductory or limited-time reduced cost;

d.     All Material terms and conditions of any Negative Option Feature

including, but not limited to, the fact that the customer's account will be

charged unless the customer takes an affirmative action to avoid the

charge(s), the date(s) the charge(s) will be submitted for payment, and the

specific steps the customer must take to avoid the charge(s);

e.     All Material terms and conditions of any Negative Option Feature

including, but not limited to, the fact that the customer's account will be

charged unless the customer takes an affirmative action to avoid the

charge(s), the date(s) the charge(s) will be submitted for payment, and the

Stipulated Final Order as to Loyd Johnston
FTC v. Jeremy Johnson, et al.

15

specific steps the customer must take to avoid the charge(s) in equal or greater size and prominence, and In Close Proximity to, any request that consumers provide their name, address, telephone number, email address, or any Sensitive Personal Information;

f.    All Material terms and conditions of any Continuity Plan;

g.    All Material terms and conditions of any Continuity Plan in equal or greater size and prominence, and In Close Proximity to, any request that consumers provide their name, address, telephone number, email address, or any Sensitive Personal Information;

h.    All Material terms and conditions of any Continuity Plan or Negative Option Feature in equal or greater size and prominence, and In Close Proximity to, any cost-related claim including, but not limited to, any claim that a product is "free" or "no cost," if a cost-related claim is made in the course of advertising, offering for sale, or otherwise marketing any Product; and

i.    All Material terms and conditions of any Continuity Program or Negative Option Feature in equal or greater size and prominence, and In Close Proximity to, any claim about risks associated with a Product, including claims that a Product is Risk-Free, Low Risk, or otherwise results in no obligation to the consumer, if

such claim is made in the course of advertising, offering for sale, or otherwise marketing any Product;

Stipulated Final Order as to Loyd Johnston
FTC v. Jeremy Johnson, et al.

16

4.     Failing to disclose Clearly and Conspicuously any other Material information, including, but not limited to:

    a.     The quantity of any Product that is the subject of the sales offer;

    b.     Any Material term or condition including, but not limited to, any restrictions, limitations, or conditions to purchase, receive, or use any Product that is the subject of the sales offer;

    c.     Any Material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for any Product including, but not limited to, if there is a policy of not making refunds, cancellations, exchanges, or repurchases;

    d.     That Endorsers received funds or some other benefit, directly or indirectly, from any individual or entity manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing a Product that is the subject of an Endorsement including, but not limited to, if Endorsers received funds or some other benefit from a non-profit charitable fund that is directly or indirectly associated with any individual or entity manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing a Product that is the subject of an Endorsement, *provided that*, this provision shall not apply where (1) the Endorser is an expert or Person known to a significant portion of the viewing public, and (2) the endorsement appears in an advertisement where payment would be ordinarily expected by viewers; and

e.    Any Material Connection, when one exists, between any user or Endorser and any other individual or entity manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing a Product;

B.    Defendant Johnston and his Representatives, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device are hereby restrained and enjoined from charging or debiting a consumer's bank, credit, or other financial account, or otherwise assessing charges to a consumer, without first obtaining the consumer's Express Verifiable Authorization; and

C.    In connection with applying for or maintaining Merchant Accounts, Defendant Johnston and his Representatives, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device are hereby permanently restrained and enjoined from:

1.    Making or Assisting others in making, expressly or by implication, any false or misleading statement or representation including, but not limited to, any statement or representation concerning the identity of the owner, manager, director, or officer of the applicant for or holder of a Merchant Account, to an acquiring bank or other Financial Institution, service provider, payment processor, independent sales organization, or other entity that enables an individual, a business, or other organization to accept payments of any kind; or

2.    Failing to disclose to an acquiring bank or other Financial Institution, service provider, payment processor, independent sales organization, or other entity that enables an individual, a business, or other organization to accept payments of any kind any Material information related to a Merchant Account including, but not

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*



limited to, the identity of the owner, manager, director, or officer of the applicant for

or holder of a Merchant Account, and any connection between the owner, manager,

director, or officer of the applicant for or holder of a Merchant Account and any third

person who has been or is placed in a Merchant Account monitoring program, had a

Merchant Account terminated by a payment processor or a Financial Institution, or

has been fined or otherwise disciplined in connection with a Merchant Account by a

payment processor or a Financial Institution.

