UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

Plaintiff,
v.

JEREMY JOHNSON, *et al.*,

Defendants.

Case No. 2:10-cv-02203-MMD-GWF

**STIPULATED FINAL ORDER FOR DISGORGEMENT AS TO RELIEF DEFENDANTS SHARLA JOHNSON; ZIBBY, LLC; ZIBBY FLIGHT SERVICE, LLC; AND ORANGE CAT INVESTMENTS, LLC**

On December 21, 2010, Plaintiff, the Federal Trade Commission ("FTC" or "Commission") filed a redacted Complaint for permanent injunction and other relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 917(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c), alleging that defendants Jeremy Johnson, IWorks, Inc. and numerous other individuals and corporate entities (collectively, "IWorks Defendants") engaged in violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 917(c) of EFTA, and Section 205.10(b) of Regulation E ("Reg E"), 12 C.F.R. § 205.10(b), in connection with the marketing and sale of Internet-based products and services.

On February 25, 2013, the Commission filed its First Amended Complaint ("Amended Complaint") [DE 830], adding allegations that Sharla Johnson and other relief defendants received, or otherwise benefitted from, funds and Assets that are traceable to funds unlawfully

obtained from customers of the IWorks Defendants, and to which the relief defendants have no legitimate claims.

The Commission and Sharla Johnson; Zibby, LLC; Zibby Flight Service, LLC; and Orange Cat Investments, LLC ("S. Johnson Relief Defendants") have agreed to the entry of, and request the Court to enter, this Stipulated Order ("Order"), to resolve all matters of dispute in this action between them.

**THEREFORE, IT IS STIPULATED, AGREED, AND ORDERED**

as follows:

1. This Court has jurisdiction over the subject matter of this case and over the S. Johnson Relief Defendants.
2. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).
3. The activities alleged in the Amended Complaint are in or affecting "commerce" as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.
4. The Amended Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b); under Section 917(c) of EFTA, 15 U.S.C. § 1693o(c); and Reg E, 12 C.F.R. § 205.10(b).
5. The S. Johnson Relief Defendants admit that they received funds or Assets from the IWorks Defendants that the Amended Complaint alleges were the proceeds of the IWorks Defendants' activities.
6. The S. Johnson Relief Defendants have entered into this Order freely and without coercion, and each acknowledges that each has read the provisions of this Order and is prepared to abide by them.
7. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that

may be provided by law.

8. The S. Johnson Relief Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order and waive and release any claim any may have against the Commission, its employees, representatives, or agents, and the Receiver and the Receiver's employees, representatives, or agents.

9. The S. Johnson Relief Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

10. Defendant Jeremy Johnson has surrendered any interest he may have (if any) in all the Assets surrendered by the S. Johnson Relief Defendants under this Order (*see* **Attachment A** to this Order).

11. This Order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty, or punitive assessment.

12. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated

with any payments processed by, or on behalf of, any IWorks Defendant or entities that are under the control of the Receiver pursuant to the Order Granting Motion for Order Clarifying Preliminary Injunction Order [DE 900] including such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

2. **"Commission"** or **"FTC"** means the Federal Trade Commission.

3. **"Corporate Relief Defendants"** means Zibby, LLC; Zibby Flight Service, LLC; and Orange Cat Investments, LLC.

4. **"IWorks Defendants"** means Jeremy Johnson, Ryan Riddle, Scott Leavitt, Bryce Payne, Loyd Johnston, Duane Fielding, Terrason Spinks, Andy Johnson, Kevin Pilon, Scott Muir, and the following corporate defendants:

| | |
|---|---|
| 1) Anthon Holdings Corp. | 32) Internet Economy, Inc. |
| 2) Big Bucks Pro, Inc. | 33) Internet Fitness, Inc. |
| 3) Blue Net Progress, Inc. | 34) IWorks, Inc. |
| 4) Blue Streak Processing, Inc. | 35) Jet Processing, Inc. |
| 5) Bolt Marketing, Inc. | 36) JRB Media, Inc. |
| 6) Bottom Dollar, Inc. | 37) LifeStyles for Fitness, Inc. |
| 7) Bumble Marketing, Inc. | 38) Market Funding Solutions, Inc |
| 8) Business First Inc. | 39) Mist Marketing, Inc. |
| 9) Business Loan Success, Inc. | 40) Money Harvest, Inc. |
| 10) Cloud Nine Marketing, Inc. | 41) Monroe Processing, Inc. |
| 11) Cold Bay Media, Inc. | 42) Net Business Success, Inc. |
| 12) Costnet Discounts, Inc. | 43) Net Commerce, Inc. |
| 13) CPA Upsell, Inc. | 44) Net Discounts, Inc. |
| 14) CS Processing, Inc. | 45) Net Fit Trends, Inc. |
| 15) Cutting Edge Processing, Inc. | 46) Network Agenda, LLC |
| 16) Diamond J Media, Inc. | 47) Optimum Assistance, Inc. |
| 17) Ebusiness First, Inc. | 48) Power Processing, Inc. |
| 18) Ebusiness Success, Inc. | 49) Premier Performance, Inc. |
| 19) Ecom Success, Inc. | 50) Pro Internet Services, Inc. |
| 20) Elite Debit, Inc. | 51) Razor Processing, Inc. |
| 21) Employee Plus, Inc. | 52) Rebate Deals, Inc. |
| 22) Excess Net Success, Inc. | 53) Revive Marketing, Inc. |
| 23) Fiscal Fidelity, Inc. | 54) Simcor Marketing, Inc. |
| 24) Fitness Processing, Inc. | 55) Success Marketing, Inc. |

