UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, *et al.*,<br><br>Defendants. | Case No. 2:10-cv-02203-MMD-GWF<br><br>ORDER |

**ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS TERRASON SPINKS AND JET PROCESSING, INC.**

On August 18, 2017, following a bench trial in this matter, the Court found Defendant Terrason Spinks and his company, Defendant Jet Processing, Inc., liable for violations of Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and of Section 917(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c). *Amended Findings of Fact and Conclusions of Law* (ECF No. 2020). The Court held that the Commission is entitled to a permanent injunction against Terrason Spinks and Jet Processing, Inc., and determined that the amount of consumer injury caused by the deceptive scheme at issue in this case is $280,911,870, for which Terrason Spinks and Jet Processing, Inc. are jointly and severally liable. *Id.* The terms of the injunction and the monetary judgment are provided below.

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

1.     **"Affiliate Network"** means any Person who provides Terrason Spinks or Jet Processing, Inc. with Marketing Affiliates for an Affiliate Program or with whom Terrason Spinks or Jet Processing, Inc. contract with as a Marketing Affiliate to promote

1

any Product.

2. **"Affiliate Program(s)"** means any arrangement under which Terrason Spinks or Jet Processing, Inc. pay, offer to pay, or provide or offer to provide any form of consideration to any third party to: (1) provide Terrason Spinks or Jet Processing, Inc. or a Client of Terrason Spinks or Jet Processing, Inc. with, or refer to Terrason Spinks or Jet Processing, Inc., or a Client of Terrason Spinks or Jet Processing, Inc., potential or actual customers; or (2) otherwise market, advertise, or offer for sale any Product on behalf Terrason Spinks or Jet Processing, Inc. or a Client of Terrason Spinks or Jet Processing, Inc.

3. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant or entities that are under the control of the Receiver pursuant to the Order Granting Motion for Order Clarifying Preliminary Injunction Order (ECF No. 900), including such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

4. **"Assists Others"** or **"Assisting Others"** means providing assistance or support to any Person, including providing any of the following services: (1) performing customer service functions including receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; (4) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (5) hiring, recruiting, or training personnel; (6) performing promotional or marketing services of any kind; or (7) processing or arranging for processing of credit cards, debit cards, Automated

2

Clearinghouse (ACH) debits, remotely-created checks, or payments through any other system.

5.    **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

a.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

b.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

c.    An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

d.    In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

e.    The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

f.    The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

/ / /

3

g.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

h.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

6.      **"Client"** means any third party to which Terrason Spinks or Jet Processing, Inc. provide any of the services listed in the definition of Assisting Others.

7.      **"Commission"** or **"FTC"** means the Federal Trade Commission.

8.      **"Continuity Program"** means any plan, arrangement, or system under which a consumer is periodically charged to maintain a service or periodically receive any Product including access to a "member only" website.

9.      "**Corporate Defendants"** means

| | |
|---|---|
| 1) Anthon Holdings Corp. | 32) Internet Economy, Inc. |
| 2) Big Bucks Pro, Inc. | 33) Internet Fitness, Inc. |
| 3) Blue Net Progress, Inc. | 34) IWorks, Inc. |
| 4) Blue Streak Processing, Inc. | 35) Jet Processing, Inc. |
| 5) Bolt Marketing, Inc. | 36) JRB Media, Inc. |
| 6) Bottom Dollar, Inc. | 37) LifeStyles for Fitness, Inc. |
| 7) Bumble Marketing, Inc. | 38) Market Funding Solutions, Inc. |
| 8) Business First Inc. | 39) Mist Marketing, Inc. |
| 9) Business Loan Success, Inc. | 40) Money Harvest, Inc. |
| 10) Cloud Nine Marketing, Inc. | 41) Monroe Processing, Inc. |
| 11) Cold Bay Media, Inc. | 42) Net Business Success, Inc. |
| 12) Costnet Discounts, Inc. | 43) Net Commerce, Inc. |
| 13) CPA Upsell, Inc. | 44) Net Discounts, Inc. |
| 14) CS Processing, Inc. | 45) Net Fit Trends, Inc. |
| 15) Cutting Edge Processing, Inc. | 46) Network Agenda, LLC |
| 16) Diamond J Media, Inc. | 47) Optimum Assistance, Inc. |
| 17) Ebusiness First, Inc. | 48) Power Processing, Inc. |
| 18) Ebusiness Success, Inc. | 49) Premier Performance, Inc. |
| 19) Ecom Success, Inc. | 50) Pro Internet Services, Inc. |
| 20) Elite Debit, Inc. | 51) Razor Processing, Inc. |
| 21) Employee Plus, Inc. | 52) Rebate Deals, Inc. |
| 22) Excess Net Success, Inc. | 53) Revive Marketing, Inc. |
| 23) Fiscal Fidelity, Inc. | 54) Simcor Marketing, Inc. |
| 24) Fitness Processing, Inc. | 55) Success Marketing, Inc. |
| 25) Funding Search Success, Inc. | 56) Summit Processing, Inc. |
| 26) Funding Success, Inc. | 57) The Net Success, Inc. |
| 27) GG Processing, Inc. | 58) Tranfirst, Inc. |