## III.

### PROHIBITION AGAINST VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing,

promotion, offering for sale, or sale of any Product, Defendant Johnston and his Representatives,

whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other

device, are hereby permanently restrained and enjoined from:

A.    Engaging in any recurring debiting of a consumer's account without first

obtaining a valid written pre-authorization for preauthorized electronic fund

transfers from the consumer's account, which pre-authorization is clear and

readily understandable, identifiable as a pre-authorization, and reflects the

consumer's assent, as required by Section 907(a) of EFTA, 15 U.S.C. § 1693e(a),

and Section 205.10(b) of Regulation E, as more fully set out in Section 205.10 of

the Federal Reserve Board's Official Staff Commentary to Regulation E, 12

C.F.R. § 205.10(b) (5) and (6), Supp. I;

B.    Engaging in any recurring debiting of a consumer's account without first

providing a copy of a valid written pre-authorization to the consumer for

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*



preauthorized electronic fund transfers from the consumer's account, which copy
is clear and readily understandable, identifiable as a pre-authorization, and reflects
the consumer's assent, as required by Section 907(a) of EFTA, 15 U.S.C. §
1693e(a), and Section 205.10(b) of Regulation E, as more fully set out in Section
205.10 of the Federal Reserve Board's Official Staff Commentary to Regulation
E, 12 C.F.R. § 205.10(b)(5) and (6), Supp.I; and

C.   Failing to maintain procedures reasonably adapted to avoid an unintentional
failure to obtain a written authorization for preauthorized electronic fund
transfers, as required in Section 205.10(b)(7) of the Federal Reserve Board's
Official Staff Commentary to Regulation E.

## IV.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that monetary judgment is entered in favor of the
Commission and against Defendant Johnston in the amount of **Seven Million Two Thousand
Nine Hundred Sixty Dollars ($7,002,960.00)**, which represents the total unreimbursed
consumer injury caused by the Defendant Johnston's practices alleged in the Complaint,
*provided however*, full payment of the foregoing amount shall be suspended upon satisfaction of
the obligations set forth in paragraph A of this Section, and subject to the conditions set
forth in paragraphs B and C of this Section.

A.   Effective upon the entry of this Order, Defendant Johnston shall surrender to the
Commission all interest he has in funds in any accounts in the names of
defendants Blue Streak Processing, Inc., Business First, Inc., Cold Bay Media,
Inc., Ebusiness Success, Inc., Ecom Success, Inc., Money Harvest, Inc., Monroe



Processing, Inc., Net Commerce, Inc., Premier Performance, Inc., Pro Internet Services, Inc., Revive Marketing, Inc., Summit Processing, Inc., Tran First, Inc., Tran Voyage, Inc., and Unlimited Processing, Inc.

B.   The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Johnston's sworn financial statements and related documents submitted to the Commission, namely the Financial Statement of Defendant Johnston signed on December 26, 2015, including the attachments.

Defendant Johnston and the Commission stipulate that Defendant Johnston's financial representations and testimony, if any, provide the basis for the assets turned over to the FTC in this Order and include material information upon which the Commission relied in negotiating and agreeing to this Order.  Defendant Johnston and the Commission stipulate that the Commission has relied on the truthfulness, accuracy, and completeness of Defendant Johnston's financial representations and any testimony in agreeing to the terms of this Order and that the Commission would not have entered into this Order but for the truthfulness, accuracy, and completeness of Defendant Johnston's financial representations and any testimony.

C.   The suspension of the judgment will be lifted as to Defendant Loyd Johnston if, upon motion by the Commission, the Court finds that Defendant Johnston failed to disclose any material asset, materially misstated the value or any asset, or made any other material misstatement or omission in the financial representations identified above.

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*



D.  If the suspension of the judgment is lifted. the judgment becomes immediately due as to Defendant Johnston in the amount of Seven Million Two Thousand Nine Hundred Sixty Dollars ($7.002,960.00). plus interest computed from the date of entry of this Order.

E.  Defendant Johnston relinquishes dominion and all legal and equitable right. title. and interest in all assets transferred pursuant to the Order and may not seek the return of any assets.