| | |
|---|---|
| 25) Funding Search Success, Inc. | 56) Summit Processing, Inc. |
| 26) Funding Success, Inc. | 57) The Net Success, Inc. |
| 27) GG Processing, Inc. | 58) Tranfirst, Inc. |
| 28) GGL Rewards, Inc. | 59) Tran Voyage, Inc. |
| 29) Highlight Marketing, Inc. | 60) Unlimited Processing, Inc. |
| 30) Hooper Processing, Inc. | 61) xCel Processing, Inc. |
| 31) Internet Business Source, Inc. | |

5. **"Receiver"** means Robb Evans & Associates, the receiver appointed by the Court's Preliminary Injunction entered on February 10, 2011 [DE 130].

6. **"S. Johnson Relief Defendants"** means Sharla Johnson; Zibby, LLC; Zibby Flight Service, LLC; and Orange Cat Investments, LLC.

## I.

## MONETARY JUDGMENT FOR DISGORGEMENT

**IT IS ORDERED** that a judgment for disgorgement of the following Assets is entered in favor of the Commission and against the S. Johnson Relief Defendants, jointly and severally, as equitable monetary relief: (1) The real property that is 529 South Woodsview Circle, St. George, UT 84770, including all fixtures and (2) all Assets of the Corporate Relief Defendants, including any of the funds obtained by the Receiver through the liquidation of an Asset of the Corporate Relief Defendants. The Commission accepts these disgorged assets in their current condition without any warranty as to title, liens, encumbrances that currently exist on the property and the S. Johnson Relief Defendants shall not do any act to spoil, waste or otherwise decrease the current value of the property disgorged herein nor allow any other person or entity to do so.

A. Within (5) days of the entry of this Order or before July 31, 2016, whichever is later:

1. Sharla Johnson and Zibby, LLC shall surrender to the Commission all control, title, dominion, claims, and interest in the real property located at 529 South Woodsview Circle, St. George, UT 84770, and

2. The Corporate Relief Defendants shall surrender to the Commission all control, title, dominion, claims, and interest in all Assets of the Corporate Relief Defendants, including all Corporate Relief Defendant Assets in the custody, possession, or control of the Receiver;

B. To the extent they are not already in the possession of the Receiver, the S. Johnson Relief Defendants and Jeremy Johnson shall deliver possession to the Receiver of the Assets identified in this Section. The S. Johnson Relief Defendants and Jeremy Johnson relinquish dominion and all legal and equitable right, title, and interest in all the Assets surrendered pursuant to this Order and may not seek the return of any surrendered Assets. The S. Johnson Relief Defendants and Jeremy Johnson shall cooperate fully with the Receiver or the Receiver's designee to facilitate the surrender of the Assets under this Order, including executing documents and providing information the Receiver or the Receiver's designee may deem necessary to execute the transfer to a full completion.

C. The Receiver shall, as soon as practicable, commence the sale of the Assets surrendered pursuant to this Order using a commercially-reasonable procedure. The Receiver shall hold the surrendered Assets, and the proceeds from the sale of these Assets, for future transfer to the Commission in accordance with further instructions from the Court.

D. The S. Johnson Relief Defendants and Jeremy Johnson shall take all steps necessary to cooperate with and not interfere in any way with the Receiver or the Receiver's

designee in the marketing and sale of the S. Johnson Relief Defendants' Assets and shall not add any encumbrances on the S. Johnson Relief Defendants' Assets.

E. The facts alleged in the Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or surrender of Assets pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

F. The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

G. The S. Johnson Relief Defendants and Jeremy Johnson acknowledge that Sharla Johnson's Social Security Number, Jeremy Johnson's Social Security Number, and the Tax Identification Numbers for Zibby, LLC; Zibby Flight Service, LLC; and Orange Cat Investments, LLC, which the S. Johnson Relief Defendants and Jeremy Johnson previously submitted to the Commission and the Receiver, may be used for collecting and reporting on any delinquent amount arising out of the Order, in accordance with 31 U.S.C. § 7701.

H. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

I. All Assets or funds ultimately surrendered to the Commission pursuant to this Order and further instructions from the Court may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or

money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the IWorks Defendants' practices alleged in the Amended Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. The S. Johnson Relief Defendants and Jeremy Johnson have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection

**II.**

**LIMITED LIFTING OF ASSET FREEZE**

**IT IS FURTHER ORDERED** that the Asset freeze imposed by the February 10, 2011 Preliminary Injunction Order [DE 130] and the March 25, 2013 Order Granting Motion for Order Clarifying Preliminary Injunction Order [DE 900] (the "Asset Freeze") is modified to permit the payments and transfers required by Section I (Monetary Judgment for Disgorgement) of this Order. Upon completion of the payments and transfers required by Section I of this Order, the Asset Freeze is dissolved as to the S. Johnson Relief Defendants, Chief Longtail, Inc., and Quilted Works, Inc. The Asset Freeze remains in full force and effect as to all remaining non-settling corporate defendants.