| 28) GGL Rewards, Inc. | 59) Tran Voyage, Inc. |
|---|---|
| 29) Highlight Marketing, Inc. | 60) Unlimited Processing, Inc. |
| 30) Hooper Processing, Inc. | 61) xCel Processing, Inc. |
| 31) Internet Business Source, Inc. | |

10. **"Defendants"** means Jeremy Johnson, Ryan Riddle, Scott Leavitt, Bryce Payne, Loyd Johnston, Duane Fielding, Terrason Spinks, Andy Johnson, Kevin Pilon, Scott Muir, and the Corporate Defendants.

11. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in

Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Webpages, Websites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

12. **"Endorsement"** means any advertising message (including verbal statements, demonstrations, or depictions of the name, signature, likeness or other identifying personal characteristics of an individual or the name or seal of an organization), which message consumers are likely to believe reflects the opinions, beliefs, findings, or experience of a party other than the sponsoring advertiser.

13. **"Endorser"** means the party whose opinions, beliefs, findings, or experience the message appears to reflect, and may be an individual, group or institution.

14. **"Express Verifiable Authorization"** means:

a. Express written authorization by the customer, which includes the customer's signature, and shall include an electronic or digital form of

5

signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law;

b.     Express oral authorization which is audio-recorded and made available upon request to the customer, and the customer's bank or other billing entity, and which evidences clearly both the customer's authorization of payment for the goods or services that are the subject of the transaction and the customer's receipt of all of the following information:

(i)     An accurate description, Clearly and Conspicuously stated, of the goods or services for which payment authorization is sought;

(ii)     The number of debits, charges, or payments (if more than one);

(iii) The date(s) the debit(s), charge(s), or payment(s) will be submitted for payment;

(iv) The amount(s) of the debit(s), charge(s), or payment(s);

(v)     The customer's name;

(vi) The customer's billing information, identified with sufficient specificity such that the customer understands what account will be used to collect payment for the goods or services that are the subject of the transaction;

(vii) A telephone number for customer inquiry that is answered during normal business hours; and

(viii) The date of the customer's oral authorization; or

c.     Written confirmation of the transaction, identified in a Clear and Conspicuous manner as such on the outside of the envelope, sent to the customer via first class mail prior to the submission for payment of the customer's billing information, and that includes all of the information contained in b(i)-(vii) above and a Clear and Conspicuous statement of the procedures by which the customer can obtain a refund in the event the

confirmation is inaccurate; *provided however*, that this means of authorization shall not be deemed verifiable in instances in which goods or services are offered in a transaction involving a free-to-pay conversion and Preacquired Account Information.

15.   **"Financial Institution"** means any institution the business of which is engaging in financial activities as described in section 4(k) of the Bank Holding Company Act of 1956 (12 U.S.C. § 1843(k)). An institution that is significantly engaged in financial activities is a Financial Institution.

16.   **"Forced Upsell"** means the automatic bundling of any additional Product with the purchase of a Primary Product. For purposes of this Order, a Forced Upsell shall include any bundled additional Product from which consumers cannot opt out, as well as any Upsell that uses a pre-checked checkbox.

17.   **"Grant Product"** means any Product, including a plan or program, that is represented, directly or by implication, to assist a consumer in any manner in obtaining a grant or similar financial assistance from the government or any other source.