F.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission. including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H.  Defendant Johnston acknowledges that his Social Security Number, which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of the Order, in accordance with 31 U.S.C. § 7701.

I.  Proceedings instituted under this Section are in addition to. and not in lieu of. any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson. et al.*



J.   All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Johnston has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.

## BAN ON USE OF CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendant Johnston and his Representatives are permanently restrained and enjoined from:

A.   Disclosing to any third party, using, or benefitting from consumer information. including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), or would otherwise allow the assessing of a charge against a consumer's account, of any person which the I Works Defendants obtained prior to entry of this Order in connection with the advertising, marketing, promotion, or offering of any Product;

Stipulated Final Order as to Loyd Johnston
*FTC v  Jeremy Johnson, et al.*



B.   Failing to provide to the Receiver such consumer information in all forms that is in Defendant Johnston's possession, custody, or control within five (5) business days after entry of this Order; and

C.   Failing to dispose of such consumer information in all forms that is in Defendant Johnston's possession, custody, or control within fifteen (15) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the consumer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the consumer information cannot practicably be read or reconstructed.

*Provided however,* that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VI.

## MONITORING BY DEFENDANT JOHNSTON

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant Johnston, and his Representatives, in connection with the advertising, marketing, promoting, offering for sale, selling or provision of any Products on or through the Internet, the World Wide Web, or any web page or website, are hereby restrained and enjoined from failing to:

A.   Obtain contact information from any prospective Marketing Affiliate or Client.  In the case of a natural person, Defendant Johnston shall obtain the prospective Marketing Affiliate's or Client's first and last name, physical address, country, telephone number, e-mail address, date of birth, and complete bank account

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*

24

information as to where payments are to be made. In the case of business entities, Defendant Johnston shall obtain the first and last name, physical address, country, telephone number, e-mail address, and date of birth for the natural person who owns, manages, or controls the prospective Marketing Affiliate or Client, and complete bank account information as to where payments are to be made;

B.  Require each Affiliate Network to obtain from its Marketing Affiliates and maintain the identifying information set forth in Subsection A of this Section prior to the Marketing Affiliate's or Affiliate Network's participation in Defendant Johnston's Affiliate Program;

C.  Provide each prospective Marketing Affiliate or Client prior to such prospective Marketing Affiliate's acceptance into Defendant Johnston's Affiliate Program or prior to Defendant Johnston providing services to a prospective Client: (1) a copy of this Order; and (2) a Clear and Conspicuous statement in writing that engaging in acts or practices prohibited by this Order will result in immediate termination of any Marketing Affiliate or Client and forfeiture of all monies received from or owed to the Marketing Affiliate or Client;

D.  Obtain from each prospective Marketing Affiliate or Client prior to such prospective Marketing Affiliate's acceptance into Defendant Johnston's Affiliate Program or prior to Defendant Johnston providing services to a prospective Client a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order;



E.    Routinely monitor any marketing materials, including websites, emails, and pop-ups used by each Marketing Affiliate to advertise, promote, market, offer for sale, or sell any Defendant Johnston Product(s);

F.    Routinely monitor any marketing materials, including websites, emails, and pop-ups used by each Client to advertise, promote, market, offer for sale, or sell any Product(s) for which Defendant Johnston is providing services;

G.    Promptly and completely investigate any complaints received by Defendant Johnston through any source to determine whether any Marketing Affiliate or Client is engaging in acts or practices prohibited by this Order;

H.    Review the sales websites for each Marketing Affiliate advertising, promoting, marketing, offering for sale, or selling any of Defendant Johnston's Product(s) at least once every thirty (30) days to determine whether any Marketing Affiliate is engaging in acts or practices prohibited by this Order;

I.    Review the sales websites advertising, promoting, marketing, offering for sale, or selling each Client's Product for which Defendant Johnston provides services, at least once every thirty (30) days to determine whether any Client is engaging in acts or practices prohibited by this Order;

J.    Immediately halt the processing of any payments or charges generated by any Marketing Affiliate or Client that has engaged in, or is engaging in, acts or practices prohibited by this Order;

K.    Fully refund, within five (5) business days of discovery, any consumer whose account Defendant Johnston has processed a charge against whose sale originated from any Marketing Affiliate or Client that is discovered to have engaged in, or is

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al*

26



engaging in, acts or practices prohibited by this Order since the date of Defendant Johnston's most recent review of the Marketing Affiliate's or Client's marketing materials, including the Marketing Affiliate's or Client's websites; and

L.   Terminate, immediately, any Marketing Affiliate or Client that has engaged in, or is engaging in, acts or practices prohibited by this Order and cease payments to any such person.