**III.**

**ACKNOWLEDGMENT OF RECEIPT OF ORDER**

**IT IS FURTHER ORDERED** that each S. Johnson Relief Defendant, within seven (7) days of the entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

A. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by

concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

B. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Jeremy Johnson, et al*—S. Johnson Relief Defendants, X-11-0011.

**IV.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED,** this 24th day of August 2016, at 10:50, Pacific Daylight Time.

MIRANDA M. DU
United States District Judge

**STIPULATED AND AGREED TO BY:**

**For Relief Defendant Sharla Johnson**

Sharla Johnson individually Date: 5/24/16

**For Relief Defendant Zibby LLC**

Sharla Johnson as owner and officer of Zibby, LLC Date: 5/24/16

**For Relief Defendant Zibby Flight Service, LLC**

Sharla Johnson as owner and officer of Zibby Flight, LLC Date: 5/24/16

**For Relief Defendant Orange Cat Investments, LLC**

Sharla Johnson as owner and officer of Orange Cat Investments, LLC Date: 5/24/16

______________________________ Date:

Karra J. Porter
Phillip E. Lowry, Jr.
Sara E. Spencer
CHRISTENSEN & JENSEN, P.C
And Kelly H. Macfarlane
KELLY H. MACFARLANE, PLLC
Attorneys for the S. Johnson Relief Defendants

**STIPULATED AND AGREED TO BY:**

**For Relief Defendant Sharla Johnson**

_______________________________ Date:
Sharla Johnson individually

**For Relief Defendant Zibby LLC**

_______________________________ Date:
Sharla Johnson as owner and officer of Zibby, LLC

**For Relief Defendant Zibby Flight Service, LLC**

_______________________________ Date:
Sharla Johnson as owner and officer of Zibby Flight, LLC

**For Relief Defendant Orange Cat Investments, LLC**

_______________________________ Date:
Sharla Johnson as owner and officer of Orange Cat Investments, LLC

Karra Porter Date: 5/26/16
Karra J. Porter
Phillip E. Lowry, Jr.
Sara E. Spencer
CHRISTENSEN & JENSEN, P.C
And Kelly H. Macfarlane
KELLY H. MACFARLANE, PLLC
Attorneys for the S. Johnson Relief Defendants

**For Plaintiff Federal Trade Commission:**

Collot Guerard Date: August 1, 2016

Collot Guerard
J. Ronald Brooke, Jr.
Dotan Weinman
Jody Goodman
Robert Anguizola
Attorneys for Plaintiff
Federal Trade Commission
600 Pennsylvania Ave. NW
Mailstop CC-8528
Washington, DC 20580

## ATTACHMENT A

1. My name is Jeremy Johnson and I am a defendant in the litigation styled *FTC v. Jeremy Johnson, et al.* No. 10-cv-2203-MMD (GWF) (D. Nev), and the husband of Sharla Johnson who is a relief defendant in this litigation.

2. I hereby surrender to Robb Evans & Associates, the Receiver appointed by the Preliminary Injunction entered in *FTC v. Jeremy Johnson, et al.* No. 10-cv-2203-MMD (GWF) (D. Nev) [DE 130], and relinquish any interest I may have (if any), in the property located at 529 South Woodsview Circle, St. George, UT, 84770.

3. I commit not to seek the return of the property listed in Paragraph 2.

4. I hereby surrender to the Receiver, and relinquish any interest I may have (if any), in the following limited liability corporations: Zibby, LLC; Zibby Flight Service, LLC; and Orange Cat Investments, LLC; and in any Assets and funds of these limited liability corporations. I commit not to seek the return of these limited liability corporations and their Assets and funds.

5. I will cooperate fully with the Receiver to facilitate the surrender of the assets under the Stipulated Final Order for Disgorgement as to Relief Defendants Sharla Johnson; Zibby, LLC; Zibby Flight Service, LLC; and Orange Cat Investments, LLC (the "S. Johnson Disgorgement Order"), including executing documents and providing information the Receiver or the Receiver's designee may deem necessary to execute the transfer to a full completion.

6. I will take all steps necessary to cooperate with and not interfere in any way with the Receiver or the Receiver's designee in the marketing and sale of the Assets transferred to the Receiver under the S. Johnson Disgorgement Order and will not add any encumbrances on these Assets.

7. I hereby acknowledge that my Social Security Number, and the Tax Identification Numbers for Zibby, LLC; Zibby Flight, LLC; and Orange Cat Investments, LLC, which I previously submitted to the Commission and the Receiver, may be used for collecting and reporting on any delinquent amount arising out of the S. Johnson Disgorgement Order, in accordance with 31 U.S.C. § 7701.

8. I hereby commit not to challenge any actions the Federal Trade Commission or its representatives may take pursuant to the Disgorgement Order.

Jeremy D. Johnson

Date: May 23, 2016