18.   **"In Close Proximity"** shall mean for any communication presented solely through visual means: on the same webpage, online service page, mobile device screen, or other electronic page, and immediately adjacent to the cost-related claim and viewable in conjunction with the cost-related claim in such a manner that the communication is viewable without requiring the consumer to scroll up, down, or sideways, or otherwise adjust their browser window or mobile device window in any way. Representations or disclosures in response to cost-related claims that are accessed or displayed through hyperlinks, pop-ups, interstitials, or other means are NOT "In Close Proximity."

19.   **"Investment Opportunity"** means anything, tangible or intangible, including a program or plan, that is offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, earnings, profit, or appreciation.

20. **"Marketing Affiliate"** means any Person, including third-party marketers and Affiliate Networks, who participates in an Affiliate Program.

21. **"Material"** means likely to affect a Person's choice of, or conduct regarding, a Product.

22. **"Merchant Account"** means any account with an acquiring bank or other Financial Institution, service provider, payment processor, independent sales organization, or other entity that enables an individual, a business, or other organization to accept payments of any kind.

23. **"Negative Option Feature"** means, in an offer or agreement to sell or provide any Product, a provision under which the customer's silence or failure to take an affirmative action to reject a Product or to cancel the agreement is interpreted by the seller or provider as acceptance of the offer.

24. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

25. **"Preacquired Account Information"** means any information that enables a seller to cause a charge to be placed against a consumer's account without obtaining the account number directly from the consumer during the transaction pursuant to which the account will be charged.

26. **"Primary Product"** means the chief or principal Product that is the subject of the marketing materials or sales offers.

27. **"Product"** means products, goods, and services, and includes online memberships.

28. **"Receiver"** means Robb Evans & Associates, the receiver appointed by the Court's Preliminary Injunction entered on February 10, 2011 [ECF 130].

29. **"Sensitive Personal Information"** means nonpublic information concerning an individual consumer including: Social Security number, in whole or in part; credit and/or debit card information, in whole or in part, including credit and/or debit card

8

number, expiration date, and transaction detail records; Financial Institution account information or transaction records, in whole or in part, including the ABA routing number, account number, check number, and transaction detail records; and account information or transaction records relating to nontraditional payment systems, such as any telecommunications billing system, PayPal, and BillMeLater.

30. **"Upsell"** shall mean any Product that is offered to the consumer at the time the consumer purchases the Primary Product.

## I. CONDUCT PROHIBITIONS

It is therefore ordered that Terrason Spinks and Jet Processing, Inc. and their representatives, agents, employees, and attorneys, and all other persons in active concert or participation with one or both of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any Grant Product or Assisting Others engaged in advertising, marketing, promoting, offering for sale, or selling any Grant Product;

B. Advertising, marketing, promoting, offering for sale, or selling any Investment Opportunity or Assisting Others engaged in advertising, marketing, promoting, offering for sale, or selling any Investment Opportunity;

C. Advertising, marketing, promoting, offering for sale, or selling any Product in which consumers will be entered into a Continuity Program or that has a Negative Option Feature, or Assisting Others engaged in advertising, marketing, promoting, offering for sale, or selling any Product in which consumers will be entered into a Continuity Program or that has a Negative Option Feature;

D. Advertising, marketing, promoting, offering for sale, or selling any Product as a Forced Upsell, or Assisting Others engaged in advertising, marketing, promoting, offering for sale, or selling any Product as a Forced Upsell;

9

E. Holding any ownership or other financial interest in any business entity that:

    1. Engages in or Assists Others in the advertising, marketing, promoting, offering for sale, or selling of any Grant Product;

    2. Engages in or Assists Others in the advertising, marketing, promoting, offering for sale, or selling of any Investment Opportunity;

    3. Engages in or Assists Others in the advertising, marketing, promoting, offering for sale, or selling any Product in which consumers will be entered into a Continuity Program or that has a Negative Option Feature; or

    4. Engages in or Assists Others in the advertising, marketing, promoting, offering for sale, or selling any Product as a Forced Upsell;

F. Serving as an officer, director, or manager of any business entity, unless Terrason Spinks actually controls, participates in, or has general knowledge of the daily operations of that entity;

G. Acting as a signatory on any account for any business entity unless Terrason Spinks controls, participates in, or has general knowledge of the daily operations of that entity; and

H. Applying for any Merchant Account for any business entity unless Terrason Spinks controls, participates in, or has general knowledge of the daily operations of that business entity.