*Provided however,* that this Section does not authorize or require Defendant Johnston to take any action that violates any federal, state, or local law.

## VII.

## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint or related to the location of assets or business records of any IWorks Defendant, Defendant Johnston shall cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after three (3) business days written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant Johnston shall appear and provide truthful testimony in any trial, deposition, or other proceeding, or produce or authenticate, if possible, any documents, related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al*



## VIII.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Johnston obtain acknowledgments of receipt of this Order:

A.      Defendant Johnston, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For eight (8) years after entry of this Order, Defendant Johnston, for any business for which he individually or collectively with any other I Works Defendant is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendant Johnston delivered a copy of this Order, Defendant Johnston must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## IX.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Johnston make timely submissions to the Commission:

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al*



A.     One year after entry of this Order, Defendant Johnston must submit a compliance report, sworn under penalty of perjury:

1.     Defendant Johnston must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with him; (b) identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other I Works Defendant (which Defendant Johnston must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how he is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.     Additionally, Defendant Johnston must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant Johnston performs services whether as an employee or otherwise and any entity in which Defendant Johnston has any ownership interest, and (c) describe in detail Defendant Johnston's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For eight (8) years after entry of this Order, Defendant Johnston must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

Stipulated Final Order as to Loyd Johnston
FTC v. Jeremy Johnson, et al.

29

1.    Defendant Johnston must report any change in:  (a) any designated point of contact; or (b) any entity that he has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, Defendant Johnston must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Defendant Johnston must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al*

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission. 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Jeremy Johnson, et al., X110011.

## X.

### RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Johnston must create certain records for eight (8) years after entry of the Order, and retain each such record for five (5) years. Specifically, Defendant Johnston for any business that he, individually or collectively with any other I Works Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. Non-duplicative copies of any advertisement or other marketing material, including web pages, pop ups, email advertisements, and any audio files related to them.

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*

31

Nothing in this Section shall relieve Defendant Johnston of any responsibility under the Section entitled "Monitoring By Defendant Johnston."

## XI.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant Johnston's compliance with this Order, including the financial representations upon which the judgment was suspended:

A.  Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant Johnston must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with Defendant Johnston. Defendant Johnston must permit representatives of the Commission to interview any employee or other person affiliated with Defendant Johnston who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Defendant Johnston or any entity in which he has any ownership interest, or any individual or entity affiliated with Defendant Johnston, without the necessity of

Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al.*

identification or prior notice.  Nothing in this Order limits the Commission's

lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act,

15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer

reporting agency must furnish consumer reports concerning Defendant Johnston,

pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C.

§1681b(a)(1).

## XII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

The parties, and their respective counsel, hereby consent to the terms and conditions of

the Order as set forth above and consent to the immediate entry thereof.


**SO ORDERED,** this 22nd day of February, 2016 at 12:35 p.m., Pacific Standard Time.


MIRANDA M. DU
United States District Judge


Stipulated Final Order as to Loyd Johnston
*FTC v. Jeremy Johnson, et al*

1

STIPULATED AND AGREED TO BY:

2

3

For Defendant Loyd Johnston

4

5

_Defendant Loyd Johnston_                    Date: **1 FEB 2016**

6

7

8

**For Plaintiff Federal Trade Commission:**

9

Collot Guerard                    Date:

10

Collot Guerard                    **February 19, 2016**

J. Ronald Brooke, Jr.

11

Janice L. Kopec

Dotan Weinman

12

Attorneys for Plaintiff

Federal Trade Commission

13

600 Pennsylvania Avenue, NW

Room 286

14

Washington, DC 20580

15

16

17

18

19

20

21

22

23

24

25

26

27

Stipulated Final Order as to Loyd Johnston

28

_FTC v. Jeremy Johnson, et al_

34