## II. PROHIBITED PRACTICES

It is further ordered that:

A. Terrason Spinks and Jet Processing, Inc. and their representatives, agents, employees, and attorneys, and all other Persons in active concert or participation with one or both of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any Product, are hereby permanently restrained and enjoined from:

10

1. Making or Assisting Others in making, either directly or indirectly, expressly or by implication, any false or misleading statement or representation of any statement that is likely to affect a Person's choice of, or conduct regarding, a Product;

2. Misrepresenting or Assisting Others in misrepresenting, either directly or indirectly, expressly or by implication:

  a. The total cost to purchase, receive, or use, and the quantity of, any Product that is the subject of the sales offer;

  b. The risks associated with a Product, including that a Product is Risk-Free, Low Risk, or otherwise results in no obligation to the consumer;

  c. Any Material restrictions, limitations, or conditions to purchase, receive, or use any Product that is the subject of the sales offer;

  d. Any Material aspect of the performance, efficacy, nature, or central characteristics of any Product that is the subject of the sales offer;

  e. Any Material aspect of the nature or terms of the seller's refund, cancellation, exchange, or repurchase policies;

  f. The status of any user or Endorser of a Product, including misrepresenting that the user or Endorser is an independent user or ordinary, unbiased consumer of the Product; or

  g. That consumer Endorsements reflect typical consumer experiences with a Product;

3. Failing to disclose Clearly and Conspicuously:

  a. The total cost to purchase, receive, or use any Product that is the subject of the sales offer;

/ / /

b. The total cost to purchase, receive, or use any Product in equal or greater size and prominence, and in Close Proximity to, any request that consumers provide their name, address, telephone number, email address, or any Sensitive Personal Information; or

c. The total cost to purchase, receive, or use any Product subject to the sales offer, in equal or greater size and prominence, and in Close Proximity to, any cost-related claim including any claim that the Product is "free," has a minimal cost, or is being offered on a trial basis or at an introductory or limited-time reduced cost;

4. Failing to disclose Clearly and Conspicuously any other Material information including:

a. The quantity of any Product that is the subject of the sales offer;

b. Any Material term or condition including any restrictions, limitations, or conditions to purchase, receive, or use any Product that is the subject of the sales offer;

c. Any Material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for any Product including if there is a policy of not making refunds, cancellations, exchanges, or repurchases;

d. That Endorsers received funds or some other benefit, directly or indirectly, from any individual or entity manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing a Product that is the subject of an Endorsement including if Endorsers received funds or some other benefit from a non-profit charitable fund that is directly or indirectly

associated with any individual or entity manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing a Product that is the subject of an Endorsement, *provided that*, this provision shall not apply where (1) the Endorser is an expert or Person known to a significant portion of the viewing public, and (2) the endorsement appears in an advertisement where payment would be ordinarily expected by viewers; and

    e.    Any relationship that materially affects the weight or credibility of any Endorsement and that would not be reasonably expected by consumers, when one exists, between any user or Endorser and any other individual or entity manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing a Product;

B.    Terrason Spinks and Jet Processing, Inc. and their representatives, agents, employees, and attorneys, and all other persons in active concert or participation with one or both of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any Product, are hereby permanently restrained and enjoined from charging or debiting a consumer's bank, credit, or other financial account, or otherwise assessing charges to a consumer, without first obtaining the consumer's Express Verifiable Authorization; and

C.    In connection with applying for or maintaining Merchant Accounts, Terrason Spinks and Jet Processing, Inc. and their representatives, agents, employees, and attorneys, and all other persons in active concert or participation with one or both of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

1.  Making or Assisting Others in making, expressly or by implication, any false or misleading statement or representation including any statement or representation concerning the identity of the owner, manager, director, or officer of the applicant for or holder of a Merchant Account, to an acquiring bank or other Financial Institution, service provider, payment processor, independent sales organization, or other entity that enables an individual, a business, or other organization to accept payments of any kind; or

2.  Failing to disclose to an acquiring bank or other Financial Institution, service provider, payment processor, independent sales organization, or other entity that enables an individual, a business, or other organization to accept payments of any kind any Material information related to a Merchant Account including the identity of the owner, manager, director, or officer of the applicant for or holder of a Merchant Account, and any connection between the owner, manager, director, or officer of the applicant for or holder of a Merchant Account and any third Person who has been or is placed in a Merchant Account monitoring program, had a Merchant Account terminated by a payment processor or a Financial Institution, or has been fined or otherwise disciplined in connection with a Merchant Account by a payment processor or a Financial Institution.

## III. PROHIBITION AGAINST VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT

It is further ordered that Terrason Spinks and Jet Processing, Inc. and their representatives, agents, employees, and attorneys, and all other persons in active concert or participation with one or both of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any Product, are hereby permanently restrained and enjoined:

14

A. Engaging in any recurring debiting of a consumer's account without first obtaining a valid written pre-authorization for preauthorized electronic fund transfers from the consumer's account, which pre-authorization is clear and readily understandable, identifiable as a pre-authorization, and reflects the consumer's assent, as required by Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, as more fully set out in Section 205.10 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b) (5) and (6), Supp. I;

B. Engaging in any recurring debiting of a consumer's account without first providing a copy of a valid written pre-authorization to the consumer for preauthorized electronic fund transfers from the consumer's account, which copy is clear and readily understandable, identifiable as a pre-authorization, and reflects the consumer's assent, as required by Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, as more fully set out in Section 205.10 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b) (5) and (6), Supp. I; and

C. Failing to maintain procedures reasonably adapted to avoid an unintentional failure to obtain a written authorization for preauthorized electronic fund transfers, as required in Section 205.10(b)(7) of the Federal Reserve Board's Official Staff Commentary to Regulation E.

## IV. MONETARY JUDGMENT

It is further ordered that monetary judgment is entered in favor of the Commission and against Terrason Spinks and Jet Processing, Inc., jointly and severally, in the amount of $280,911,870, which represents the unreimbursed consumer injury caused by Defendants.

A. Terrason Spinks and Jet Processing, Inc. are ordered to pay the Commission $280,911,870, less any amounts paid by any other Defendant.

| | |
|---|---|
| 1 | Terrason Spinks and Jet Processing, Inc. must pay the judgment within sixty |
| 2 | (60) days of the entry of this Order, via wire transfer in accordance with |
| 3 | instructions provided by a representative of the Commission. |

B.    All Assets or funds paid to the Commission in satisfaction of the judgment pursuant to this Order and further instructions from the Court may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Amended Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Terrason Spinks and Jet Processing, Inc. have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.    FINANCIAL DISCLOSURES

It is further ordered that Terrason Spinks, within thirty (30) days of the issuing of this Order, must prepare and deliver to Commission counsel: (a) a completed individual financial statement on the form attached to this Order as Attachment A (Financial Statement of Individual Defendant); and (b) completed corporate financial statements on the form attached to this Order as Attachment B (Corporate Financial Statement), for each business entity (1) under which Terrason Spinks conducts business, (2) of which he is an officer, or (3) over which he exerts direct or indirect control. Terrason Spinks must include in the individual and corporate financial statements a full accounting of all Assets, whether located inside or outside of the United States, that are: (a) titled in his name individually, jointly, or severally; (b) held by any Person for his benefit; or (c) under his direct or indirect

control.

## VI.   BAN ON USE OF CONSUMER INFORMATION

It is further ordered that Terrason Spinks and Jet Processing, Inc. and their representatives, agents, employees, and attorneys, and all other persons in active concert or participation with one or both of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A.   Disclosing to any third party, using, or benefitting from consumer information, including the name, address, telephone number, e-mail address, Social Security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), or would otherwise allow the assessing of a charge against a consumer's account, of any Person which Terrason Spinks or Jet Processing, Inc. obtained prior to entry of this Order in connection with the advertising, marketing, promotion, or sale of any Product;

B.   Failing to provide to the Receiver such consumer information in all forms that is in Terrason Spinks or Jet Processing, Inc.'s possession, custody, or control within fourteen (1) business days after entry of this Order; and

C.   Failing to dispose of such consumer information in all forms that is in Terrason Spinks or Jet Processing, Inc.'s possession, custody, or control within forty-five (45) days after either 1) entry of a final Order closing this case or 2) receipt of written direction to do so from a representative of the FTC. Disposal shall be by means that protect against unauthorized access to the consumer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the consumer information cannot practicably be read or reconstructed.

*Provided, however*, that consumer information need not be disposed of, and may be

disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VII. MONITORING BY TERRASON SPINKS

It is further ordered that, for a period of eight (8) years from the date of entry of this Order, Terrason Spinks and his representatives, agents, and employees, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, selling, or provision of any Products on or through the Internet, the World Wide Web, or any web page or website, are hereby permanently restrained and enjoined from failing to:

A.  Obtain contact information from any prospective Marketing Affiliate or Client. In the case of a natural person, Terrason Spinks shall obtain the prospective Marketing Affiliate's or Client's first and last name, physical address, country, telephone number, e-mail address, date of birth, and complete bank account information as to where payments are to be made. In the case of business entities, Terrason Spinks shall obtain the first and last name, physical address, country, telephone number, e-mail address, and date of birth for the natural person who owns, manages, or controls the prospective Marketing Affiliate or Client, and complete bank account information as to where payments are to be made;

B.  Require each Affiliate Network to obtain from its Marketing Affiliates and maintain the identifying information set forth in Subsection A of this Section prior to the Marketing Affiliate's or Affiliate Network's participation in any Terrason Spinks Affiliate Program;

C.  Provide each prospective Marketing Affiliate or Client prior to such prospective Marketing Affiliate's acceptance into any Terrason Spinks Affiliate Program or before Terrason Spinks providing services to a prospective Client: (1) a copy of this Order; and (2) a Clear and

18

Conspicuous statement in writing that engaging in acts or practices prohibited by this Order will result in immediate termination of any Marketing Affiliate or Client and forfeiture of all monies received from or owed to the Marketing Affiliate or Client;

D. Obtain from each prospective Marketing Affiliate or Client prior to such prospective Marketing Affiliate's acceptance into any Terrason Spinks Affiliate Program or prior to providing services to a prospective Client a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order;

E. Routinely monitor all marketing materials, including websites, e-mails, and pop-ups used by each Marketing Affiliate to advertise, promote, market, offer for sale, or sell any Terrason Spinks Product(s);

F. Routinely monitor all marketing materials, including websites, e-mails, and pop-ups used by each Client to advertise, promote, market, offer for sale, or sell any Product(s) for which Terrason Spinks is providing services;

G. Promptly and completely investigate all complaints received by Terrason Spinks, directly or indirectly, through any source to determine whether any Marketing Affiliate or Client is engaging in acts or practices prohibited by this Order;

H. Review the sales websites for each Marketing Affiliate advertising, promoting, marketing, offering for sale, or selling any Terrason Spinks Product(s) at least once every thirty (30) days to determine whether any Marketing Affiliate is engaging in acts or practices prohibited by this Order;

I. Review the sales websites advertising, promoting, marketing, offering for sale, or selling each Client's Product for which Terrason Spinks provides services at least once every thirty (30) days to determine whether any Client is engaging in acts or practices prohibited by this Order;

J.    Immediately halt the processing of any payments or charges generated by any Marketing Affiliate or Client that has engaged in, or is engaging in, acts or practices prohibited by this Order;

K.    Fully refund, within five (5) business days of discovery, any consumer whose account Terrason Spinks has processed a charge against whose sale originated from any Marketing Affiliate or Client that is discovered to have engaged in, or is engaging in, acts or practices prohibited by this Order since the date of the most recent review by Terrason Spinks of the Marketing Affiliate's or Client's marketing materials, including the Marketing Affiliate's or Client's websites; and

L.    Terminate, immediately, any Marketing Affiliate or Client that has engaged in, or is engaging in, acts or practices prohibited by this Order and cease payments to any such Person.

*Provided, however*, that this Section does not authorize or require Terrason Spinks to take any action that violates any federal or state law.

## VIII.   ORDER ACKNOWLEDGMENTS

It is further ordered that:

A.    Terrason Spinks and Jet Processing, Inc., within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For eight (8) years after entry of this Order, Terrason Spinks for any business that he owns, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry

20

of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Terrason Spinks or Jet Processing, Inc. delivered a copy of this Order, Terrason Spinks and Jet Processing, Inc. must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

It is further ordered that Terrason Spinks and Jet Processing, Inc. make timely submissions to the Commission:

A. One year after entry of this Order, Terrason Spinks and Jet Processing, Inc. must submit a compliance report, sworn under penalty of perjury, as follows:

1. Terrason Spinks must: (a) identify the primary physical, postal, and e-mail address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with him; (b) identify all of Terrason Spinks' businesses by all of their names, telephone numbers, and physical, postal, e-mail, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Terrason Spinks must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how he is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Terrason Spinks must: (a) identify all telephone numbers and all physical, postal, e-mail and Internet addresses, including all residences; (b) identify all business activities, including

21

any business for which Terrason Spinks performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including his title, role, responsibilities, participation, authority, control, and any ownership.

B.    For eight (8) years after entry of this Order, Terrason Spinks must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.    Terrason Spinks must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Terrason Spinks has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, Terrason Spinks must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Terrason Spinks must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within fourteen (14) days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a representative of the Commission in writing, all submissions to the Commission pursuant to this Order must be e-mailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin FTC *v. Jeremy Johnson, et al*—Terrason Spinks, X-11-0011.

**X    RECORDKEEPING**

It is further ordered that Terrason Spinks must create certain records for eight (8) years after entry of the Order, and retain each such record for five (5) years. Specifically, Terrason Spinks, for any business in which he, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must create and retain the following records:

A.  Accounting records showing the revenues from all goods and services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.  Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name, addresses, and telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  Non-duplicate copies of any advertisement or other marketing material, including web pages, pop ups, e-mail advertisements, and any audio files

23

1      related to them.

2 **XI   COMPLIANCE MONITORING**

3      It is further ordered that, for the purpose of monitoring Terrason Spinks and Jet

4 Processing, Inc.'s compliance with this Order:

5      A.    Within fourteen (14) days of receipt of a written request from a

6      representative of the Commission, Terrason Spinks must: submit additional

7      compliance reports or other requested information, which must be sworn

8      under penalty of perjury; appear for depositions; and produce documents,

9      for inspection and copying. The Commission is also authorized to obtain

10      discovery, without further leave of court, using any of the procedures

11      prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic

12      depositions), 31, 33, 34, 36, 45, and 69;

13      B.    For matters concerning this Order, the Commission is authorized to

14      communicate directly with Terrason Spinks. Terrason Spinks must permit

15      representatives of the Commission to interview any employee or other

16      Person affiliated with him or any of his businesses who has agreed to such

17      an interview. The Person interviewed may have counsel present;

18      C.    The Commission may use all other lawful means, including posing, through

19      its representatives, as consumers, suppliers, or other individuals or entities,

20      to Terrason Spinks, or any individual or entity affiliated with him, without the

21      necessity of identification or prior notice. Nothing in this Order limits the

22      Commission's lawful use of compulsory process pursuant to Sections 9 and

23      20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1; and

24      D.    Upon written request from a representative of the Commission, any

25      consumer reporting agency must furnish consumer reports concerning

26      Terrason Spinks, pursuant to Section 604(1) of the Fair Credit Reporting

27      Act, 15 U.S.C. § 1681(b)(1).

28 / / /

**XII    RETENTION OF JURISDICTION**

It is further ordered that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

DATED THIS 24th day of 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

# Attachment A

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.


**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1. Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | | State Issued |
|---|---|---|---|
| | Phone Numbers<br>Home: (  )<br>Fax: (  ) | Date of Birth:  /  /<br>(mm/dd/yyyy) | |
| | | Place of Birth | |

☐Rent ☐Own      From (Date):  /  /
(mm/dd/yyyy)

E-Mail Address

Internet Home Page

#### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From:  /  /<br>(mm/dd/yyyy)   Until:  /  /<br>(mm/dd/yyyy) |
|---|---|
| | ☐Rent ☐Own |
| Address | From:  /  /   Until:  /  / |
| | ☐Rent ☐Own |
| Address | From:  /  /   Until:  /  / |
| | ☐Rent ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2. Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br> /  /<br>(mm/dd/yyyy) |
|---|---|---|
| Address (if different from yours) | Phone Number<br>(  ) | Place of Birth |
| | ☐Rent ☐Own    From (Date):  /  /<br>(mm/dd/yyyy) | |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3. Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br> /  /<br>(mm/dd/yyyy) |

### Item 4. Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(  ) |
|---|---|

Initials: _____

## Item 5. Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/ /<br>(mm/dd/yyyy) |
| | Relationship | |

## Item 6. Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year)<br>/ | To (Month/Year)<br>/ | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year)<br>/ | To (Month/Year)<br>/ | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br>20 | Income<br>$<br>$ |
| Ownership Interest? ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year)<br>/ | To (Month/Year)<br>/ | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7. Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory. **Note:** At Item 12, list lawsuits that resulted in final judgments or settlements in your favor. At Item 21, list lawsuits that resulted in final judgments or settlements against you.

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Item 8. Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include ALL assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9. Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit. The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

a. Amount of Cash on Hand  $        Form of Cash on Hand

| b.  Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10. Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds. Also list any U.S. savings bonds.

| Owner of Security | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |

| Owner of Security | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |

| Owner of Security | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|
| Broker House, Address | Broker Account No. | | |
| | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials: _____

## Item 11. Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12. Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13. Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14. Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
|---|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ | |

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. | |
|---|---|---|---|---|
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ | |

Initials: _____

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|---|---|---|
| | $ | /  / |
| | $ | /  / |
| | $ | /  / |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials: _____

## Item 18.  Real Property
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|
| | | |

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|
| | | |

| Acquisition Date (mm/dd/yyyy) / / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

# LIABILITIES

## Item 19.  Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20.  Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

## Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/    /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/    /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

# OTHER FINANCIAL INFORMATION

## Item 22.  Trusts and Escrows
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /    / | | | $ |
| | /    / | | | $ |
| | /    / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

## Item 23.  Transfers of Assets
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /    / | |
| | | $ | /    / | |
| | | $ | /    / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24. Document Requests
Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted in the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes. You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22. Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

### Item 25. Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

### Item 26. Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

| Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.) | | | |
|---|---|---|---|
| Distributions from Trusts and Estates Source: | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements Source: | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | $ |
| **Other Income (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| Total Income | $ | Total Expenses | $ |

## ATTACHMENTS

### Item 27.  Documents Attached to this Financial Statement
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____

(Date)

_____

Signature

# Attachment B

**FEDERAL TRADE COMMISSION**

**CORPORATE FINANCIAL STATEMENT**

---

**Instructions**:

1.  Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.  The font size within each field will adjust automatically as you type to accommodate longer responses.

3.  In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors.

4.  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.  Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.  Type or print legibly.

7.  An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

---

# BACKGROUND INFORMATION

**Item 1.**          **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**          **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**          **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**  **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |


**Item 5.**  **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |


**Item 6.**  **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

Initials _____

**Item 7.**       **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

|                Name & Address                | Business Activities | % Owned |
| -------------------------------------------- | ------------------- | ------- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**       **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
| ----------------- | ----------------------- | ------------------- | ------- |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**       **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

|            Name and Address            | Relationship | Business Activities |
| -------------------------------------- | ------------ | ------------------- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 10.**     **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 11.**     **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 12.**     **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Initials _____

<u>**Item 13.**</u>     **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

## Item 14.    Current Lawsuits Filed Against the Corporation

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 15.**        **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____


**Item 16.**        **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |


## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**        **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

**Item 18.**     **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

**Item 19.**     **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------|------|------|------|------|
| Gross Revenue | $_____ | $_____ | $_____ | $_____ |
| Expenses | $_____ | $_____ | $_____ | $_____ |
| Net Profit After Taxes | $_____ | $_____ | $_____ | $_____ |
| Payables | $_____ | | | |
| Receivables | $_____ | | | |

**Item 20.**     **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**Item 21.**    **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**    **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**     **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**     **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Initials _____

## Item 25.      Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


## Item 26.      Monetary Judgments and Settlements Owed By the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**      **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**      **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

<u>Name of Credit Card or Store</u>         <u>Names of Authorized Users and Positions Held</u>

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

**Item 29.**      **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

Initials _____

**Item 30.**       **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**       **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g., Loan, Gift*) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

**Item 32.**     **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                   Signature


                                         _____
                                         Corporate Position